UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No. 2:26-cv-01990-MWC-SK Date: March 24, 2026

Title: Ifeoma Chukwurah v. Midland Mortgage *et al.*

Present: The Honorable Michelle Williams Court, United States District Judge

| T. Jackson | Not Reported |
|---|---|
| Deputy Clerk | Court Reporter / Recorder |

| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants: |
|---|---|
| N/A | N/A |

**Proceedings: (IN CHAMBERS) ORDER DENYING PLAINTIFF'S THIRD *EX PARTE* APPLICATION FOR TEMPORARY RESTRAINING ORDER (DKT. [20] [22])**

Before the Court is Plaintiff Ifeoma Chukwurah's ("Plaintiff") third *ex parte* application (the "Application") seeking a temporary restraining order ("TRO") preventing Defendants Midland Mortgage, MidFirst Bank, and Midland Mortgage Investors Trust (collectively, "Defendants") from foreclosing on her home.[1] *See* Dkt. # 20 ("*Third TRO App.*"). For the reasons set forth below, the Court **DENIES** the Application.

I. Background

On March 5, 2026, Plaintiff filed an *ex parte* application requesting the same relief she now seeks. *See* Dkt. # 13. The Court denied that request for two reasons. *See* Dkt. # 15 ("*First TRO Denial*"). First, the Court explained that it was "not clear to the Court that Plaintiff's case would be irreparably prejudiced if the Court heard the motion according to regularly noticed motion procedures." *See id.* 3. Second, the Court noted that "even assuming *arguendo* that Plaintiff's case would be irreparably prejudiced if the Court heard the motion according to regularly noticed motion procedures, Plaintiff has not shown that she is without fault in creating the crisis that requires *ex parte* relief." *See id.* 4. The

[1] Plaintiff contends that she "does not seek ex parte relief through this motion," but requests only "that the Court issue an expedited ruling on pending matters through the Court's regular motion procedures due to the imminent foreclosure deadline." *See App.* 1–2. Because *ex parte* applications are the means by which Plaintiff can receive expedited relief, the Court construes Plaintiff's "emergency motion" as such.

Court incorporates the facts outlined in its first order denying Plaintiff's *ex parte* application for a TRO. *See id.*

On March 17, 2026, Plaintiff filed a second *ex parte* application requesting the same relief. *See* Dkt. # 18. The Court denied that application because Plaintiff had still failed to explain why she was not at fault in creating the need for *ex parte* relief. *See* Dkt. # 19 ("*Second TRO Denial*"). The Court also explained that "although [it did] not reach this issue, Plaintiff has not shown that the Court has jurisdiction to interfere with an ongoing foreclosure proceeding." *See id.* 1.

On March 18, 2026, Plaintiff filed a motion to expedite the ruling on her pending *in forma pauperis* application and preliminary injunction. *See Third TRO App.* She explains that she delayed seeking relief with the Court because she attempted to utilize alternative means, both through Defendants' internal processes and federal programs. *See id.* 3. As to jurisdiction, Plaintiff refers to her claims under the Fair Housing Act as the basis for providing jurisdiction. *See id.* 7–8.

## II. Legal Standard

### A. *Ex Parte* Applications

"Circumstances justifying the issuance of an ex parte order are extremely limited." *Reno v. Air Racing Ass'n, Inc. v. McCord*, 452 F.3d 1126, 1131 (9th Cir. 2006) (quoting *Granny Goose Foods, Inc. v. Teamsters*, 415 U.S. 423, 438–39 (1974)). "Consistent with [the Supreme Court's] overriding concern, courts have recognized very few circumstances justifying the issuance of an ex parte TRO." *Id.* (discussing parties' failure to provide notice under Fed. R. Civ. P. 65(b)).

In this District, *ex parte* applications are solely for extraordinary relief and are rarely justified. *Mission Power Eng'g Co. v. Cont'l Cas. Co.*, 883 F. Supp. 488, 490 (C.D. Cal. 1995). A party filing an *ex parte* application must support its request for emergency relief with "evidence . . . that the moving party's case will be irreparably prejudiced if the underlying motion is heard according to regularly noticed motion procedures," and a showing "that the moving party is without fault in creating the crisis that requires ex parte relief, or that the crisis occurred as a result of excusable neglect." *Id.* at 492. "Ex parte

applications are not intended to save the day for parties who have failed to present requests when they should have." *Id.* at 493 (internal quotation marks omitted).

B. Temporary Restraining Orders

Federal Rule of Civil Procedure ("Rule") 65 grants district courts the power to issue injunctions and restraining orders. Issuance of a TRO, as a form of preliminary injunctive relief, is an extraordinary remedy, and the applicant for such a remedy bears the burden of proving its propriety. *See Mazurek v. Armstrong*, 520 U.S. 968, 972 (1997). In general, the showing required for a TRO and a preliminary injunction are the same. *Stuhlbarg Int'l Sales Co., Inc. v. John D. Brush & Co., Inc.*, 240 F.3d 832, 839 n.7 (9th Cir. 2001). The applicant for a TRO must show that: (1) she is likely to succeed on the merits; (2) she is likely to suffer irreparable harm absent the injunction; (3) the balance of equities tips in her favor; and (4) an injunction is in the public interest. *Winter v. Nat. Res. Def. Council, Inc.*, 555 U.S. 5, 20 (2008); *Meinecke v. City of Seattle*, 99 F.4th 514, 521 (9th Cir. 2024). "In the Ninth Circuit, a plaintiff may also prove a TRO is warranted by raising 'serious questions going to the merits.'" *NML Cap., Ltd. v. Spaceport Sys. Int'l, L.P.*, 788 F. Supp. 2d 1111, 1125 (C.D. Cal. 2011) (quoting *All. for the Wild Rockies v. Cottrell*, 632 F.3d 1127, 1132 (9th Cir. 2011)).

III. Discussion

Because Plaintiff's request to prevent foreclosure on her home is the basis for seeking expedited relief, the Court will analyze only that requested relief here.[2]

Even if the Court accepts that Plaintiff has satisfied the *Mission Power* factors, she has not shown a serious question going to the merits of whether the Court can grant her requested relief. Plaintiff's complaint relies on two federal statutes: the Real Estate Settlement Procedures Act ("RESPA") and the Fair Housing Act ("FHA"). *See generally* Dkt. # 1 ("*Compl.*"). Plaintiff's request that the Court prevent the foreclosure of her home is one for injunctive relief, and "RESPA does not provide for injunctive relief . . . ." *See Falcocchia v. Saxon Mortg., Inc.*, 709 F. Supp. 2d 873, 887 (E.D. Cal. 2010).

[2] Plaintiff makes much of the Court's failure to rule on her *in forma pauperis* application, but a delay in ruling on that application does not preclude the Court from granting the requested injunctive relief. Accordingly, the Court need not decide the IFP application on an expedited basis.

As to the Fair Housing Act, Plaintiff's complaint offers insufficient detail to show a serious question going to the merits of her request for injunctive relief. She refers to a "serious medical hardship and disability-related limitations affecting her ability to resume or increase mortgage payments," without any additional detail as to what her disability entails. *See Compl.* ¶ 16. Such general allegations are insufficient to plead a disability under 42 U.S.C. § 3602(h). *Cf. Cardena v. Haynes Fam. of Programs, Inc.*, No. 5:20-cv-00367-RGK-SHK, 2020 WL 3628660, at *2 (C.D. Cal. Mar. 30, 2020).

As to the FHA's remaining requirements, Plaintiff must also show that the requested accommodation was a reasonable one. *See Johnson v. Raven Wood Homeowners Assoc.*, No. 3:24-cv-05087-TLF, 2025 WL 1018034, at *4 (W.D. Wash. Apr. 4, 2025). Plaintiff has not provided any authority suggesting that relief from mortgage payments constitutes a reasonable accommodation, *see generally Third TRO App*, and the Court does not understand this relief to be a reasonable accommodation of the kind that the FHA contemplates, *see Johnson v. Birks Props., LLC*, No. 21-CV-01380-GPC-DEB, 2022 WL 104736, at *4 (S.D. Cal. Jan. 11, 2022) (explaining that disability "'[d]iscrimination' under the FHA includes a failure to make reasonable accommodations in rules, policies, practices, or services, when such accommodations 'may be necessary to use and enjoy a dwelling.'" (quoting 42 U.S.C. § 3604(f)(3)(B))). Accordingly, Plaintiff has not shown a serious question going to the merits of her claim for injunctive relief under the FHA, depriving the Court of grounds to prevent foreclosure.

## IV. Conclusion

For the foregoing reasons, the Court **DENIES** the Application.

Plaintiff is advised that the Court has pro se clinics available to assist persons who represent themselves. The pro se clinic in Los Angeles is administered by a non-profit law firm, Public Counsel, not by the court. Pro se litigants may submit an online application to request services from the Los Angeles Federal Pro Se Clinic on the website, https://prose.cacd.uscourts.gov/los-angeles, or contact Public Counsel directly by phone at (213) 385-2977 or by clicking the link on the website.

**IT IS SO ORDERED.**

:

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No. 2:26-cv-01990-MWC-SK Date: March 24, 2026

Title: Ifeoma Chukwurah v. Midland Mortgage *et al.*

TJ

**Initials of Preparer**