UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

IFEOMA CHUKWURAH,
 Plaintiff,

v.

MIDLAND MORTGAGE (servicer name as used in communications),
a division of MIDFIRST BANK,

MIDFIRST BANK,

MIDLAND MORTGAGE INVESTORS TRUST,

and DOES 1–20,

Defendants.

**Case No.:**  2:26-cv-01990-MWC-SK

**DECLARATION OF IFEOMA CHUKWURAH IN SUPPORT OF EMERGENCY MOTION FOR TRO, PRELIMINARY INJUNCTION, AND FRCP 5.2(e)(1) PROTECTIVE ORDER**

(Adjudication on the Briefing Papers Without Oral Argument Requested Pursuant to C.D. Cal. L.R. 7-15)

I, Ifeoma Chukwurah, declare as follows:

1. I am the Plaintiff in this action, proceeding pro se, and I am the legal homeowner of the real property asset designated by Assessor's Parcel Number (APN) 4052-024-086, which serves as my primary residence. I have personal knowledge of the facts stated herein.

Chukwurah v. Midland Mortgage et al.

2. On December 26, 2025, Defendants, through their agent Quality Loan Service Corporation, recorded a Notice of Default against my property title as Instrument No. 20250938820, tracking an inflated default balance of $101,898.96.

3. This foreclosure mechanism was launched while my loan modification and loss-mitigation applications were actively pending, and while Midland's internal Case Escalation Unit was under a written research extension window running through February 20, 2026.

4. Since March 2026, new material injuries have manifested. Defendants have placed restrictions on my active borrower portal, clouding my ability to review monthly account statements, tax forms, or processing adjustments.

5. My mortgage obligation is an FHA-insured loan backed by federal insurance parameters.

6. I am a registered nurse currently experiencing severe health limitations, chronic fatigue, and shortness of breath (SOB). I serve as the primary caregiver for my dependent mother, requiring mandatory, uninterrupted 24/7 bedside safety monitoring inside our home.

7. Unannounced property visits by corporate inspectors, or the public indexation of our physical street address, age, and marital status on search networks, directly compromises our physical safety, home stability, and caregiving environment.

8. I have attempted in good faith to resolve service and tracking issues, while the record reflects that Defendants failed to file a timely responsive answer by their statutory July 1, 2026 deadline, choosing instead to file untimely without leave on July 2, 2026 (Dkt. 82).

9. I request that a temporary restraining order and protective order issue to freeze the foreclosure tracker, protect our absolute residential privacy identifiers under FRCP 5.2(e)(1), and maintain the status quo without a bond requirement while this lawsuit is resolved on its merits.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed on July 9, 2026, at Los Angeles, California.

Declaration In Support of Emergency PI & TRO — Page 2 of 3

Chukwurah v. Midland Mortgage et al.

**/s/ Ifeoma Chukwurah**

Ifeoma Chukwurah, R.N.

Plaintiff, Pro Se