UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No. 2:26-cv-01990-MWC-SK Date: July 13, 2026

Title: Ifeoma Chukwurah v. Midland Mortgage, *et al.*

Present: The Honorable Michelle Williams Court, United States District Judge

| T. Jackson | Not Reported |
| --- | --- |
| Deputy Clerk | Court Reporter / Recorder |
| Attorneys Present for Plaintiffs: N/A | Attorneys Present for Defendants: N/A |

**Proceedings: (IN CHAMBERS) ORDER DENYING PLAINTIFF'S EMERGENCY *EX PARTE* APPLICATION FOR TEMPORARY RESTRAINING ORDER AND REQUEST FOR A PROTECTIVE ORDER (DKT. [91]) AND STRIKING EXHIBIT A TO NOTICE OF LODGING (DKT. [89-2])**

Before the Court is Plaintiff Ifeoma Chukwurah's ("Plaintiff") Emergency *Ex Parte* Application ("Application") for a Temporary Restraining Order ("TRO") and Request for Protective Order. Dkt. # 91 ("*Appl.*"). Also before the Court is Plaintiff's Notice of Lodging Redacted Attachment for Lis Pendens Approval. Dkt. # 89. The Court finds this matter appropriate for decision without oral argument. *See* Fed. R. Civ. P. 78; C.D. Cal. L.R. 7-15. For the reasons set forth below, the Court **DENIES** Plaintiff's Application for a TRO and **STRIKES** Exhibit A to Plaintiff's Notice of Lodging (Dkt. # 89-2).

## I. TRO: Foreclosure Proceedings

Plaintiff is proceeding *pro se* and *in forma pauperis*.[1] *See* Dkt. # 55. This is Plaintiff's sixth attempt at seeking injunctive relief to prevent Defendants Midland Mortgage, Midfirst Bank, and Midland Mortgage Investors Trust (collectively, "Defendants") from proceeding with the foreclosure of Plaintiff's home. *See* Dkts. # 13, 18, 20, 32, 40. The Court has denied her previous requests each time because, as

[1] Because Plaintiff is proceeding *pro se*, the Court is "obligated to liberally construe [her] documents," looking "to the contents of [her] filing[s] rather than [their] form." *Watanabe v. Derr*, 115 F.4th 1034, 1043 (9th Cir. 2024) (cleaned up), *cert. granted sub nom. Nielsen v. Watanabe*, 2026 WL 1780123 (June 22, 2026); *Ross v. Williams*, 950 F.3d 1160, 1173 n.19 (9th Cir. 2020) (same).

summarized in the Court's most recent decision, Plaintiff's "complaint relies on two federal statutes that either do not afford injunctive relief—namely, the Real Estate Settlement Procedures Act ('RESPA'), 12 U.S.C. §§ 2601, *et seq.*—or that do not demonstrate a likelihood of success on the merits—*i.e.*, Plaintiff's claim under the Fair Housing Act ('FHA'), 42 U.S.C. §§ 3601, *et seq.*" Dkt. # 63 at 1–2; *see also* Dkt. # 23 at 3–4 ("*Third TRO Order*"); Dkt. # 35 at 1. The Court's recent Order denying Plaintiff's Fourth TRO Application explained that Plaintiff's "request that the Court prevent the foreclosure of her home is one for injunctive relief, and RESPA does not provide for injunctive relief." Dkt. # 35 at 1 (internal quotation marks and citations omitted). Second, the Court reiterated that Plaintiff "still has not provided any authority suggesting that relief from mortgage payments constitutes a reasonable accommodation under the FHA, and the Court does not understand this relief to be of the kind that the FHA contemplates." *Id.* at 2 (cleaned up). Thus, the Court concluded that "Plaintiff still has not shown a serious question going to the merits of her claim for injunctive relief under either the FHA or RESPA" and thereafter denied her Fourth TRO Application. *See id.* (internal quotation marks and citation omitted); *see also* Dkt. # 63 (denying Fifth TRO Application for same reasons).

To date, little has changed. Plaintiff has not filed an Amended Complaint or otherwise demonstrated how the Court may grant Plaintiff injunctive relief given the noted defects. Plaintiff's instant TRO Application represents that since March 2026, "material factual changes have disrupted the status quo," including that "Defendants have actively restricted Plaintiff's digital portal and statement oversight mechanisms," Defendants have "accelerated tracking" of Plaintiff's default balance, and that Defendants "entered an open procedural default on July 1, 2026, by filing their collective responsive answer untimely without leave of court." *Appl.* at 2; *see also* Decl. of Ifeoma Chukwurah, Dkt. # 91-1 ("*Chukwurah Decl.*") ¶¶ 4–9. Plaintiff also represents that "corporate field agents or property preservation vendors" have made "physical site visits" or placed "notices on the home doors," which "compromises [her family's] physical safety." *See Appl.* at 5; *Chukwurah Decl.* ¶ 7.

But Plaintiff has failed to demonstrate how the Court may enter an injunction based on either RESPA or the FHA. As stated in the Court's prior Orders, RESPA does not provide for injunctive relief, and Plaintiff "still has not provided any authority suggesting" a likelihood of success on the merits of her FHA claim. *See, e.g.*, Dkt. # 63 at 2 ("Plaintiff still has not shown a serious question going to the merits of her claim for injunctive relief under either the FHA or RESPA[.]") (internal citation and quotation marks omitted); *see*

*also* Dkt. # 35 at 2 (same). For the same reasons stated in the Court's previous Orders, the Court **DENIES** Plaintiff's TRO Application on this basis.

II. TRO: Request for Protective Order

Plaintiff asks the Court to issue a Protective Order under Federal Rule of Civil Procedure 5.2(e)(1) to prevent the public disclosure of her "exact street address, age, marital status, telephone number, and private email" address." *Appl.* at 4. Plaintiff represents that she wishes to protect her "absolute residential privacy identifiers[.]" *Chukwurah Decl.* ¶ 9; *see also Appl.* at 4.

Plaintiff's request suffers from multiple defects. First, raising this request on an *ex parte* basis as part of Plaintiff's Application for a TRO is improper, as Plaintiff has failed to demonstrate any temporal urgency or irreparable harm to warrant such relief. *See Mission Power Eng'g Co. v. Cont'l Cas. Co.*, 883 F. Supp. 488, 490 (C.D. Cal. 1995) (ex parte motions are warranted "where there is a temporal urgency such that immediate and irreparable harm will occur if there is any delay in obtaining relief."); *see also Davidson v. Kimberly-Clark Corp.*, 889 F.3d 956, 967 (9th Cir. 2018) ("For injunctive relief, which is a prospective remedy, the threat of injury must be actual or imminent, not conjectural or hypothetical. . . . In other words, the threatened injury must be certainly impending to constitute injury in fact and allegations of possible future injury are not sufficient.").

Second, Federal Rule of Civil Procedure 5.2(e) provides that a court may require redaction of private information from court filings "for good cause." *See* Fed. R. Civ. P. 5.2(e). "To show 'good cause,' the party seeking redaction must show that specific harm or prejudice will result if the protective order is not granted." *Doe v. Noem*, 781 F. Supp. 3d 1055, 1063 (E.D. Cal. 2025) (internal quotation marks and citation omitted); *see also Students for Fair Admissions v. Trs. of Est. of Bishop*, --- F.R.D. ---, 2026 WL 937289, at *4 (D. Haw. Apr. 7, 2026) (awaiting publication) ("Rule 5.2(e) creates no presumption in favor of any redaction."). Plaintiff has failed to demonstrate that any "specific harm or prejudice will result" absent the issuance of the Protective Order. *Noem*, 781 F. Supp. 3d at 1063.

Finally, as recited in the Court's Standing Order, "[a]ll discovery matters have been referred to a United States Magistrate Judge to hear all discovery disputes." *See* Dkt. # 11 at 3. Plaintiff must notice any future requests for the issuance of a Protective Order before

the assigned Magistrate Judge in this case, United States Magistrate Judge Steve Kim. For all these reasons, the Court **DENIES** Plaintiff's request for a Protective Order.

## III. Redacted Notice of Pendency of Action (Lis Pendens) (Dkt. # 89-2)

Separate from Plaintiff's TRO Application, Plaintiff has submitted a Notice of Lodging Redacted Attachment for Lis Pendens Approval. *See* Dkt. # 89. Plaintiff states that she is filing "a redacted copy of her proposed Notice of Pendency of Action (Lis Pendens) on the public docket to protect her personal privacy, home security, and to limit internet dissemination of her primary residential location pursuant to Federal Rule of Civil 5.2 and Local Rule 79-5." *Id.* at 1. Plaintiff recites that she submitted the "complete, unredacted original document . . . via the Clerk's office for in-camera judicial inspection and signature on the matching Proposed Order." *Id.* Plaintiff therefore submitted a Notice of Pendency of Action (Lis Pendens) with several redactions. *See* Ex. A, Dkt. # 89-2.

C.D. Cal. Local Rule 79-5.2.2 prohibits a filer in a non-sealed civil case from filing a document under seal without prior approval by the Court. The rule requires that "[a] person seeking to file documents under seal must follow the procedures set forth below in subsection (a)," and that only "[o]nce the Court has granted leave to file under seal, documents to be filed under seal" must then be filed in accordance with subsection (c). *See* C.D. Cal. L.R. 79-5.2.2. In requesting leave of Court to file "some or all of a document under seal," the applicant must file an "Application for Leave to File Under Seal ('Application')." The Application must "describe the nature of the information that the Filing Party asserts should be closed to public inspection," and must be accompanied by a declaration that "(1) establish[es] good cause or demonstrate[es] compelling reasons why the strong presumption of public access in civil cases should be overcome," and (2) informs the Court whether anyone opposes the Application. C.D. Cal. L.R. 79-5.2.2(a)(i). The applicant must also submit a Proposed Order, and both a redacted and unredacted version of the document. C.D. Cal. L.R. 79-5.2.2(a)(ii)–(iv). Once the Court grants the party leave to file a document under seal, the filing party must thereafter "file the document with whatever motion or other document the under-seal filing is intended to support." C.D. Cal. L.R. 79-5.2.2(c).

Here, Plaintiff has again failed to comply with Local Rule 79-5.2.2. Plaintiff has failed to: file an Application to File Under Seal; submit a declaration demonstrating the existence of good cause or compelling reasons; submit a Proposed Order in accordance with the Local Rules; or otherwise wait for the Court to first grant her leave before filing

this exhibit with her proposed redactions. The Court has previously admonished Plaintiff to comply with Local Rule 79-5.2.2's requirements. *See, e.g.*, Dkt. # 60. As Plaintiff has again failed to follow this District's Local Rules, the Court **STRIKES** Exhibit A (Dkt. # 89-2) to Plaintiff's Notice of Lodging.

IV. Conclusion

For the foregoing reasons, it is **ORDERED** that Plaintiff's Emergency *Ex Parte* Application for Temporary Restraining Order and Protective Order (Dkt. # 91) is **DENIED**. It is further **ORDERED** that Plaintiff's Exhibit A to Notice of Loding (Dkt. # 89-2) is **STRICKEN** from the Record.

Plaintiff is advised that the Court has pro se clinics available to assist persons who represent themselves. The pro se clinic in Los Angeles is administered by a non-profit law firm, Public Counsel, not by the Court. Pro se litigants may submit an online application to request services from the Los Angeles Federal Pro Se Clinic on the website, https://prose.cacd.uscourts.gov/los-angeles, or contact Public Counsel directly by phone at (213) 385-2977 or by clicking the link on the website.

**IT IS SO ORDERED.**

:

**Initials of Preparer** TJ