UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No. 2:26-cv-01990-MWC-SK Date: July 20, 2026

Title: Ifeoma Chukwurah v. Midland Mortgage, *et al.*

Present: The Honorable Michelle Williams Court, United States District Judge

| T. Jackson | Not Reported |
| --- | --- |
| Deputy Clerk | Court Reporter / Recorder |

| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants: |
| --- | --- |
| N/A | N/A |

**Proceedings: (IN CHAMBERS) ORDER STRIKING PLAINTIFF'S FIRST AMENDED COMPLAINT (DKT. [95]); DENYING PLAINTIFF'S MOTION FOR CORRECTIVE RECORD MODIFICATION AND RECONSIDERATION OF ORDER STRIKING EXHIBIT A (DKT. [96]); AND STRIKING PLAINTIFF'S APPLICATION FOR JUDICIAL APPROVAL OF RECORDATION OF NOTICE OF PENDENCY OF ACTION (DKT. [97]) AND MOTION TO STRIKE DEFENDANTS' ANSWER (DKT. [99])**

There are three motions before the Court. First, Plaintiff Ifeoma Chukwurah ("Plaintiff") filed a Motion for Corrective Record Modification and Reconsideration of Order Striking Exhibit A ("Motion for Reconsideration"). Dkt. # 96. Second, Plaintiff filed an Application for Judicial Approval of Recordation of Notice of Pendency of Action ("Application"). Dkt. # 97. Finally, Plaintiff filed a Motion to Strike Defendants' Answer ("Motion to Strike"). Dkt. # 99. The Court finds this matter appropriate for decision without oral argument. *See* Fed. R. Civ. P. 78; C.D. Cal. L.R. 7-15. For the reasons set forth below, the Court, on its own motion, **STRIKES** Plaintiff's First Amended Complaint (Dkt. # 95). The Court further **DENIES** Plaintiff's Motion for Reconsideration (Dkt. # 96), and **STRIKES** Plaintiff's Application (Dkt. # 97) and Motion to Strike (Dkt. # 99).

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No. 2:26-cv-01990-MWC-SK Date: July 20, 2026

Title: Ifeoma Chukwurah v. Midland Mortgage, *et al.*

I. First Amended Complaint (Dkt. # 95)

On July 2, 2026, Defendant MidFirst Bank[1] filed its Answer to Plaintiff's Complaint. Dkt. # 82. On July 16, 2026, Plaintiff filed her First Amended Complaint ("FAC"). Dkt. # 95 ("*FAC*"). The FAC begins by asserting that "Plaintiff brings this amended action in good faith as a matter of right under FRCP 15(a)(1)(A) following Defendants' July 2, 2026 responsive pleading." *Id.* ¶ 3.

Federal Rule of Civil Procedure 15(a)(1)(A) provides that "[a] party may amend its pleading once as a matter of course no later than . . . 21 days after serving it[.]" From the face of Plaintiff's FAC, it appears that Plaintiff mistakenly reads this Rule as indicating that Plaintiff may amend her Complaint as a matter of course within twenty-one (21) days of service of Defendant's Answer. *See FAC* ¶ 3. To the extent that Plaintiff relies on this reading of Rule 15 for filing her FAC as a matter of course, this theory is misplaced. Instead, the Rule means that a plaintiff may amend her Complaint as a matter of course within twenty-one (21) days of serving her original Complaint. *See, e.g.*, *Ramirez v. Cnty. of San Bernardino*, 806 F.3d 1002, 1008 (9th Cir. 2015) ("[A] plaintiff has the right to amend within twenty-one days of service *of the complaint*") (emphasis added) (citing Fed. R. Civ. P. 15(a)(1)(A)); *see also Fuentes v. Danros LLC*, No. SACV 16-1869-DOC (JCGX), 2016 WL 10988800, at *1 (C.D. Cal. Nov. 18, 2026) ("Plaintiff filed the Complaint on October 7, 2016 (Dkt. 1). The twenty-one day deadline was therefore on October 28, 2016. Therefore, Plaintiff was no longer entitled to amend under Rule 15(a)(1)(A).").

Plaintiff filed her original Complaint in this action on February 24, 2026. *See* Dkt. # 1. The time to file an amended Complaint pursuant to Rule 15(a)(1)(A) has therefore long expired. *See Ramirez*, 806 F.3d at 1008; *Fuentes*, 2016 WL 10988800, at *1. Accordingly, the Court **STRIKES** Plaintiff's First Amended Complaint (Dkt. # 95).

II. Motion for Reconsideration (Dkt. # 96)

On July 13, 2026, the Court struck Plaintiff's redacted copy of her Notice of Pendency of Action (Lis Pendens), submitted as Exhibit A to Docket Entry 89. *See* Dkt.

[1] Defendant MidFirst Bank represents that it was "erroneously sued as MidFirst Bank and Midland Mortgage Investors Trust ('MidFirst') and Midland Mortgage, a wholly owned subsidiary of MidFirst ('Midland')[.]" Dkt. # 82 at 1.

# 93 at 4. The Court noted that Plaintiff violated C.D. Cal. Local Rule 79-5.2.2 because she must first seek leave of Court before filing a redacted document in a non-sealed case—*i.e.*, Plaintiff must file an Application to File Under Seal with an attached declaration demonstrating the existence of good cause or compelling reasons, yet Plaintiff failed to do so. *See id.* at 4–5. Plaintiff now requests the Court reconsider its decision, representing that she submitted "the unredacted documents and corresponding formal applications for leave to file under seal . . . in the manual intake queue of Civil Intake[.]" Dkt. # 96 at 2 ("[T]he unredacted documents remain pending manual upload into the CM/ECF system by court staff."). Plaintiff thus avers that "[b]ecause those specific files remained processing in the manual queue of Civil Intake, they were completely invisible on the active CM/ECF ledger when the Court reviewed the file on July 13." *Id.*

The Court granted Plaintiff's Application for Permission for Electronic Filing on April 21, 2026. Dkt. # 44. C.D. Cal. Local Rule 5-4.2 provides: "Unless otherwise ordered by the Court, pro se litigants may present documents to the Clerk for filing either in paper format *or* through the Court's Electronic Document Submission System." C.D. Cal. L.R. 5-4.2(a)(1) (emphasis added). And, according to Local Rule 5-4.2(b)(3):

> Documents filed under seal or otherwise excluded from the public case file . . . must be filed electronically if required by L.R. 79-5. Otherwise, such documents must be filed in paper form, . . . unless the filer is permitted to submit the documents through the Court's Electronic Document Submission System under L.R. 5-4.2(a)(1).

Accordingly, the Local Rules contemplate that *pro se* filers either utilize the Court's electronic filing system ***or*** submit papers manually through the Clerk's Office, but not both. *See* C.D. Cal. L.R. 5-4.2(a)(1). And Local Rule 5-4.2(b)(3) explicitly requires that documents filed under seal be filed electronically. Because the Court granted Plaintiff's Application to file documents electronically, Dkt. # 44, Plaintiff cannot now submit papers manually to the Clerk's Office. Plaintiff was *required* to file an Application to File Under Seal and wait for the Court to rule on that Application before filing any documents under seal on the docket. *Cf.* Dkt. # 93 at 4–5. Plaintiff did not do so. Plaintiff's Motion for Reconsideration is therefore **DENIED**.

III. Application for Judicial Approval of Recordation (Dkt. # 97) & Motion to Strike (Dkt. # 99)

Finally, Plaintiff has filed an Application for Judicial Approval of Recordation (Dkt. # 97) and a Motion to Strike Defendant's Answer as Untimely (Dkt. # 99). Plaintiff has seemingly filed both her Application and Motion to Strike without providing any notice to Defendant that she planned on filing either document. As such, Plaintiff's filings are brought on an *ex parte* basis. *See Mission Power Eng'g Co. v. Cont'l Cas. Co.*, 883 F. Supp. 3d 488, 490 (C.D. Cal. 1995) (explaining that an "*ex parte* motion" is "a request a party makes to the court without any notice to the other side"). "Ex parte motions are rarely justified[.]" *Id.*; *see also* Standing Order, Dkt. # 11, ¶ 11 ("Ex parte applications are solely for extraordinary relief, are rarely granted, and should not be used with discretion. Sanctions may be imposed for misuse of ex parte applications."). As *ex parte* motions, Plaintiff was obligated to explain, among other things, "why the regular noticed motion procedures must be bypassed," and whether "there is a temporal urgency such that immediate and irreparable harm will occur if there is any delay in obtaining relief." *Mission Power*, 883 F. Supp. 3d at 490, 492. Plaintiff has failed to provide any reason as to why she brought both motions on an *ex parte* basis.

This is not the first instance that the Court has considered one of Plaintiff's improperly filed *ex parte* applications. *See, e.g.*, Dkts. # 63 at 2–3. The Court **admonishes** Plaintiff that the Court may consider the imposition of sanctions should Plaintiff continue to abuse the *ex parte* process. *See* Standing Order, Dkt. # 11, ¶ 11. Instead, Plaintiff *must* consider filing her motions and applications according to regular noticed motion procedures. In other words, absent demonstrating how Plaintiff's "cause will be irreparably prejudiced if the underlying motion is heard according to regular noticed motion procedures," and a showing that Plaintiff "is without fault in creating the crisis that requires ex parte relief," *Mission Power*, 883 F. Supp. 3d at 492, Plaintiff must otherwise comply with C.D. Cal. Local Rules 7-3 through 7-8. *See* C.D. Cal. L.R. 7-4 ("The Court may decline to consider a motion unless it meets the requirements of L.R. 7-3 through 7-8."). This requires that Plaintiff, among other things, meet-and-confer with Defendant prior to filing either request, *see* C.D. Cal. L.R. 7-3, and, on the first page of the noticed motion, include "the date and time of the motion hearing[.]" C.D. Cal. L.R. 7-4; *see* Standing Order, Dkt. # 11, ¶ 6a ("This Court hears motions on Fridays, beginning at 1:30 p.m."). Accordingly, because Plaintiff improperly brought both her Application (Dkt. # 97) and her Motion to Strike (Dkt. # 99) on an *ex parte* basis, the Court **STRIKES** both documents.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No. 2:26-cv-01990-MWC-SK Date: July 20, 2026

Title: Ifeoma Chukwurah v. Midland Mortgage, *et al.*

IV. Conclusion

For the foregoing reasons, the Court **ORDERS** as follows:

1. Plaintiff's First Amended Complaint (Dkt. # 95) is **STRICKEN** from the Record.

2. Plaintiff's Motion for Corrective Record Modification and Reconsideration of Order Striking Exhibit A (Dkt. # 96) is **DENIED**.

3. Plaintiff's Application for Judicial Approval of Recordation of Notice of Pendency of Action (Dkt. # 97) and Motion to Strike Defendant's Answer (Dkt. # 99) are both **STRICKEN** from the Record.

Plaintiff is advised that the Court has pro se clinics available to assist persons who represent themselves. The pro se clinic in Los Angeles is administered by a non-profit law firm, Public Counsel, not by the Court. Pro se litigants may submit an online application to request services from the Los Angeles Federal Pro Se Clinic on the website, https://prose.cacd.uscourts.gov/los-angeles, or contact Public Counsel directly by phone at (213) 385-2977 or by clicking the link on the website.

**IT IS SO ORDERED.**

:

**Initials of Preparer** TJ