UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No. 2:26-cv-01990-MWC-SK Date: July 24, 2026

Title: Ifeoma Chukwurah v. Midland Mortgage, *et al.*

Present: The Honorable Michelle Williams Court, United States District Judge

| T. Jackson | Not Reported |
|---|---|
| Deputy Clerk | Court Reporter / Recorder |
| Attorneys Present for Plaintiffs: N/A | Attorneys Present for Defendants: N/A |

**Proceedings: (IN CHAMBERS) ORDER DENYING PLAINTIFF'S EMERGENCY *EX PARTE* APPLICATION FOR TEMPORARY RESTRAINING ORDER, REQUEST FOR ORDER TO SHOW CAUSE RE PRELIMINARY INJUNCTION, AND JUDICIAL APPROVAL OF LIS PENDENS (DKT. [107])**

Before the Court is Plaintiff Ifeoma Chukwurah's ("Plaintiff") Revised Emergency *Ex Parte* Application ("Application") for a Temporary Restraining Order ("TRO"), Order to Show Cause Re Preliminary Injunction, and Judicial Approval of Lis Pendens. Dkt. # 107 ("*Appl.*"). Also before the Court is Plaintiff's Motion for Leave to File First Amended Complaint. Dkt. # 106. The Court finds this matter appropriate for decision without oral argument. *See* Fed. R. Civ. P. 78; C.D. Cal. L.R. 7-15. For the reasons set forth below, the Court **DENIES** Plaintiff's Application for a TRO.

Plaintiff is proceeding *pro se* and *in forma pauperis*.[1] *See* Dkt. # 55. This is Plaintiff's seventh attempt at seeking injunctive relief to prevent Defendants Midland Mortgage, Midfirst Bank, and Midland Mortgage Investors Trust (collectively, "Defendants") from proceeding with the foreclosure of Plaintiff's home. *See* Dkts. # 13, 18, 20, 32, 40, 91. The Court has denied her previous requests each time because Plaintiff's "complaint relies on two federal statutes that either do not afford injunctive relief—namely, the Real Estate Settlement Procedures Act ('RESPA'), 12 U.S.C. §§ 2601, *et seq.*—or that

[1] Because Plaintiff is proceeding *pro se*, the Court is "obligated to liberally construe [her] documents," looking "to the contents of [her] filing[s] rather than [their] form." *Watanabe v. Derr*, 115 F.4th 1034, 1043 (9th Cir. 2024) (cleaned up), *cert. granted sub nom. Nielsen v. Watanabe*, 2026 WL 1780123 (June 22, 2026); *Ross v. Williams*, 950 F.3d 1160, 1173 n.19 (9th Cir. 2020) (same).

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No. 2:26-cv-01990-MWC-SK Date: July 24, 2026

Title: Ifeoma Chukwurah v. Midland Mortgage, *et al.*

do not demonstrate a likelihood of success on the merits—*i.e.*, Plaintiff's claim under the Fair Housing Act ('FHA'), 42 U.S.C. §§ 3601, *et seq.*" Dkt. # 63 at 1–2; *see also* Dkt. # 23 at 3–4 ("*Third TRO Order*"); Dkt. # 35 at 1. The Court's recent Order denying Plaintiff's Fourth TRO Application explained that Plaintiff's "request that the Court prevent the foreclosure of her home is one for injunctive relief, and RESPA does not provide for injunctive relief." Dkt. # 35 at 1 (internal quotation marks and citations omitted). Second, the Court reiterated that Plaintiff "still has not provided any authority suggesting that relief from mortgage payments constitutes a reasonable accommodation under the FHA, and the Court does not understand this relief to be of the kind that the FHA contemplates." *Id.* at 2 (cleaned up). Thus, the Court concluded that "Plaintiff still has not shown a serious question going to the merits of her claim for injunctive relief under either the FHA or RESPA" and thereafter denied her Fourth TRO Application. *See id.* (internal quotation marks and citation omitted); *see also* Dkt. # 63 (denying Fifth TRO Application for same reasons).

To date, little has changed. Plaintiff's instant application asserts that she is likely to succeed on the merits of her RESPA and FHA claims, *see Appl.* at 4, but for the reasons stated above and in the Court's prior Orders, the Court is not convinced. Plaintiff also represents that she is likely to succeed on the merits of a claim brought under the Fair Debt Collection Practices Act ("FDCPA"). *See id.* But this claim is not presently pled in Plaintiff's operative Complaint. *See generally* Dkt. # 1 ("*Compl.*"). "When a plaintiff seeks injunctive relief based on claims not pled in the complaint, the court does not have authority to issue an injunction." *Pac. Radiation Oncology, LLC v. Queen's Med. Ctr.*, 810 F.3d 631, 633 (9th Cir. 2015); *see also Forooghieh v. Streimer*, No. 2:25-cv-10124-MCS-DTB, 2025 WL 4036746, at *2 (C.D. Cal. Dec. 22, 2025) ("Because the requested relief is premised on a legal theory not pleaded in the operative complaint, the Court lacks authority to grant the requested relief.") (citation omitted); *Baldwin v. Fifth Third Bank, N.A.*, No. 2:24-cv-03401-DC-JDP, 2025 WL 1787480, at *2 (E.D. Cal. June 26, 2025) ("Plaintiff has not yet filed a first amended complaint. A plaintiff is not entitled to an injunction based on claims not pled in his complaint.") (citation omitted). Though Plaintiff requests leave to file a First Amended Complaint, this motion is still pending. Plaintiff therefore cannot show a likelihood of success on the merits of a claim not currently pled. *Pac. Radiation*, 810 F.3d at 633; *Baldwin*, 2025 WL 1787480, at *2.

Plaintiff also requests "judicial authorization to record a Notice of Pendency of Action on the public land records of Los Angeles County" under California Code of Civil Procedure § 405.20. *Appl.* at 5. A *lis pendens*, or "notice," is a "notice of the pendency of

an action in which a real property claim is alleged." *Limetree Ests. LLC v. City of Rancho Palos Verdes*, No. CV 23-1420 PVC, 2024 WL 3915214, at *2 (C.D. Cal. July 22, 2024) (citing Cal. Civ. Proc. Code § 405.2). "The purpose of *lis pendens* is to give constructive notice of an action affecting real property to persons who subsequently acquire interest in the property." *Id.* (citation omitted). "A 'real property claim' means the cause or causes of action in a pleading would, if meritorious, affect (a) title to, or the right to possession of, specific real property or (b) the use of an easement identified in the pleading.'" *Id.* (citing Cal. Civ. Proc. Code § 405.4). Here, because Plaintiff has yet to state a meritorious claim, the Court declines Plaintiff's *lis pendens* request. *See Goens v. Blood*, 437 F. Supp. 3d 793, 798–99 (S.D. Cal. 2020); *Limetree Ests.*, 2024 WL 3915214, at *2 ("Section 405.32 of the California Civil Procedure Code requires the claimant in *lis pendens* to prove, by a preponderance of the evidence, the 'probable validity' of claimant's real property claim.") (citing Cal. Civ. Proc. Code § 405.32).

Plaintiff has recently filed her Motion for Leave to File a First Amended Complaint. Dkt. # 106. The motion is not yet fully briefed, and not yet ripe for consideration and review. Accordingly, the operative Complaint fails to demonstrate a likelihood of success on the merits. Plaintiff has failed to demonstrate how the Court may enter an injunction based on either RESPA or the FHA. As stated in the Court's prior Orders, RESPA does not provide for injunctive relief, and Plaintiff "still has not provided any authority suggesting" a likelihood of success on the merits of her FHA claim. *See, e.g.*, Dkt. # 63 at 2 ("Plaintiff still has not shown a serious question going to the merits of her claim for injunctive relief under either the FHA or RESPA[.]") (internal citation and quotation marks omitted); *see also* Dkt. # 35 at 2 (same). For the same reasons stated in the Court's previous Orders, and for the reasons stated in this Order, the Court **DENIES** Plaintiff's TRO Application (Dkt. # 107).

Plaintiff is advised that the Court has pro se clinics available to assist persons who represent themselves. The pro se clinic in Los Angeles is administered by a non-profit law firm, Public Counsel, not by the Court. Pro se litigants may submit an online application to request services from the Los Angeles Federal Pro Se Clinic on the website, https://prose.cacd.uscourts.gov/los-angeles, or contact Public Counsel directly by phone at (213) 385-2977 or by clicking the link on the website.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No. 2:26-cv-01990-MWC-SK Date: July 24, 2026

Title: Ifeoma Chukwurah v. Midland Mortgage, *et al.*

**IT IS SO ORDERED.**

:

**Initials of Preparer** TJ