**McCARTHY & HOLTHUS, LLP**
Melissa Robbins Coutts, Esq. (SBN: 246723)
Matthew B. Learned, Esq. (SBN: 255499)
2763 Camino Del Rio S, Suite 100
San Diego, CA 92108
Telephone: (619) 685- 4800
Facsimile: (619) 685-4811
Email: MaLearned@McCarthyHolthus.com

Attorneys for Defendants,
MidFirst Bank and Midland Mortgage

**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

| | |
|---|---|
| Ifeoma Chukwurah,<br><br>Plaintiff,<br><br>v.<br><br>Midland Mortgage; Midfirst Bank; Midland Mortgage Investors Trust; and DOES 1-20, inclusive,<br><br>Defendants. | Case No. 2:26-cv-01990-MWC-SK<br><br>**OPPOSITION TO PLAINTIFF'S MOTION FOR LEAVE TO FILE FIRST AMENDED COMPLAINT**<br><br>Date: August 28, 2026<br>Time: 1:30 p.m.<br>Dept.: Courtroom 6A, 6th Floor<br>Judge: Hon. Michelle Williams<br><br>Complaint Filed: February 24, 2026 |

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

McCARTHY & HOLTHUS, LLP
ATTORNEYS AT LAW
2763 CAMINO DEL RIO S, SUITE 100
SAN DIEGO, CALIFORNIA 92108
TELEPHONE (619) 685-4800 FACSIMILE (619) 685-4811

McCARTHY & HOLTHUS, LLP
ATTORNEYS AT LAW
2763 CAMINO DEL RIO S, SUITE 100
SAN DIEGO, CALIFORNIA 92108
TELEPHONE (619) 685-4800 FACSIMILE (619) 685-4811

## TABLE OF CONTENTS

FACTUAL BACKGROUND.......... 1

I. THE SECURITY .......... 1

II. PLAINTIFF'S PRIOR MODIFICATIONS .......... 1

III. THE BREACH AND FORECLOSURE .......... 2

IV. DEFENDANTS' FURTHER LOSS MITIGATION EFFORTS.......... 2

POINTS & AUTHORITIES.......... 4

I. LEGAL STANDARD. .......... 4

II. PLAINTIFF'S MOTION SHOULD BE DENIED.......... 5

A.Plaintiff's Motion is Untimely .......... 5

B. Plaintiff Acted in Bad Faith Pursuing Her Claims.......... 6

C. Amendment is Futile as Plaintiff's Claims Fail as a Matter of Law .......... 7

CONCLUSION.......... 20

## TABLE OF AUTHORITIES

### Cases


21st Century Ins. Co. v. Superior Court, 47 Cal.4th 511 2009) .................... 19

Allen v. City of Beverly Hills, 911 F.2d 367 (9th Cir. 1990).................... 5

Arnolds Management Corp. v. Eischen, 158 Cal.App.3d 575 (1984).................... 17, 18

Artiglio v. Corning Inc., 18 Cal. 4th 604 (1998) .................... 20

Benavides v. State Farm General Ins. Co., 136 Cal.App.4th 1241 (2006).................... 18

Blue Novis, Inc. v. U.S. Alliance Group, Inc., 2021 WL 346422 (C.D. Cal. Jan. 27, 2021) ........ 16

California v. Neville Chem. Co., 358 F.3d 661 (9th Cir. 2004) .................... 8

Camacho v. Auto. Club of So. Cal., 142 Cal.App.4th 1394 (2006) .................... 15

Carma Developers (Cal.) Inc. v. Marathon Dev. Cal., Inc., 2 Cal.4th 342 (1992) .................... 19

Cel-Tech Commc'ns, Inc. v. L.A. Cellular Tel. Co., 20 Cal.4th 163 (1999) .................... 14

County of Los Angeles v. Jordan, 459 U.S. 810 (1982).................... 5

Daniels v. Select Portfolio Servicing, Inc., 246 Cal.App.4th 1150 (2016) .................... 17

Davis v. Ford Motor Credit Co. LLC, 179 Cal.App.4th 581 (2009).................... 15

Dowers v. Nationstar Mortg., LLC, 852 F.3d 964 (9th Cir. 2017).................... 9

Egan v. Mutual of Omaha Ins. Co., 24 Cal.3d 809 (1979).................... 18

Freeman v. Lind, 181 Cal.App.3d 791 (1986).................... 18

Hall v. Time Inc., 158 Cal.App.4th 847 (2008).................... 14

Harris v. City of Santa Monica, 56 Cal.4th 203 (2013).................... 12

Hilliard v. Harbour, 12 Cal.App.5th 1006 (2017) .................... 14

Jackson v. Bank of Hawaii, 902 F.2d 1385 (9th Cir. 1990) .................... 4

Janicki Logging Co. v. Mateer, 42 F.3d 561 (9th Cir. 1994) .................... 5, 7

Jolley v. Chase Home Fin., LLC, 213 Cal.App.4th 872 (2013) .................... 16

Jordan v. Los Angeles Cty., 669 F.2d 1311 (9th Cir. 1982).................... 5


McCARTHY & HOLTHUS, LLP
ATTORNEYS AT LAW
2763 CAMINO DEL RIO S, SUITE 100
SAN DIEGO, CALIFORNIA 92108
TELEPHONE (619) 685-4800 FACSIMILE (619) 685-4811

Kaplan v. Rose, 49 F.3d 1363, 1370 (9th Cir. 1994) ... 5

Karlsen v. American Sav. & Loan Assn., 15 Cal.App.3d 112 (1971) ... 17

Kearns v. Ford Motor Co., 567 F. 3d 1120 (9th Cir. 2009) ... 15

Khoury v. Maly's of Cal., Inc. 14 Cal.App.4th 612 (1979) ... 15

Kwikset Corp. v. Superior Court, 51 Cal.4th 310 (2011) ... 14

Ladd v. County of San Mateo, 12 Cal.4th 913, 917 (1996) ... 20

Love v. Fire Ins. Exch., 221 Cal.App.3d 1136 (1990) ... 18

McGlinchy v. Shell Chem. Co., 845 F.2d 802 (9th Cir. 1988) ... 5

Merrill v. Navegar, 26 Cal. 4th 465, 500 (2001) ... 19

Metcalf v. Drexel Lending Group, 2008 U.S. Dist. LEXIS 87420 (S.D. Cal. Oct. 29, 2008) ... 16

Miles v. Deutsche Bank National Trust Co., 236 Cal.App.4th 394 (2015) ... 17

Milstein v. Security Pac. Nat'l Bank, 27 Cal.App.3d 482 (1972) ... 18

Moore v. Kayport Package Exp., Inc., 885 F.2d 531 (9th Cir. 1989) ... 5, 8

Morongo Band of Mission Indians v. Rose, 893 F.2d 1074 (9th Cir. 1990) ... 5

Naas v. Stolman, 130 F.3d 892 (9th Cir. 1997) ... 5

New Plumbing Contractors, Inc. v. Nationwide Mutual Ins. Co., 7 Cal.App.4th 1088 (1992) ... 18

Nymark v. Hart Federal Sav. & Loan Ass'n., 231 Cal.App.3d 1089 (1991) ... 20

Obduskey v. McCathy & Holthus LLP, 586 U.S. 466 (2019) ... 9

Paslay v. State Farm General Ins. Co., 248 Cal.App.4th 639 (2016) ... 13

Platt Elec. Supply, Inc. v. EOFF Elec., Inc., 522 F.3d 1049 (9th Cir. 2008) ... 8

Poway Royal Mobilehome Owners Ass'n v. City of Poway, 149 Cal.App.4th 1460 (2007) ... 18

Roth v. Garcia Marquez, 942 F.2d 617 (9th Cir. 1991) ... 8

Rendon v. Countrywide Home Loans, 2009 U.S. Dist. LEXIS 88047 (E.D. Sept. 23, 2009) ... 16

S. Bay Chevrolet v. GM Acceptance Corp., 72 Cal.App.4th 861 (1999) ... 15


McCARTHY & HOLTHUS, LLP
ATTORNEYS AT LAW
2763 CAMINO DEL RIO S, SUITE 100
SAN DIEGO, CALIFORNIA 92108
TELEPHONE (619) 685-4800 FACSIMILE (619) 685-4811

Software Design & Application Ltd. v. Hoefer & Arnett, Inc., 49 Cal.App.4th 472 (1996) ......... 20

Sonoma County Ass'n of Retired Employees v. Sonoma County, 708 F.3d 1109 (9th Cir. 2013) . 6

Still v. Plaza Marina Commercial Corp., 21 Cal.App.3d 378 (1971)............................................ 18

Travers v. Louden, 254 Cal.App.2d 926 (1967)................................................................... 16

Vien-Phuong Thi Ho v. ReconTrust Co., NA, 858 F.3d 568 (9th Cir. 2017) ................................. 9

Walker v. Countrywide Home Loans, Inc., 98 Cal.App.4th 1158 (2002).................................... 14

**Statutes**

28 U.S.C. § 1331.................................................................................................... 8

28 U.S.C. § 1332.................................................................................................... 8

Cal. Bus. & Prof. Code § 17204 ........................................................................... 14

Cal. Civ. Code § 1485.......................................................................................... 18

Cal. Civ. Code § 2920.5(a) ................................................................................ 9, 10

Cal. Civ. Code § 2923.6(c) ............................................................................... 11, 17

Cal. Civ. Code § 2924(b) ........................................................................................ 9

Cal. Code of Civ. P. § 1060 ................................................................................... 17

Cal. Gov't. Code § 12955(e)................................................................................... 12

Cal. Welf. & Inst. Code § 15610.30 ........................................................................ 13

McCARTHY & HOLTHUS, LLP
ATTORNEYS AT LAW
2763 CAMINO DEL RIO S, SUITE 100
SAN DIEGO, CALIFORNIA 92108
TELEPHONE (619) 685-4800 FACSIMILE (619) 685-4811

Defendants MidFirst Bank ("MidFirst") and Midland Mortgage, a division of MidFirst ("Midland") (MidFirst and Midland collectively referred to as "MidFirst" or "Defendants"), respectfully submit this Opposition to Plaintiff's Motion for Leave to File First Amended Complaint (the "Motion"). Plaintiff has unreasonably delayed in seeking leave to amend and the Motion fails to demonstrate that leave to amend is warranted under the circumstances, especially as the new claims Plaintiff hopes to assert against defendants fail as a matter of law. Accordingly, leave to amend should be denied.

## FACTUAL BACKGROUND

### I. THE SECURITY.

On or about January 2, 2016, Chukwurah executed a Deed of Trust to secure a $436,939 loan (the "Deed of Trust") against the real property commonly known as 13922 Lemoli Avenue, Hawthorne, California 90250 (the "Subject Property"). (MidFirst Decl. ¶ 6, Ex. 1; Req. for Judicial Notice, Ex. A.) The Deed of Trust recorded with the Los Angeles County Recorder's Office on January 8, 2016, as Instrument Number 20160021458. (Id.) On December 3, 2018, a Corporation Assignment of Deed of Trust recorded with the Los Angeles County Recorder's Office transferring beneficial interest under the Deed of Trust to MidFirst. (MidFirst Decl. ¶ 7, Ex. 2; Req. for Judicial Notice, Ex. B.)

### II. PLAINTIFF'S PRIOR MODIFICATIONS.

Plaintiff became delinquent on her loan, and in an effort to cure the delinquency, Plaintiff sought – and received – a Loan Modification and Mortgage Agreement through MidFirst (the "2019 Loan Modification"). (MidFirst Decl. ¶ 8, Ex. 3; Req. for Judicial Notice, Ex. C.) The 2019 Loan Modification was recorded with the Los Angeles County Recorder's Office on October 24, 2019, as Instrument Number 20191144663. (Id.) Plaintiff's loan again fell into default and, on or around September 15, 2023, MidFirst again entered into a Loan Modification Agreement (Deed of Trust) with Plaintiff (the "2023 Loan Modification").

McCARTHY & HOLTHUS, LLP
ATTORNEYS AT LAW
2763 CAMINO DEL RIO S, SUITE 100
SAN DIEGO, CALIFORNIA 92108
TELEPHONE (619) 685-4800 FACSIMILE (619) 685-4811

(MidFirst Decl. ¶ 9, Ex. 4; Req. for Judicial Notice, Ex. D.) The 2023 Loan Modification was recorded with the Los Angeles County Recorder's Office on October 19, 2023, as Instrument Number 20230714838. (Id.)

**III. THE BREACH AND FORECLOSURE.**

Quality Loan Service Corporation ("Quality") was substituted as the Trustee under the Deed of Trust. (MidFirst Decl. ¶ 10, Ex. 5; Req. for Judicial Notice, Ex. E.) Plaintiff's loan, secured by the Subject Property, went into default when Plaintiff failed to make the payment due on April 1, 2024, and all subsequent payments thereafter. (MidFirst Decl. ¶ 11, Ex. 6; Req. for Judicial Notice, Ex. F.) Consequently, Quality issued a Notice of Default and Election to Sell. (Id.) As outlined below, the default was not cured and, as a result, a Notice of Trustee's Sale was issued scheduling a sale for August 6, 2026. (MidFirst Decl. ¶ 11; Req. for Judicial Notice, Ex. G.)

**IV. DEFENDANTS' FURTHER LOSS MITIGATION EFFORTS.**

Following Plaintiff's default under the modified loan, she again contacted MidFirst for loss mitigation assistance. (MidFirst Decl. ¶ 12.) The loan is insured by the Federal Housing Administration ("FHA") and, as such, MidFirst's review of the available assistance programs is based on FHA servicing guidelines. (Id.) On October 31, 2025, Plaintiff was denied for loan assistance and a denial letter was mailed to her attention. (MidFirst Decl. ¶ 13, Ex. 7.)

On or about November 17, 2025, MidFirst received an application for loan assistance via its website whereby Plaintiff asked to be reviewed for "a plan that may lower her monthly mortgage payment." (MidFirst Decl. ¶ 14.) On November 18, 2025, MidFirst mailed an application acknowledgement letter to Plaintiff's attention. (MidFirst Decl. ¶ 14, Ex. 8.) On or about November 19, 2025, Plaintiff was approved for a Standalone Loan Modification trial plan with trial payments of $4,557.83 due from January to March 2026 (the "November 2025 Trial Plan"). (MidFirst Decl. ¶ 15.) November 2025 Trial Plan documents were mailed to

McCARTHY & HOLTHUS, LLP
ATTORNEYS AT LAW
2763 CAMINO DEL RIO S, SUITE 100
SAN DIEGO, CALIFORNIA 92108
TELEPHONE (619) 685-4800 FACSIMILE (619) 685-4811

Plaintiff's attention on November 19, 2025. (MidFirst Decl. ¶ 15, Ex. 9.) Plaintiff did not accept the November 2025 Trial Plan. (MidFirst Decl. ¶ 15.)

On or about December 29, 2025, MidFirst received an application for loan assistance via its website whereby Plaintiff stated that she was not ready to resume making monthly payments on her loan as her hardship had not been resolved. (MidFirst Decl. ¶ 16.) On or about December 30, 2025, MidFirst received an application for loan assistance via email again indicating that Plaintiff was not ready to resume monthly payments. (Id.) This application was used in conjunction with the application received, via MidFirst's website, on December 29, 2025. (Id.) On December 31, 2025, MidFirst mailed an application acknowledgement letter to Plaintiff's attention. (MidFirst Decl. ¶ 17, Ex. 10.) On or about January 12, 2026, MidFirst completed its review of Plaintiff's loss mitigation application, and the application was denied. (MidFirst Decl. ¶ 18.) On January 16, 2026, MidFirst mailed its evaluation notice, denying Plaintiff's request for assistance, to Plaintiff's attention. (MidFirst Decl. ¶ 18, Ex. 11.)

On or about January 22, 2026, MidFirst received an Application for Appeal via its website, whereby Plaintiff again advised that she was not ready to resume monthly payments on her home loan. (MidFirst Decl. ¶ 19.) On January 26, 2026, MidFirst mailed an acknowledgement letter to Plaintiff's attention regarding her appeal. (MidFirst Decl. ¶ 20, Ex. 12.) On January 27, 2026, MidFirst completed its review of Plaintiff's appeal and mailed an evaluation notice, denying her appeal, to Plaintiff's attention. (MidFirst Decl. ¶ 20, Ex. 13.)

On February 7, 2026, Plaintiff requested that MidFirst communicate with her in writing. (MidFirst Decl. ¶ 21.) On February 7, 2026, MidFirst mailed notice to Plaintiff's attention indicating that:

> "At this time, we have removed your telephone contact information from our dialing system. We will not contact you by telephone in an effort to collect the debt; however, you may receive certain notifications or mailings that we are required to provide."

McCARTHY & HOLTHUS, LLP
ATTORNEYS AT LAW
2763 CAMINO DEL RIO S, SUITE 100
SAN DIEGO, CALIFORNIA 92108
TELEPHONE (619) 685-4800 FACSIMILE (619) 685-4811

McCARTHY & HOLTHUS, LLP
ATTORNEYS AT LAW
2763 CAMINO DEL RIO S, SUITE 100
SAN DIEGO, CALIFORNIA 92108
TELEPHONE (619) 685-4800 FACSIMILE (619) 685-4811

(MidFirst Decl. ¶ 21, Ex. 14.)

On or about February 9, 2026, MidFirst received another appeal and a new application for loss mitigation assistance from Plaintiff. (MidFirst Decl. ¶ 22.) The application received on February 9, 2026 requested MidFirst review Plaintiff for "a plan that may lower her monthly mortgage payment." (Id.) On February 10, 2026, MidFirst mailed an acknowledgement letter to Plaintiff's attention. (MidFirst Decl. ¶ 22, Ex. 15.)

On or about March 3, 2026, Plaintiff was approved for a Standalone Loan Modification trial plan with trial payments of $4,535.87 due from April to June 2026 (the "March 2026 Trial Plan"). (MidFirst Decl. ¶ 23.) March 2026 Trial Plan documents were mailed to Plaintiff's attention on March 3, 2026. (MidFirst Decl. ¶ 23, Ex. 16.) To date, Plaintiff has not accepted the March 2026 Trial Plan. (MidFirst Decl. ¶ 23.)

On or about March 12, 2026, MidFirst received an Application for Appeal from Plaintiff via MidFirst's website. (MidFirst Decl. ¶ 24.) On March 13, 2026, MidFirst mailed an acknowledgement letter to Plaintiff's attention regarding her appeal. (MidFirst Decl. ¶ 24, Ex. 17.) On March 25, 2026, MidFirst completed its review of Plaintiff's appeal and mailed an evaluation notice, denying her appeal, to Plaintiff's attention. (MidFirst Decl. ¶ 25, Ex. 18.) Plaintiff currently does not qualify for another retention loan assistance plan other than the pending March 2026 Trial Plan. (MidFirst Decl. ¶ 25.)

## POINTS & AUTHORITIES

### I. LEGAL STANDARD.

While Rule 15 provides that "[t]he court should freely give leave when justice so requires," leave to amend is ***not*** to be granted automatically. Jackson v. Bank of Hawaii, 902 F.2d 1385, 1387 (9th Cir. 1990). Courts consider a number of factors in determining whether to grant leave to amend, including undue delay, prejudice to the opposing party, bad faith and futility of the amendment, and have

adopted a flexible balancing test to evaluate motions for leave to amend. Allen v. City of Beverly Hills, 911 F.2d 367, 373 (9th Cir. 1990) Courts often deny leave to amend when the desired amendment is both untimely and prejudicial. See, e.g., Morongo Band of Mission Indians v. Rose, 893 F.2d 1074, 1079 (9th Cir. 1990); Jackson, 902 F.2d at 1387-88; Janicki Logging Co. v. Mateer, 42 F.3d 561, 566-67 (9th Cir. 1994). In addition, where the responding party demonstrates the proposed amendment would be futile, courts have found this factor alone sufficient to deny leave to amend. Naas v. Stolman, 130 F.3d 892, 893 (9th Cir. 1997); Moore v. Kayport Package Exp., Inc., 885 F.2d 531, 537-42 (9th Cir. 1989).

## II. PLAINTIFF'S MOTION SHOULD BE DENIED.

Plaintiff cannot demonstrate that leave to amend is warranted. Despite knowing about the pending nonjudicial foreclosure since before she filed her initial Complaint, ***on February 24, 2026***, she now seeks leave to add defendants and claims pertaining to the foreclosure. Although Defendants filed an answer to the Complaint, the claims presented therein were insufficiently pleaded and Plaintiff's new claims asserted in the proposed First Amended Complaint fail as a matter of law. As such, Plaintiff's Motion is untimely and futile. For these reasons, and those discussed in greater detail below, the Motion should be denied.

### A. Plaintiff's Motion is Untimely.

A party who delays in alleging facts or claims it knew or should have known at the outset of the litigation is ***not*** entitled to the benefits of Rule 15(a)'s liberal amendment policy. Jordan v. Los Angeles Cty., 669 F.2d 1311, 1324 (9th Cir. 1982) (holding that a motion to amend may be denied for lack of diligence) (vacated on other grounds in County of Los Angeles v. Jordan, 459 U.S. 810 (1982); Kaplan v. Rose, 49 F.3d 1363, 1370 (9th Cir. 1994). While there is no hard-and-fast rule regarding delay, the Ninth Circuit has found that delays as short as six months warrant denying leave to amend. McGlinchy v. Shell Chem. Co., 845 F.2d

McCARTHY & HOLTHUS, LLP
ATTORNEYS AT LAW
2763 CAMINO DEL RIO S, SUITE 100
SAN DIEGO, CALIFORNIA 92108
TELEPHONE (619) 685-4800 FACSIMILE (619) 685-4811

McCARTHY & HOLTHUS, LLP
ATTORNEYS AT LAW
2763 CAMINO DEL RIO S, SUITE 100
SAN DIEGO, CALIFORNIA 92108
TELEPHONE (619) 685-4800 FACSIMILE (619) 685-4811

802, 809 (9th Cir. 1988); Jackson, 902 F.2d at 1388 (denying leave to amend after a seven-month delay).

Plaintiff argues that "[m]aterial factual developments occurred after initial filings, including Defendant Midland Mortgage's July 20, 2026 written admission scheduling an extrajudicial foreclosure sale of Plaintiff's primary residence for August 6, 2026…and active state Civil Rights Department administrative appeals." (Motion, pg. 2.) As indicated above, Plaintiff's loan went into default when she failed to make the payment due on April 1, 2024, and all subsequent payments thereafter. (MidFirst Decl. ¶ 11, Ex. 6; Req. for Judicial Notice, Ex. F.) Consequently, a Notice of Default was recorded on December 26, 2025. (Id.) While the Notice of Sale may not have been recorded until after the Complaint was filed, and Plaintiff refused Defendants' March 2026 Trial Plan, Plaintiff was certainly aware of the nonjudicial foreclosure and Quality's recording of the Notice of Default prior to her filing the original Complaint in February 2026. Plaintiff fails to explain why she took no action to assert claims relating to the nonjudicial foreclosure, and bring in additional parties involved with the foreclosure process, for more than six months after the foreclosure was commenced.[1]

**B. Plaintiff Has Acted in Bad Faith Pursuing Her Claims.**

The Court may deny granting leave to amend where there is strong evidence of undue delay, bad faith, dilatory motive, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice, or futility. Sonoma County Ass'n of Retired Employees v. Sonoma County, 708 F.3d 1109, 1117 (9th Cir. 2013). Plaintiff initiated this lawsuit on February 24, 2026. See Court records. On March 5, 2026, Plaintiff filed an ex parte application for a temporary restraining order ("TRO"). Id. That request was denied by the Court on March 12, 2026. Id.

[1] Plaintiff also references a complaint submitted to the Civil Rights Department but fails to acknowledge that: 1) she filed her discrimination complaint on or about April 27, 2026; 2) Defendants have already responded to the civil rights complaint; and 3) the Civil Rights Department has closed Plaintiff's case without any action being taken. Again, Plaintiff fails to account for the delay in bringing these issues, which are now moot, to the Court's attention.

McCARTHY & HOLTHUS, LLP
ATTORNEYS AT LAW
2763 CAMINO DEL RIO S, SUITE 100
SAN DIEGO, CALIFORNIA 92108
TELEPHONE (619) 685-4800 FACSIMILE (619) 685-4811

Thereafter, Plaintiff filed approximately five more requests for the issuance of a TRO, and the Court denied each one. Id. In its rulings denying Plaintiff's TRO applications, the Court explained why Plaintiff's requests were being denied and recommended that Plaintiff meet with the Court's pro se clinic. Id. More specifically, the Court explained to Plaintiff that the claims asserted in her operative Complaint did not provide a remedy of injunctive relief. Id.

Undeterred, and without addressing the procedural defects, Plaintiff continued with her TRO requests. It was not until the Notice of Sale was issued, and after Defendants had answered the Complaint, that Plaintiff ***actually sought*** to correct the defects in her pleadings. In doing so, Plaintiff has improperly targeted the law firm representing Defendants solely for the purpose of pursuing meritless claims against the firm in retaliation for its representation of Defendants. The Court should not permit amendment to Plaintiff's complaint due to her bad faith conduct prosecuting this action. See Janicki Logging Co. v. Mateer, 42 F.3d 561, 566-67 (9th Cir. 1994) (finding bad faith where plaintiff, like the Plaintiff here, sought to seek an amendment to the complaint that would have deprived the court of jurisdiction.).

Plaintiff's delay in seeking relief is a sufficient basis to deny the Motion on its own. Even if the Court were to consider the substance of Plaintiff's new claims, the Motion should still be denied as amendment to the Complaint would be futile

**C. Amendment is Futile as Plaintiff's Claims Fail as a Matter of Law.**

Plaintiff argues that "[l]eave to amend should be granted unless the opposing party demonstrates undue delay, bad faith, dilatory motive, or undue prejudice" and that "[n]one of these factors exist here." (Motion, pg. 4.) Plaintiff further contends that "Defendants cannot claim prejudice," that the "Proposed FAC incorporates vital post-filing events," and that "[p]leadings drafted by self-represented individuals must be held to less stringent standards than formal pleadings drafted by lawyers." (Id.)

While Defendants are sympathetic to Plaintiff's current medical condition and need to care for her mother, courts will deny leave to amend where the claim as amended would be futile. Platt Elec. Supply, Inc. v. EOFF Elec., Inc., 522 F.3d 1049, 1054 (9th Cir. 2008). Futility "includes the inevitability of a claim's defeat on summary judgment." California v. Neville Chem. Co., 358 F.3d 661, 673 (9th Cir. 2004); see also Roth v. Garcia Marquez, 942 F.2d 617, 628 (9th Cir. 1991). Futility is also found when the amendments do not adequately plead a cause of action and could not survive dismissal. Moore v. Kayport Package Exp., Inc., 885 F.2d 531, 537 (9th Cir. 1989). Here, although Plaintiff merely alludes to the California Rosenthal Act, and Fair Debt Collection Practices Act (the "FDCPA") and actually asserts a financial elder abuse cause of action, these allegations all fail as a matter of law. Moreover, as outlined herein, Plaintiff's "dual tracking" claims fail as Plaintiff's loan has already been modified by Defendants, ***twice***, and Defendants' offer to modify Plaintiff's loan a third time was rejected ***by Plaintiff***. For the reasons, further amendment would be futile and the Motion should be denied.

1) Plaintiff's First Amended Complaint deprives the Court of jurisdiction.

In her initial Complaint, Plaintiff asserted causes of action under RESPA (12 U.S.C. § 2605) and the federal Fair Housing Act (42 U.S.C. § 3604). However, those claims have been entirely omitted from Plaintiff's proposed First Amended Complaint. Importantly, Plaintiff's declaratory relief cause of action under 28 U.S.C. §§ 2201–2202 does not provide an independent basis for federal subject matter jurisdiction as these statutes only creates a procedural remedy. The remaining claims in the First Amended Complaint seek relief under California state law, depriving the Court of federal question jurisdiction under 28 U.S.C. § 1331. Plaintiff also seeks to add M&H, a California law firm, as a defendant. As there would not be complete diversity between the Parties, accepting Plaintiff's First Amended Complaint would likewise divest the Court of diversity jurisdiction under 28 U.S.C. § 1332. For these reasons alone the Motion should be denied.

McCARTHY & HOLTHUS, LLP
ATTORNEYS AT LAW
2763 CAMINO DEL RIO S, SUITE 100
SAN DIEGO, CALIFORNIA 92108
TELEPHONE (619) 685-4800 FACSIMILE (619) 685-4811

McCARTHY & HOLTHUS, LLP
ATTORNEYS AT LAW
2763 CAMINO DEL RIO S, SUITE 100
SAN DIEGO, CALIFORNIA 92108
TELEPHONE (619) 685-4800 FACSIMILE (619) 685-4811

2) Plaintiff references, but does not allege, Rosenthal Act and FDCPA causes of action.

Plaintiff alleges that McCarthy & Holthus, LLP "acted as an independent 'debt collector' executing commercial collection transactions." (First Am. Compl. ¶ 46.) Plaintiff concedes that "FDCPA provisions do not apply to non-judicial foreclosures pursuant to Obduskey v. McCarthy & Holthus LLP," but insists that "both M&H and Quality remain strictly liable under the broader definitions of the California Rosenthal Act." (Id.) Plaintiff further contends that "[b]ecause M&H and Quality are actively advancing a foreclosure auction date on August 6, 2026, without a present right to possession under California's Homeowner Bill of Rights dual-tracking ban." (First Am. Compl. ¶ 46.1.)

As a threshold issue, Plaintiff has not asserted an FDCPA or Rosenthal Act cause of action against McCarthy & Holthus, LLP ("M&H") or Quality. And, even if she did, Plaintiff is correct that it is well settled that a business engaged in nonjudicial foreclosure is not a "debt collector" under the FDCPA. See Obduskey v. McCathy & Holthus LLP, 586 U.S. 466 (2019) (unanimously holding that a law firm engaged in no more than nonjudicial foreclosure proceedings is not a 'debt collector' subject to the main coverage of the FDCPA.); see also Cal. Civ. Code 2924(b) (trustee's performing acts required by the nonjudicial foreclosure statutes are exempt from liability under the Rosenthal Act); Vien-Phuong Thi Ho v. ReconTrust Co., NA, 858 F.3d 568 (9th Cir. 2017); Dowers v. Nationstar Mortg., LLC, 852 F.3d 964 (9th Cir. 2017).

To the extent that Plaintiff attempts to expand Quality's role in the foreclosure process, by arguing that Quality is "actively advancing a foreclosure…without a present right to possession under California's Homeowner Bill of Rights dual-tracking ban" (First Am. Compl. ¶ 46.1), this fails for several reasons. First, the definition of "mortgage servicer" under California Civil Code section 2920.5 makes it clear that a nonjudicial foreclosure trustee, like Quality, is

not responsible for reviewing a borrower's request for a loan modification. Cal. Civ. Code § 2920.5(a) ("'Mortgage servicer' shall not include a trustee, or a trustee's authorized agent, acting under a power of sale pursuant to a deed of trust."). Second, as indicated below, there is no dual-tracking violation here because Plaintiff's loan was previously modified, twice, and Defendants' efforts to modify Plaintiff's loan a third time were rejected – ***by the Plaintiff***. Based on the forgoing, to the extent Plaintiff has alleged and/or seeks to allege causes of action under the Rosenthal Act and FDCPA, these claims fail as a matter of law. Leave to amend to include these claims should therefore be denied.

3) Plaintiff's 2923.6 cause of action fails as she declined Defendants' modification offer.[2]

Plaintiff alleges that she "submitted a complete application on December 22, 2025, which Defendants acknowledged was 'under active review' on December 29, 2025." (First Am. Compl. ¶ 49.) Plaintiff additionally contends that "Defendants recorded a Notice of Default on December 26, 2025, and subsequently scheduled an extrajudicial auction date for August 6, 2026, while applications and administrative appeals remained live and unresolved." (Id.) Not so. As indicated above, on or about November 19, 2025, Plaintiff was approved for the November 2025 Trial Plan and November 2025 Trial Plan documents were mailed to Plaintiff's attention on November 19, 2025. (MidFirst Decl. ¶ 15, Ex. 9.) Plaintiff chose not accept the November 2025 Trial Plan. (MidFirst Decl. ¶ 15.)

After the Notice of Default recorded, and after Plaintiff refused to accept the November 2025 Trial Plan, MidFirst received additional requests for loss mitigation assistance from the Plaintiff. On or about March 3, 2026, Plaintiff was approved for the March 2026 Trial Plan. (MidFirst Decl. ¶ 23, Ex. 16.) However, Plaintiff did not accept the March 2026 Trial Plan. (MidFirst Decl. ¶ 23.) Plaintiff's default

[2] Plaintiff previously alleged "dual tracking" claims under the Real Estate Settlement Procedures Act. Those appear to have been excluded from the proposed First Amended Complaint.

McCARTHY & HOLTHUS, LLP
ATTORNEYS AT LAW
2763 CAMINO DEL RIO S, SUITE 100
SAN DIEGO, CALIFORNIA 92108
TELEPHONE (619) 685-4800 FACSIMILE (619) 685-4811

McCARTHY & HOLTHUS, LLP
ATTORNEYS AT LAW
2763 CAMINO DEL RIO S, SUITE 100
SAN DIEGO, CALIFORNIA 92108
TELEPHONE (619) 685-4800 FACSIMILE (619) 685-4811

under Defendants' prior modification agreements and her refusal to accept the November 2025 and March 2026 Trial Plans are fatal to her dual tracking claim. Pursuant to California Civil Code section 2923.6:

> A mortgage servicer, mortgagee, trustee, beneficiary, or authorized agent shall not record a notice of default or notice of sale or conduct a trustee's sale until:
> (1) The mortgage servicer makes a written determination that the borrower is not eligible for a first lien loan modification, and any appeal period pursuant to subdivision (d) has expired.
> (2) The ***borrower does not accept an offered first lien loan modification within 14 days of the offer***.
> (3) The borrower accepts a written first lien loan modification, ***but defaults on, or otherwise breaches the borrower's obligations under, the first lien loan modification***.

Cal. Civ. Code § 2923.6(c)(1)-(3) (emphasis added). Based on the forgoing, Defendants were permitted to record the Notice of Default and Notice of Sale and Plaintiff's dual tracking cause of action under section 2923.6 fails as a matter of law. Amendment is futile here because Plaintiff cannot cure these defects, and a 2923.6 claim is subject to dismissal, even if the Court were to grant Plaintiff's Motion to file a First Amended Complaint.

4) <u>Plaintiff's Fair Employment and Housing Act claim is insufficiently pleaded.</u>

California Government Code section 12955 is the core anti-discrimination provision of the California Fair Employment and Housing Act ("FEHA"). FEHA makes it unlawful "[f]or any person, bank, mortgage company, or other financial institution that provides financial assistance for the purchase, refinance, organization, or construction of any housing accommodation to discriminate against any person or group of persons ***because of*** race, color, religion, sex, gender, gender identity, gender expression, sexual orientation, marital status, national origin, ancestry, familial status, source of income, disability, veteran or military status, or genetic information in the terms, conditions, or privileges relating to the obtaining

McCARTHY & HOLTHUS, LLP
ATTORNEYS AT LAW
2763 CAMINO DEL RIO S, SUITE 100
SAN DIEGO, CALIFORNIA 92108
TELEPHONE (619) 685-4800 FACSIMILE (619) 685-4811

or use of that financial assistance." Cal. Gov't. Code § 12955(e) (emphasis added). In support of Plaintiff's second cause of action in her proposed First Amended Complaint, Plaintiff alleges that "Defendants had explicit actual notice of Plaintiff's severe clinical oncology vulnerabilities and cognitive processing limitations." (First Am. Compl. ¶ 54.) Plaintiff additionally contends that Defendants completely breached their statutory duties by refusing to provide written communication accommodations, and subsequently executed an un-remediated, post-filing digital lockout on May 6, 2026…." (Id.)

As indicated above, Plaintiff's claim that Defendants refused to communicate with Plaintiff in writing is patently false. When Defendants were advised that Plaintiff only wanted to communicate in writing they mailed notice to Plaintiff's attention indicating that Plaintiff's telephone contact information was removed from their dialing system but that required mailings would still be provided. (MidFirst Decl. ¶ 21, Ex. 14.) Moreover, Defendants have detailed extensive written communications with Plaintiff – including the March 2026 Trial Plan. (MidFirst Decl. ¶ 23, Ex. 16.) As to the purported "digital lockout," the statutory phrase "because of" establishes a legal causation element requiring a plaintiff to show that the protected trait was a motivating factor in the discriminatory action. See, e.g., Harris v. City of Santa Monica, 56 Cal.4th 203 (2013) (holding that a plaintiff must prove that a protected characteristic was a ***substantial motivating factor*** in the employer's adverse employment decision.). Here, Plaintiff fails to sufficiently allege that Defendants removed Plaintiff's online access to account information ***because of*** Plaintiff being a member of a protected class and not for some unrelated and/or lawful reason; for example, the active litigation and multiple administrative complaints pending regarding Plaintiff's loan. Based on the forgoing, Plaintiff's FEHA claim remains insufficiently pleaded even if Plaintiff were granted leave to file her First Amended Complaint.

/ / /

McCARTHY & HOLTHUS, LLP
ATTORNEYS AT LAW
2763 CAMINO DEL RIO S, SUITE 100
SAN DIEGO, CALIFORNIA 92108
TELEPHONE (619) 685-4800 FACSIMILE (619) 685-4811

5) Plaintiff's Financial Elder Abuse claim fails as a matter of law.

In support of her proposed third cause of action for financial elder abuse, Plaintiff alleges that "[a]t all times relevant, Plaintiff's household contained a vulnerable caregiving and medical containment structure, specifically involving Plaintiff as a severely ill oncology patient navigating chronic processing fatigue, and her dependent mother requiring full-time 24/7 bedside safety monitoring." (First Am. Compl. ¶ 57.) Plaintiff further contends that "Defendants engaged in statutory financial abuse by taking, appropriating, obtaining, and retaining Plaintiff's real property title interests for a wrongful use, with the intent to defraud, and through the systematic application of undue influence." (First Am. Compl. ¶ 58.)

To succeed on an financial elder abuse cause of action under section 15610.30, a plaintiff must sufficiently allege that: 1) the defendant has taken, secreted, appropriated, obtained, or retained the plaintiff's money, property, or assets; 2) the assets must be taken for a wrongful use, or with the intent to defraud; 3) the transfer of assets was secured by taking unfair advantage of the victim's vulnerability, or by using excessive persuasion/force; and 4) a direct causal link showing that the defendant's wrongful conduct was a substantial factor in causing the plaintiff's harm. See CACI 3100; see also Cal. Welf. & Inst. Code § 15610.30. Here, Plaintiff has not sufficiently alleged her standing to pursue a claim under section 15610.30. Nowhere in the proposed First Amended Complaint does Plaintiff allege that she is 65 years of age, or older, and subject to the protections of section 15610.30. Id.

Moreover, "under subdivision (b) of section 15610.30, wrongful conduct occurs only when the party who violates the contract actually knows that it is engaging in a harmful breach, or reasonably should be aware of the harmful breach." Paslay v. State Farm General Ins. Co., 248 Cal.App.4th 639, 658 (2016). "It is one thing to say that financial agreements entered into by elders should be

'subject to special scrutiny', but quite another to suggest, as [plaintiff] does, that a lender has duties to a borrower who resides in this state and is '65 years of age or older' different from those it owes other borrowers." Hilliard v. Harbour, 12 Cal.App.5th 1006, 1015 (2017). Here, there are no allegations that Defendants took money from Plaintiff for a wrongful purpose or otherwise had any intent to defraud Plaintiff. Based on the forgoing, Plaintiff's financial elder abuse cause of action fails as a matter of law and is subject to dismissal.

6) Plaintiff fails to state a claim under California Business and Professions Code section 17200.

Plaintiff's unfair competition cause of action asserts a claim under section 17200 of the California Business and Professions Code. This section provides a private cause of action for unlawful, unfair, and fraudulent business acts or practices. Section 17200 is also known as the Unfair Competition Law, and its purpose is to preserve fair business competition. Walker v. Countrywide Home Loans, Inc., 98 Cal.App.4th 1158, 1169 (2002) (citing Cel-Tech Commc'ns, Inc. v. L.A. Cellular Tel. Co., 20 Cal.4th 163, 180 (1999)). The statute is disjunctive, meaning a plaintiff may state a claim by showing that the acts or practices at issue are either unlawful, or unfair, or deceptive. Id.

Foremost, Plaintiff lacks standing to pursue a cause of action for violation of Business and Professions Code section 17200. A private person has standing to assert a section 17200 claim only if he (1) "has suffered injury in fact," and (2) "has lost money or property ***as a result of*** such unfair competition." Cal. Bus. & Prof. Code § 17204 (emphasis added). Plaintiff cannot maintain an action unless he establishes a loss of money or property that was caused by the defendant's business practice. Kwikset Corp. v. Superior Court, 51 Cal.4th 310, 322 (2011). Plaintiff has not demonstrated an injury in fact that was *caused* by any specific conduct of this Defendant. See Hall v. Time Inc., 158 Cal.App.4th 847, 855 (2008) (finding section 17200 includes a causation element). Plaintiff contends that "Defendants

McCARTHY & HOLTHUS, LLP
ATTORNEYS AT LAW
2763 CAMINO DEL RIO S, SUITE 100
SAN DIEGO, CALIFORNIA 92108
TELEPHONE (619) 685-4800 FACSIMILE (619) 685-4811

business practices—including generating conflicting denial dates across court filings and customer correspondence, mismailing private third-party borrower records…constitute per se unlawful, unfair, and fraudulent business acts….” (First Am. Compl. ¶ 62.) However, because the pending foreclosure directly resulted from Plaintiff's failure to accept the November 2025 Trial Plan and the March 2026 Trial Plan, she cannot show that her purported injury was actually caused by Defendants' conduct.

Additionally, a business act may violate section 17200 if it is either "unlawful," "unfair," or "fraudulent." Each of these prongs involves "a separate and distinct theory of liability." Kearns v. Ford Motor Co., 567 F. 3d 1120, 1127 (9th Cir. 2009); see also S. Bay Chevrolet v. GM Acceptance Corp., 72 Cal.App.4th 861, 880-889 (1999) (discussing standards necessary to establish a violation under each separate prong of section 17200). Because a violation of section 17200 may be established by unfair, fraudulent, ***or*** unlawful practices, the plaintiff must specifically plead which prong his cause is action is based on. See Khoury v. Maly's of Cal., Inc. 14 Cal.App.4th 612, 619 (1979). Plaintiff fails to do so in her Complaint.

Plaintiff fails to establish the elements that must be met for an alleged practice to be deemed "unfair" under the section 17200: "(1) the consumer injury must be substantial; (2) the injury must not be outweighed by any countervailing benefits to consumers or competition; and (3) it must be an injury that consumers themselves could not reasonably have avoided." Davis v. Ford Motor Credit Co. LLC, 179 Cal.App.4th 581, 597-598 (2009). As to the second element, the injury that Plaintiff claims – the foreclosure – must be balanced against the interests of Defendants in collecting amounts that are owed on the loan. See Camacho v. Auto. Club of So. Cal., 142 Cal.App.4th 1394, 1406 (2006). Plaintiff also cannot meet the third element, as the foreclosure reasonably could have been avoided if she accepted loss mitigation options offered by Defendants. See Davis, 179 Cal. App.

McCARTHY & HOLTHUS, LLP
ATTORNEYS AT LAW
2763 CAMINO DEL RIO S, SUITE 100
SAN DIEGO, CALIFORNIA 92108
TELEPHONE (619) 685-4800 FACSIMILE (619) 685-4811

4th at 598. Thus, Plaintiff's unfair business practices cause of action remains deficient and subject to dismissal.

7) Plaintiff fails to state a claim for declaratory relief.

Plaintiff alleges that "[a]n actual, immediate, and concrete controversy exists between Plaintiff and Defendants regarding the statutory legality of the recorded Notice of Default, the validity of foreclosure mechanisms advanced during an active administrative civil rights appeal, and Defendants' compliance with mandatory HUD loss-mitigation frameworks.." (First Am. Compl. ¶ 63.) A federal court may exercise its jurisdiction over a claim pursuant to the Declaratory Judgment Act ("DJA"), "[i]n a case of actual controversy within its jurisdiction." 28 U.S.C. § 2201. The DJA is merely procedural; it does not provide a theory of recovery. Rendon v. Countrywide Home Loans, 2009 U.S. Dist. LEXIS 88047, *36 (E.D. Sept. 23, 2009). "A plaintiff must demonstrate that its action presents two essential elements to qualify for declaratory relief: '(1) a proper subject of declaratory relief, and (2) an actual controversy involving justiciable questions relating to [the plaintiff's] rights or obligations.'" Blue Novis, Inc. v. U.S. Alliance Group, Inc., 2021 WL 346422, *5, (C.D. Cal. Jan. 27, 2021) (quoting Jolley v. Chase Home Fin., LLC, 213 Cal.App.4th 872, 909 (2013)). Declaratory relief is a statutory remedy that "operates prospectively, and not merely for the redress of past wrongs. It serves to set controversies at rest before they lead to repudiation of obligations, invasion of rights or commission of wrongs…." Travers v. Louden, 254 Cal.App.2d 926, 931 (1967).

Here, Plaintiff is using her declaratory relief cause of action to challenge Defendants' completed loss mitigation efforts and prior servicing related activity. As such, Plaintiff merely seeks to redress past wrongs, rather than declaration of her future rights. See, e.g., Metcalf v. Drexel Lending Group, 2008 U.S. Dist. LEXIS 87420, *14 (S.D. Cal. Oct. 29, 2008) ("The purpose of a declaratory judgment is to set controversies at rest before they cause harm to plaintiff, not to remedy harms

McCARTHY & HOLTHUS, LLP
ATTORNEYS AT LAW
2763 CAMINO DEL RIO S, SUITE 100
SAN DIEGO, CALIFORNIA 92108
TELEPHONE (619) 685-4800 FACSIMILE (619) 685-4811

that have already occurred"); see also Cal. Code of Civ. P. § 1060. Since Plaintiff has again failed to sufficiently allege the essential elements necessary to assert a declaratory relief cause of action, leave to amend should be denied.

8) Plaintiff's wrongful foreclosure cause of action fails as a matter of law.

To establish a claim for wrongful foreclosure, a plaintiff must prove the following elements: "(1) the trustee or mortgagee caused an illegal, fraudulent, or willfully oppressive sale of real property pursuant to a power of sale in a mortgage or deed of trust; (2) the party attacking the sale (usually but not always the trustor or mortgagor) was prejudiced or harmed; and (3) in cases where the trustor or mortgagor challenges the sale, the trustor or mortgagor tendered the amount of the secured indebtedness or was excused from tendering." Daniels v. Select Portfolio Servicing, Inc., 246 Cal.App.4th 1150, 1184-1185 (2016) (internal quotes omitted). "[M]ere technical violations of the foreclosure process will not give rise to a tort claim; the foreclosure must have been entirely unauthorized on the facts of the case." Miles v. Deutsche Bank National Trust Co., 236 Cal.App.4th 394, 409 (2015).

Here, Plaintiff contends that the "Defendants have initiated and advanced non-judicial foreclosure proceedings through a series of fatal procedural defects, back-dated notices, and clear statutory violations of the California Civil Code." (First Am. Compl. ¶ 64.) However, Plaintiff cannot show that Defendants caused an illegal, fraudulent, or willfully oppressive sale. As indicated above, Defendants were authorized to proceed with the sale following Plaintiff's default under her modified loan and her refusal to accept multiple subsequent modification offers from Defendants. See Cal. Civ. Code § 2923.6(c)(1)-(3); see also MidFirst Decl. ¶¶ 7-8, Ex. 2-3; MidFirst Decl. ¶¶ 15, 23, Ex. 9, 16.

Moreover, Plaintiff cannot state a claim for wrongful foreclosure absent tender. Karlsen v. American Sav. & Loan Assn., 15 Cal.App.3d 112, 117 (1971); see also Arnolds Management Corp. v. Eischen, 158 Cal.App.3d 575, 578 (1984)

McCARTHY & HOLTHUS, LLP
ATTORNEYS AT LAW
2763 CAMINO DEL RIO S, SUITE 100
SAN DIEGO, CALIFORNIA 92108
TELEPHONE (619) 685-4800 FACSIMILE (619) 685-4811

(“It is settled that an action to set aside a trustee's sale for irregularities in sale notice or procedure should be accompanied by an offer to pay the full amount of the debt for which the property was security.”). “A tender is an offer of performance made with the intent to extinguish the obligation.” Arnolds, at 580 (citing Cal. Civ. Code § 1485; Still v. Plaza Marina Commercial Corp., 21 Cal.App.3d 378, 385 (1971)). “A tender must be one of full performance…and must be unconditional to be valid.” Arnolds, at 580. Plaintiff has failed to tender the full amount owing on her loan as Plaintiff is due for the April 1, 2024 payment (MidFirst Decl. ¶ 11.) Based on the forgoing, Plaintiff’s wrongful foreclosure cause of action fails as a matter of law. Consequently, Plaintiff’s Motion should be denied.

9) Plaintiff’s good faith and fair dealing cause of action remains insufficiently pleaded.

The covenant of god faith and fair dealing is implied into every contract, and it “requires each contracting party to refrain from doing anything to injure the right of the other to receive the benefits of the agreement.” Benavides v. State Farm General Ins. Co., 136 Cal.App.4th 1241, 1249 (2006). “The implied covenant of good faith and fair dealing does *not* extend beyond the terms of the contract at issue.” Poway Royal Mobilehome Owners Ass’n v. City of Poway, 149 Cal.App.4th 1460, 1477 (2007) (citing New Plumbing Contractors, Inc. v. Nationwide Mutual Ins. Co., 7 Cal.App.4th 1088, 1096 (1992)).

“Because contracts differ, the nature and extent of the duties owed under the implied covenant are also variable and ‘will depend on the contractual purposes.’” Love v. Fire Ins. Exch., 221 Cal.App.3d 1136, 1147 (1990) (quoting Egan v. Mutual of Omaha Ins. Co., 24 Cal.3d 809, 818 (1979)). When the contract at issue is a deed of trust, the purpose of the contract “is that the borrower will have the use of funds loaned on specific terms and the lender will have the right to a specified repayment that is secured by the deed of trust[.]” Freeman v. Lind, 181 Cal.App.3d 791, 803 (1986) (citing Milstein v. Security Pac. Nat’l Bank, 27 Cal.App.3d 482,

McCARTHY & HOLTHUS, LLP
ATTORNEYS AT LAW
2763 CAMINO DEL RIO S, SUITE 100
SAN DIEGO, CALIFORNIA 92108
TELEPHONE (619) 685-4800 FACSIMILE (619) 685-4811

487 (1972)). Furthermore, the implied covenant does not trump an agreement's express language. Carma Developers (Cal.) Inc. v. Marathon Dev. Cal., Inc., 2 Cal.4th 342, 374 (1992). Courts have held that "one cannot invoke the implied covenant to prohibit conduct that the contract expressly allows." 21st Century Ins. Co. v. Superior Court, 47 Cal.4th 511, 526-527 (2009).

Plaintiff contends that "Defendants intentionally frustrated Plaintiff's right to receive the core fruits and benefits of the underlying mortgage contract by advancing extrajudicial liquidation protocols while simultaneously pretending to handle administrative loss-mitigation and escalation reviews." (First Am. Compl. ¶ 65.) However, it is undisputed that Plaintiff received the benefit of the use of the loan funds when she executed the note and Deed of Trust in January 2016. (MidFirst Decl. ¶ 6, Ex. 1.) It is also undisputed that Plaintiff's loan has already been modified numerous times – via the 2019 Modification and the 2023 Loan Modification. (MidFirst Decl. ¶¶ 7-8, Ex. 2-3.) Thereafter, Plaintiff was offered the November 2025 Trial Plan and the March 2026 Trial Plan. (MidFirst Decl. ¶¶ 15, 23, Ex. 9, 16.) In the Deed of Trust, Plaintiff agreed that the lender could exercise its right to foreclose on the Subject Property in the event of Plaintiff's default. Plaintiff has not alleged facts demonstrating any way that Defendants' actions frustrated the purpose of the Deed of Trust – especially since it was Plaintiff that rejected the alternatives to avoid foreclosure offered by Defendants. As a result, Plaintiff's claim for breach of the covenant of good faith and fair dealing fails to state a viable claim for relief.

10) Plaintiff's negligence cause of action remains insufficiently pleaded.

To maintain a cause of action for negligence, a plaintiff must show: (1) a legally cognizable duty owed by defendant to plaintiff; (2) breach of that duty; (3) causation; and (4) resulting injury to the plaintiff. Merrill v. Navegar, 26 Cal. 4th 465, 500 (2001). The existence of a duty is an essential element of a claim for negligence, which can be determined as a matter of law in ruling on a demurrer.

McCARTHY & HOLTHUS, LLP
ATTORNEYS AT LAW
2763 CAMINO DEL RIO S, SUITE 100
SAN DIEGO, CALIFORNIA 92108
TELEPHONE (619) 685-4800 FACSIMILE (619) 685-4811

McCARTHY & HOLTHUS, LLP
ATTORNEYS AT LAW
2763 CAMINO DEL RIO S, SUITE 100
SAN DIEGO, CALIFORNIA 92108
TELEPHONE (619) 685-4800 FACSIMILE (619) 685-4811

Artiglio v. Corning Inc., 18 Cal. 4th 604, 614 (1998); Software Design & Application Ltd. v. Hoefer & Arnett, Inc., 49 Cal.App.4th 472, 478 (1996). Under California law, a financial institution owes no tort duty to its borrower when its involvement in the loan transaction does not exceed the scope of its traditional role as lender. Nymark v. Hart Federal Sav. & Loan Ass'n., 231 Cal.App.3d 1089, 1096 (1991). Plaintiff has not presented any allegations which show that Defendants acted in a manner exceeding the traditional role of a financial institution in its dealings ***with Plaintiff***, and accordingly, she cannot state a cause of action for negligence.

Instead, Plaintiff merely contends that "Defendants improperly transmitting another completely unrelated borrower's nonpublic personal financial records into Plaintiff's caregiving domain without remediation." (First Am. Compl. ¶ 66.) But, even if that were true, Plaintiff cannot show that the receipt of another borrower's financial information caused ***Plaintiff*** any actual harm or that Defendants' actions were a substantial factor in causing Plaintiff's harm. See, e.g., Ladd v. County of San Mateo, 12 Cal.4th 913, 917 (1996) (the well-established elements for a negligence cause of action require a showing that "the breach as the proximate or legal cause of the resulting injury.").

## CONCLUSTION

Based on the forgoing, Defendants respectfully request that Plaintiff's motion for leave to file her proposed First Amended Complaint be denied.

Dated: August 7, 2026

Respectfully submitted,
**McCARTHY & HOLTHUS, LLP**

By: /s/ Matthew B. Learned
Matthew B. Learned, Esq.
Attorneys for Defendants,
MidFirst Bank and Midland Mortgage