UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No. 2:26-cv-01990-MWC-SK Date: August 21, 2026

Title: Ifeoma Chukwurah v. Midland Mortgage, *et al*.

Present: The Honorable Michelle Williams Court, United States District Judge

| T. Jackson | Not Reported |
| --- | --- |
| Deputy Clerk | Court Reporter / Recorder |

| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants: |
| --- | --- |
| N/A | N/A |

**Proceedings: (IN CHAMBERS) ORDER GRANTING PLAINTIFF'S MOTION FOR LEAVE TO FILE FIRST AMENDED COMPLAINT (DKT. [106]); DENYING AS MOOT DEFENDANTS' REQUEST FOR JUDICIAL NOTICE (DKT. [118-1]) AND STRIKING PLAINTIFF'S NOTICE OF SUPPLEMENTAL EVIDENCE (DKT. [121])**

Before the Court is Plaintiff Ifeoma Chukwurah's ("Chukwurah" or "Plaintiff") Motion for Leave to file First Amended Complaint ("motion"). Dkt. # 106 ("*Mot.*"). Defendants Midfirst Bank and Midland Mortgage Investors Trust (collectively "Midland" or "Defendants" opposed, Dkt. # 118 ("*Opp'n*."), and concurrently filed a Request for Judicial Notice, Dkt. # 118-1. Plaintiff replied, Dkt. # 119 ("*Reply*"), and thereafter, filed a Notice of Supplemental Evidence in Support of Motion for Leave to File First Amended Complaint ("Notice of Supplemental Evidence") without receiving prior leave of Court, Dkt. # 121. The Court finds this matter appropriate for decision without oral argument. *See* Fed. R. Civ. P. 78; C.D. Cal. R. 7-15. After considering the papers, the Court **GRANTS** Plaintiff's Motion for Leave to file First Amended Complaint and **DENIES AS MOOT** Defendants' Request for Judicial Notice (Dkt. # 118-1). The Court **DENIES** Plaintiff's request for the Court to order the Clerk of Court to separately file her amended complaint (Dkt. # 106-3). Because Plaintiff failed to request leave of Court prior to filing, the Court further **STRIKES** Plaintiff's Notice of Supplemental Evidence (Dkt. # 121).

I. Background & Procedural History

Plaintiff is proceeding *pro se* and *in forma pauperis*.[1] On February 24, 2026, Plaintiff initiated this action. Dkt. # 1 ("*Compl.*"). The Complaint "seeks judicial intervention to halt and remedy unlawful mortgage servicing and foreclosure conduct undertaken by Defendants while Plaintiff's requests for mortgage assistance were pending, repeatedly denied without explanation, and administratively escalated without resolution." *Id.* ¶ 1. The Complaint further alleges that Defendants relayed "contradictory communications," recorded a Notice of Default on December 26, 2025, and "failed to provide meaningful written determinations or responses[.]" *See id.* ¶¶ 2–3, 20–22.

Plaintiff's current Complaint asserts ten (10) causes of action under: (1) the Real Estate Settlement Procedures Act ("RESPA") for failure to provide a meaningful response; (2) RESPA for "Dual Tracking"; (3) the Fair Housing Act ("FHA") for disability discrimination/failure to accommodate; (4) the FHA for "Procedural Accommodation/Accessibility"; (5) California's Unfair Competition Law ("UCL"); (6) breach of the covenant of good faith and fair dealing; (7) wrongful foreclosure; (8) negligence and improper disclosure of personal information; (9) declaratory relief; and (10) injunctive relief. *See id.* at 6–9. Between March 5, 2026, and July 24, 2026, Plaintiff filed several *ex parte* applications for temporary restraining orders ("TRO Applications"), seeking to prevent foreclosure proceedings from advancing. *See, e.g.*, Dkts. # 13, 18–20, 22, 32, 40, 91, 107. The Court denied each of Plaintiff's TRO Applications, in substantial part, because Plaintiff failed to demonstrate a likelihood of success on the merits of her claims. Dkts. # 15, 19, 23, 35, 63, 93, 109.

On July 24, 2026, Plaintiff filed the instant motion. Dkt. # 106. Plaintiff requests leave of Court to file her First Amended Complaint ("FAC"), submitted and attached as Exhibit 1 to her motion. *See* Ex 1. to *Mot.*, Dkt. # 106-1 ("*FAC*"). The anticipated FAC asserts ten (10) causes of action for violations of: (1) RESPA; (2) the FHA; (3) the Fair Debt Collection Practices Act ("FDCPA"); (4) the California Homeowner Bill of Rights

[1] Because Plaintiff is proceeding *pro se*, the Court is "obligated to liberally construe [her] documents," looking "to the contents of [her] filing[s] rather than [their] form." *Watanabe v. Derr*, 115 F.4th 1034, 1043 (9th Cir. 2024) (cleaned up), *cert. granted sub nom. Nielsen v. Watanabe*, 2026 WL 1780123 (June 22, 2026); *Ross v. Williams*, 950 F.3d 1160, 1173 n.19 (9th Cir. 2020) (same).

("HBOR"); (5) California's Fair Employment and Housing Act ("FEHA"); (6) California Welfare & Institutions Code Section 15610.30 for financial abuse of an elder and dependent adult; (7) California's Rosenthal Fair Debt Collection Practices Act ("Rosenthal Act"); (8) the UCL; and common law claims for (9) breach of the covenant of good faith and fair dealing; and (10) negligence. *See id.* at 14–21. Plaintiff's proposed FAC also adds two new Defendants: [1] Defendants' law firm, McCarthy & Holthus, LLP, and [2] Quality Loan Service Corporation. *See FAC*.

II. Legal Standard

A. Rule 15(a)

Courts have broad discretion to grant leave to amend a complaint. *See Nguyen v. Endologix, Inc.*, 962 F.3d 405, 420 (9th Cir. 2020). Federal Rule of Civil Procedure 15(a) advises that "[t]he court should freely give leave when justice so requires." Fed. R. Civ. P. 15(a)(2). The Ninth Circuit has made clear that "[t]his policy is to be applied with extreme liberality." *Eminence Cap., LLC v. Aspeon, Inc.*, 316 F.3d 1048, 1051 (9th Cir. 2003); *see also Chudacoff v. Univ. Med. Ctr. of So. Nev.*, 649 F.3d 1143, 1152 (9th Cir. 2011) ("Rule 15(a) is designed to facilitate decision on the merits, rather than on the pleadings or technicalities.").

In determining whether a plaintiff should be granted leave to amend, the Court considers "the presence or absence of undue delay, bad faith, dilatory motive, repeated failure to cure deficiencies by previous amendments, undue prejudice to the opposing party and futility of the proposed amendment." *Kroessler v. CVS Health Corp.*, 977 F.3d 803, 814–15 (9th Cir. 2020) (internal quotation marks and citation omitted). But not all factors have equal weight, as "it is the consideration of prejudice to the opposing party that carries the greatest weight." *Eminence Cap.*, 316 F.3d at 1052 (citation omitted); *see also id.* ("Prejudice is the touchstone of the inquiry under rule 15(a)."). "Absent prejudice, or a strong showing of any of the remaining [ ] factors, there exists a *presumption* under Rule 15(a) in favor of granting leave to amend." *Id.* (emphasis in original). The party opposing amendment bears the burden of demonstrating why leave should be denied, including the burden of establishing prejudice. *Desert Protective Council v. U.S. Dep't of the Interior*, 927 F. Supp. 2d 949, 962 (S.D. Cal. 2013); *Underwood v. O'Reilly Auto Enters., LLC*, 342 F.R.D. 388, 343 (D. Nev. 2022).

III. Discussion[2]

Defendants oppose Plaintiff's request to file her FAC, contending that (1) Plaintiff's motion is untimely; (2) Plaintiff acted in bad faith in pursuing her claims; and finally, (3) that amendment is futile because Plaintiff's claims fail as a matter of law. *See Opp'n* at 10–25.

A. Undue Delay

Defendants first challenge that Plaintiff's motion is untimely because she knew about the pending nonjudicial foreclosure of her home "since before she filed her initial Complaint" in February 2026. *Opp'n* at 10, 11 ("Plaintiff was certainly aware of the nonjudicial foreclosure and Quality's recording of the Notice of Default prior to her filing the original Complaint in February 2026."). Defendants argue that Plaintiff therefore "fails to explain why she took no action to assert claims relating to the nonjudicial foreclosure, and bring in additional parties involved with the foreclosure process, for more than six months after the foreclosure was commenced." *Id.* at 11 (footnote omitted).

By itself, undue delay "is insufficient to justify denying leave to amend[.]" *United States v. United Healthcare Ins. Co.*, 848 F.3d 1161, 1184 (9th Cir. 2016); *Bowles v. Reade*, 198 F.3d 752, 758 (9th Cir. 1999); *see also Underwood*, 342 F.R.D. at 346; *Castillo v. Cnty. of Sanislaus*, No. 2:23-cv-01590-DC-SCR, 2026 WL 2364082, at *5 (E.D. Cal. Aug. 14, 2026). "To determine if a delay is 'undue,' courts evaluate: (1) the length of the delay measured from the time the moving party obtained relevant facts; (2) the status of discovery; and (3) the proximity to trial." *Castillo*, 2026 WL 2364082, at *5 (quotation marks and citation omitted); *see also Peterson v. United Fin. Cas. Co.*, No. 2:22-cv-01509-JCM-NJK, 2023 WL 9492294, at *1 (D. Nev. May 3, 2023) ("A strong presumption against a finding of undue delay exists when a case is still in discovery.") (quotation marks and citation omitted). The Court must also assess "whether the moving party knew or should

---

[2] Though Plaintiff's motion fails to comply with the Court's Standing Order regarding Motions to Amend in that, among other things, Plaintiff failed to "include as an attachment a 'redlined' version of the proposed amended pleading indicating all additions and deletions of material," the Court exercises its discretion to reach the merits of Plaintiff's motion given her *pro se* status. *See* Standing Order, Dkt. # 11 at 6, ¶ 7b.

have known the facts and theories raised by the amendment in the original pleading." *Jackson v. Bank of Haw.*, 902 F.2d 1385, 1388 (9th Cir. 1990).

Here, Plaintiff seeks amendment, in part, to incorporate "vital post-filing events, including Midland Mortgage's July 20, 2026 written admission" scheduling a foreclosure auction for August 6, 2026, the "three-way timeline contradictions across defense statements, active state CRD administrative appeals, and the May 6, 2026 digital portal lockout." *Mot.* at 4. The Court finds no delay here. Plaintiff seeks to timely add new facts to her Complaint within a month or two of their occurrence. *Castillo*, 2026 WL 2364082, at *5.

To the extent that Defendants oppose amendment because Plaintiff could have alleged new legal claims in her original Complaint, the Court cannot ignore the fact that Plaintiff is proceeding as a *pro se* litigant in this action. *See Kim v. Hanlees Seven, Inc.*, No. 18-cv-00472-JSW, 2019 WL 13256104, at *2 (N.D. Cal. June 10, 2019); *Beeman v. City of San Diego*, No. 3:21-cv-00457-RBM-DDL, 2022 WL 16577534, at *4 (S.D. Cal. Oct. 31, 2022) ("In part due to Plaintiff's *pro se* status, the Court does not find at this juncture that Plaintiff has unduly delayed . . ."). It is unclear whether Plaintiff knew about these theories at the time she filed her initial Complaint. None of the other considerations weigh in favor of finding delay here, as it does not appear that the parties have initiated discovery, and the Court has not even issued a Scheduling Order to set the parties' trial date. *Castillo*, 2026 WL 2364082, at *5; *see* Dkt. # 85 (setting parties' initial scheduling conference). Finally, even if Plaintiff delayed in seeking amendment, this alone does not warrant denying the motion. *United Healthcare*, 848 F.3d at 1184. The Court finds no delay in seeking amendment.

B. Bad Faith

"A motion to amend is made in bad faith when there is evidence of a wrongful motive." *Regalado v. Fresno Cnty.*, No. 1:23-cv-00672-KES-BAM, 2024 WL 4729523, at *5 (E.D. Cal. Nov. 8, 2024) (citations omitted); *Cribier v. Compass, Inc.*, No. 3:25-cv-01833-RBM-VET, 2026 WL 2280654, at *5 (S.D. Cal. Aug. 7, 2026) ("Finding bad faith requires courts to focus on the plaintiff's motives for not amending the complaint to assert the proposed new claims earlier.") (internal quotation marks and citation omitted). Such "wrongful motives" include "unnecessary delay or harassment." *Cribier*, 2026 WL 2280654, at *5. "Bad faith will not be found where the record demonstrates that plaintiff's

allegations were not frivolous and that they were endeavoring in good faith to meet the pleading requirements." *Id.* (internal quotation marks and citation omitted).

Defendants assert that Plaintiff has acted in bad faith in pursuing her claims because Plaintiff filed several TRO Applications and failed to seek amendment "until the Notice of Sale was issued, and after Defendants had answered the Complaint[.]" *See Opp'n* at 11–12. Defendants further raise that "Plaintiff has improperly targeted the law firm representing Defendants solely for the purpose of pursuing meritless claims against the firm in retaliation for its representation of Defendants." *Id.* at 12.

Plaintiff initially sought to amend her Complaint almost immediately after the Court denied her sixth TRO Application for failing to demonstrate a likelihood of success on the merits. *See* Dkts. # 93, 95. There is no indication in the Record that Plaintiff is motivated by unnecessary delay or harassment. If anything, Plaintiff has repeatedly demonstrated an urgency to succeed on the merits of her claims in this case. To the extent that Defendants aver that Plaintiff's allegations against their law firm are only brought for the purposes of harassment, Defendants have failed to submit any evidence to support this assertion. *See Cribier*, 2026 WL 2280654, at *5 (failing to find bad faith to seek amendment where defendant failed to "present any evidence indicating that Plaintiff sought leave to amend for a wrongful motive"); *see also Mendoza v. Cnty. of Kings*, No. 1:21-cv-00721-JLT-BAM, 2023 WL 6626170, at *5 (E.D. Cal. Oct. 11, 2023). Accordingly, the Court does not find that Plaintiff seeks amendment in bad faith.

C. Futility of Amendment

Finally, Defendants assess the merits of all ten (10) claims in Plaintiff's anticipated FAC to argue that leave to amend is futile. *See Mot.* at 12–25.

An amendment is futile "when no set of facts can be proved under the amendment to the pleadings that would constitute a valid and sufficient claim or defense." *Missouri ex rel. Koster v. Harris*, 847 F.3d 646, 656 (9th Cir. 2017). But "[d]enial of leave to amend on this ground is rare. Ordinarily, courts will defer consideration of futility challenges until after leave to amend is granted and the amended pleading is filed." *Santos v. Fid. Nat'l Title Ins. Co.*, No. 24cv2069-GPC(MSB), 2025 WL 1361478, at *2 (S.D. Cal. May 9, 2025) (cleaned up). "Deferring ruling on the sufficiency of the allegations is preferred in light of the more liberal standards applicable to motions to amend and the fact that the

parties' arguments are better developed through a motion to dismiss." *Peterson*, 2023 WL 9492294, at *1 (citation omitted); *see also Castillo*, 2026 WL 2364082, at *5 ("[E]valuating the merits of proposed claims is generally inappropriate when considering motions for leave to amend.") (quotation marks and citations omitted); *Pena v. Bobs Discount Furniture, LLC*, No. EDCV 26-03319-KK-PVCx, 2026 WL 2364768, at *2 (C.D. Cal. Aug. 13, 2026) (same); *Regalado*, 2024 WL 4729523, at *5–6 (same).

Because the Court finds no bad faith or undue delay, and because Defendants have failed to demonstrate undue prejudice, the Court declines to deny the motion for leave to amend based purely on futility grounds. The Court defers addressing Defendants' arguments about the merits of the proposed claims in the anticipated FAC at this time, as such questions are better addressed on a motion to dismiss. As such, the Court **GRANTS** Plaintiff's Motion for Leave to File First Amended Complaint (Dkt. # 106). Since the Court did not rely on any of the exhibits submitted and attached to Defendants' Opposition brief, the Court **DENIES AS MOOT** Defendants' Request for Judicial Notice (Dkt. # 118-1). *See In re Meta Android Priv. Litig.*, --- F. Supp. 3d ---, 2026 WL 1279416, at *1 n.1 (N.D. Cal. May 11, 2026) (awaiting publication); *Disney Enters., Inc. v. Minimax*, No. 2:25-cv-08768-SB-E, 2026 WL 1476670, at *4 n.3 (C.D. Cal. May 22, 2026); *Vidor v. Macomber*, No. CV 25-10535 PA (SSCx), 2026 WL 967418, at *8 n.5 (C.D. Cal. Apr. 2, 2026).

Regarding Plaintiff's request that the Court direct the Clerk of Court to detach and separately docket her FAC, this request is **DENIED**. *See* Dkt. # 106-3. C.D. Cal. Local Rule 15-1 prescribes that "a party who obtains leave of Court to file an amended pleading must promptly thereafter file the pleading approved by the Court as a separate document in the Court's CM/ECF System." *See* C.D. Cal. L.R. 15-1. The Court accordingly affords Plaintiff **two days** from the date this Order issues to file her FAC as a separate docket entry.

Finally, three days after filing her Reply brief, Plaintiff filed her Notice of Supplemental Evidence to "directly refute[] the factual narrative advanced by Defendants' counsel in Opposition" to her motion. Dkt. # 121. The Court construes this filing as, in form and substance, a supplemental brief. Neither this District's Local Rules nor the Court's Standing Order contemplate post-reply briefing. Instead, Plaintiff was obligated to seek leave of Court before filing her Notice of Supplemental Evidence. Given this failure to seek leave of Court, the Court **STRIKES** Plaintiff's Notice of Supplemental Evidence (Dkt. # 121) from the Record.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No. 2:26-cv-01990-MWC-SK Date: August 21, 2026

Title: Ifeoma Chukwurah v. Midland Mortgage, *et al*.

IV. Conclusion

For the foregoing reasons, the Court **ORDERS** that:

1. Plaintiff's Motion for Leave to file First Amended Complaint (Dkt. # 106) is **GRANTED**. Plaintiff's request for the Court to direct the Clerk of Court to detach and separately docket the amended complaint is **DENIED**. Plaintiff **SHALL** file her FAC as a separate docket entry within two days of issuance of this Order

2. Defendants' Request for Judicial Notice (Dkt. # 118-1) is **DENIED AS MOOT**.

3. The August 28, 2026 hearing is **VACATED**.

4. Plaintiff's Notice of Supplemental Evidence in Support of Motion for Leave to File First Amended Complaint (Dkt. # 121) is **STRICKEN** from the Record.

**IT IS SO ORDERED.**

:

**Initials of Preparer** TJ