UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No. 2:26-cv-01990-MWC-SK Date: August 27, 2026

Title: Ifeoma Chukwurah v. Midland Mortgage, *et al.*

Present: The Honorable Michelle Williams Court, United States District Judge

| T. Jackson | Not Reported |
| --- | --- |
| Deputy Clerk | Court Reporter / Recorder |

| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants: |
| --- | --- |
| N/A | N/A |

**Proceedings: (IN CHAMBERS) ORDER STRIKING PLAINTIFF'S MOTION FOR JUDICIAL APPROVAL OF RECORDATION OF LIS PENDENS AND PRELIMINARY INJUNCTION (DKT. [130]) FOR FAILING TO COMPLY WITH THE LOCAL RULES AND THIS COURT'S STANDING ORDER**

On August 28, 2026, Plaintiff Ifeoma Chukwurah filed the pending Motion for Judicial Approval of Recordation of Lis Pendens and Preliminary Injunction ("motion"). Dkt. # 130. According to the motion and exhibits submitted attached thereto, Plaintiff "conducted formal written notice on August 24, 2026" to Defense counsel in lieu of the parties pre-filing conference required by C.D. Cal. Local Rule 7-3. *See id.* at 2; *see also* Decl. of Ifeoma Chukwurah, Dkt. # 130-1 ("*Chukwurah Decl.*") ¶ 4. The email "set[] a deadline of August 26, 2026, at 5:00 PM to stipulate or oppose." *Chukwurah Decl.* ¶ 4; *see also* Ex. A, Dkt. # 130-2 at 1–2 (copy of email correspondence). The email never requested a time to confer telephonically or via video conference. *See generally* Ex. A, Dkt. # 130-2 at 1–2.

This District's Local Rules require, in relevant part:

> In all cases not listed as exempt in L.R. 16-12, . . . counsel contemplating the filing of any motion must first contact opposing counsel to discuss thoroughly, preferably in person, the substance of the contemplated motion and any potential resolution. **The conference must take place in person, by telephone, or via video conference at least 7 days prior to the filing of the motion.** If the parties are unable to reach a resolution that eliminates the necessity for a hearing, counsel

> for the moving party must include a declaration, under penalty of perjury, that sets forth at a minimum the date(s) the conference took place and the position of each party with respect to each disputed issue that will be the subject of the motion. Failure to include such a declaration may result in the motion being denied.

C.D. Cal. L.R. 7-3 (emphasis added).

The Court's revised Standing Order reiterates the necessity of this pre-filing conference. *See* Honorable Michelle Williams Court, Central District of California, *Orders and Additional Documents*, at https://apps.cacd.uscourts.gov/Jps/honorable-michelle-williams-court ("*Standing Order*"). Specifically, the Court's Standing Order provides, in full:

> Counsel must comply with Local Rule 7-3, which requires counsel to engage in a pre-filing conference 'to discuss thoroughly . . . the substance of the contemplated motion and any potential resolution.' Counsel should discuss the issues to a sufficient degree that if a motion is still necessary, the briefing may be directed to those substantive issues requiring resolution by the Court. Counsel should resolve minor procedural or other non-substantive matters during the conference. The *pro se* status of one or more parties does not negate this requirement. **The parties are further advised that email correspondence along is insufficient to satisfy this requirement**. If the parties do not comply with Local Rule 7-3, the Court may strike or deny the motion.

*Id.* (emphasis in original).

District courts have "considerable latitude in managing the parties' motion practice and enforcing local rules that place parameters on briefing." *Christian v. Mattel, Inc.*, 286 F.3d 1118, 1129 (9th Cir. 2002); *see also Bias v. Moynihan*, 508 F.3d 1212, 1223 (9th Cir. 2007). Local Rule 7-3 "is not just a piece of petty pedantry put down to trip up lawyers or mere formalism simply there for lawyers to check off." *Hudson-Bryant v. OCMBC Inc.*, No. 8:24-cv-00067-FWS-JDE, 2026 WL 1509964, at *2 (C.D. Cal. May 27, 2026) (cleaned up) (internal quotation marks and citations omitted). "Rather, it serves the important

functions to help secure the just, speedy, and inexpensive determination of every action and proceeding." *Id.* (internal quotation marks and citations omitted) (collecting cases). Indeed, "[t]he rule is of such importance that a district court may deny, strike, or decline to consider a party's motion for failing to comply with its requirements." *Est. of Martinez v. Cnty. of L.A.*, No. 2:23-cv-05586-ODW (MAAx), 2026 WL 445537, at *1 (C.D. Cal. Feb. 17, 2026) (citing C.D. Cal. L.R. 7-4 and *Tri-Valley CAREs v. U.S. Dep't of Energy*, 671 F.3d 1113, 1131 (9th Cir. 2012)); *see also id.* ("Courts in this district routinely deny or strike motions based on a party's failure to comply with Local Rule 7-3."); *see, e.g.*, *Bosco v. First Advantage Background Servs. Corp.*, No. 2:25-cv-12019-MCS-MAA, 2026 WL 1365815, at *1 (C.D. Cal. May 11, 2026); *Mission Wealth Mgmt., LP v. Flores*, No. 2:26-cv-00035-MCS-MAA, 2026 WL 1453929, at *1 (C.D. Cal. Apr. 20, 2026).

Here, Plaintiff's motion fails to comport with Local Rule 7-3 for two reasons. First, to the extent that Plaintiff relies on this email correspondence to satisfy her obligations under Local Rule 7-3, both the Court's revised Standing Order and this District's Local Rules make clear that email correspondence alone is insufficient to comply with the plain text of Local Rule 7-3. *See Standing Order* at 6–7; C.D. Cal. L.R. 7-3; *see also Stebbins v. CDMR Imperialsalt*, No. 8:24-cv-01486-JVS-KESx, 2025 WL 2371965, at *3 (C.D. Cal. July 8, 2025) ("[E]mails are insufficient to comply with the requirements of Local Rule 7-3"); *Lewis v. Heritage Auctions*, No. 2:25-cv-00748-AH-(PDx), 2025 WL 2087552, at *1 (C.D. Cal. May 27, 2025) (stating that email correspondence failed to comply with Local Rule 7-3's requirement "to meet and confer in person or by videoconference"). Second, Plaintiff's own exhibit indicates that she sent the email on August 24, 2026, only two days before filing the instant motion. *See* Ex. A, Dkt. # 130-2 at 1. This was improper and also in violation of Local Rule 7-3's seven-day requirement. *See* C.D. Cal. L.R. 7-3.

Currently before the Court is Plaintiff's Motion for Reasonable Disability Accommodations, wherein Plaintiff requests, in part, "[t]hat Plaintiff be authorized to perform all pre-filing conferrals required by C.D. Cal. Local Rule 7-3 exclusively in writing via electronic mail." *See* Dkt. # 117 at 2. But, the motion is not yet fully briefed, and even if it were, the Court has not yet ruled on this motion. Plaintiff is well aware of Local Rule 7-3's commands. *See, e.g.*, *id.*; Dkt. # 100 at 4. "Local Rule 7-3's direction that the parties meet and confer to *discuss* the substance and potential resolution of an anticipated motion is not a mere suggestion to be cavalierly set aside when its dictates are inconvenient." *Est. of Martinez*, 2026 WL 445537, at *2 (emphasis in original). And "[c]ompliance with the Local Rules is not optional[.]" *Id.*

Finally, even if Plaintiff *had* complied with C.D. Cal. Local Rule 7-3's requirements, she failed to also submit a declaration certifying the use or non-use of Artificial Intelligence, as is required for "[l]awyers and *pro se* litigants" alike who file any "motion, pleading, or other paper" with this Court. *See Standing Order* at 2–3. Plaintiff's failure to attach this declaration serves as another reason to strike the motion.

Accordingly, for these reasons, the Court **STRIKES** Plaintiff's Motion for Judicial Approval of Recordation of Lis Pendens and Preliminary Injunction (Dkt. # 130) for failing to comply with C.D. Cal. Local Rule 7-3 and this Court's revised Standing Order. The October 2, 2026 hearing date is **VACATED**. The Court admonishes Plaintiff to comply with the Court's Local Rules and Standing Order going forward.

**IT IS SO ORDERED.**

:

**Initials of Preparer** TJ