**McCARTHY & HOLTHUS, LLP**
Melissa Robbins Coutts, Esq. (SBN: 246723)
Matthew B. Learned, Esq. (SBN: 255499)
2763 Camino Del Rio S, Suite 100
San Diego, CA 92108
Telephone: (619) 685-4800
Facsimile: (619) 685-4811
Email: malearned@mccarthyholthus.com

Attorneys for Defendants,
MidFirst Bank and Midland Mortgage

**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

| | |
|---|---|
| Ifeoma Chukwurah,<br><br>Plaintiff,<br><br>v.<br><br>Midland Mortgage; Midfirst Bank; Midland Mortgage Investors Trust; and DOES 1-20, inclusive,<br><br>Defendants. | Case No. 2:26-cv-01990-MWC-SK<br><br>**MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION TO DISMISS PLAINTIFF'S FIRST AMENDED COMPLAINT PURSUANT TO RULE 12(b)(6)**<br><br>Date: October 9, 2026<br>Time: 1:30 p.m.<br>Dept.: Courtroom 6A, 6th Floor<br>Judge: Hon. Michelle Williams<br><br>Complaint Filed: February 24, 2026 |

McCARTHY & HOLTHUS, LLP
ATTORNEYS AT LAW
2763 CAMINO DEL RIO S, SUITE 100
SAN DIEGO, CALIFORNIA 92108
TELEPHONE (619) 685-4800 FACSIMILE (619) 685-4811

McCARTHY & HOLTHUS, LLP
ATTORNEYS AT LAW
2763 CAMINO DEL RIO S, SUITE 100
SAN DIEGO, CALIFORNIA 92108
TELEPHONE (619) 685-4800 FACSIMILE (619) 685-4811

**TABLE OF CONTENTS**

INTRODUCTION ..... 1

FACTUAL BACKGROUND ..... 1

I. THE SECURITY ..... 1

II. PLAINTIFF'S PRIOR MODIFICATIONS ..... 2

III. THE BREACH AND FORECLOSURE ..... 3

IV. DEFENDANTS' FURTHER LOSS MITIGATION EFFORTS ..... 4

POINTS & AUTHORITIES ..... 5

I. LEGAL STANDARD. ..... 5

II. PLAINTIFF FAILS TO STATE A CLAIM AGAINST DEFENDANTS. ..... 6

A. Plaintiff Fails to State a Claim Against Defendants Under RESPA ..... 6

B. Plaintiff Fails to State a Claim Against Defendants Under the HOBR ..... 7

C. Plaintiff Fails to State a Fair Housing Claim ..... 9

D. Plaintiff Fails to State and Elder Abuse Claim Against Defendants ..... 10

E. Plaintiff Fails to State an Unfair Business Practices Claim ..... 13

F. Plaintiff Fails to State a Good Faith and Fair Dealing Claim ..... 14

G. Plaintiff Fails to State a Claim for Negligence ..... 15

IV. LEAVE TO AMEND SHOULD BE DENIED. ..... 16

CONCLUSION ..... 17

# TABLE OF AUTHORITIES

## Cases

21st Century Ins. Co. v. Superior Court
47 Cal.4th 511 (2009) .......... 15

AmeriSourceBergen Corp. v. Dialysist W., Inc.
465 F.3d 946 (9th Cir. 2006) .......... 16

Artiglio v. Corning Inc.
18 Cal. 4th 604 (1998) .......... 16

Balistreri v. Pacifica Police Department
(1990) 901 F.2d 696 .......... 5

Bernard v. Foley
39 Cal.4th 794, 816 f.14 (2006) .......... 12

Bell Atlantic v. Twombly
(2007) 550 U.S. 544 .......... 5

Cabral v. County of Glenn
624 F.Supp.2d 1184 (E.D. Cal. March 19, 2009) .......... 11, 12

Carma Developers (Cal.) Inc. v. Marathon Dev. Cal., Inc.
2 Cal.4th 342 (1992) .......... 15

Cel-Tech Commc'ns, Inc. v. L.A. Cellular Tel. Co.
20 Cal.4th 163 (1999) .......... 13

Egan v. Mutual of Omaha Ins. Co.
24 Cal.3d 809 (1979) .......... 14

Estate of Shinkle
97 Cal.App.4th 990 (2002) .......... 12

Freeman v. Lind
181 Cal.App.3d 791 (1986) .......... 15

Hall v. Time Inc.
158 Cal.App.4th 847 (2008) .......... 13

Harris v. City of Santa Monica
56 Cal.4th 203 (2013) .......... 10

Kearns v. Ford Motor Co.
567 F.3d 1120 (9th Cir. 2009) .......... 14

Khoury v. Maly's of Cal., Inc.
14 Cal.App.4th 612 (1979) .......... 14

Kwikset Corp. v. Superior Court
51 Cal.4th 310, 322 (2011) .......... 13

Love v. Fire Ins. Exch.
221 Cal.App.3d 1136 (1990) .......... 14

Merrill v. Navegar
26 Cal. 4th 465 (2001) .......... 16

McCARTHY & HOLTHUS, LLP
ATTORNEYS AT LAW
2763 CAMINO DEL RIO S, SUITE 100
SAN DIEGO, CALIFORNIA 92108
TELEPHONE (619) 685-4800 FACSIMILE (619) 685-4811

Milstein v. Security Pac. Nat'l Bank
27 Cal.App.3d 482 (1972) ........ 15

Moss v. U.S. Secret Service
(2009) 572 F.3d 962 ........ 4

New Plumbing Contractors, Inc. v. Nationwide Mutual Ins. Co.
7 Cal.App.4th 1088 (1992) ........ 14

Nymark v. Hart Federal Sav. & Loan Ass'n.
231 Cal.App.3d 1089 (1991) ........ 16

Papasan v. Allain
(1986) 478 U.S. 265........ 5

Paslay v. State Farm Gen. Ins. Co.
248 Cal.App.4th 639 (2016) ........ 12

Poway Royal Mobilehome Owners Ass'n v. City of Poway
149 Cal.App.4th 1460 (2007) ........ 14

S. Bay Chevrolet v. GM Acceptance Corp.
72 Cal.App.4th 861 (1999) ........ 14

Software Design & Application Ltd. v. Hoefer & Arnett, Inc.
49 Cal.App.4th 472 (1996) ........ 16

Sprewell v. Golden State Warriors
(2001) 266 F.3d 979 ........ 5

Stebley v. Litton Loan Servicing, LLP
202 Cal.App.4th 522 (2011) ........ 12

Swartz v. KPMG LLP
(2007) 476 F.3d 756 ........ 5

Walker v. Countrywide Home Loans, Inc.
98 Cal.App.4th 1158 (2002) ........ 13

Woods v. First Am. Title, Inc.
2011 WL 13218022 (C.D. Cal. Sept. 20, 2011) ........ 17

**Statutes**

12 C.F.R § 1024.35(a) ........ 6

12 C.F.R § 1024.36........ 6

12 C.F.R § 1024.41........ 7

42 U.S.C. § 3604........ 10

California Civil Code § 2923.6(c)(1)-(3)........ 8

California Civil Code § 2924.12(c) ........ 9

California Business & Professions Code § 17204........ 13

California Government Code § 12955(e) ........ 9-10

California Welfare & Institutions Code § 15610.23........ 11

McCARTHY & HOLTHUS, LLP
ATTORNEYS AT LAW
2763 CAMINO DEL RIO S, SUITE 100
SAN DIEGO, CALIFORNIA 92108
TELEPHONE (619) 685-4800 FACSIMILE (619) 685-4811

Defendants, MidFirst Bank and Midland Mortgage (collectively as "Defendants"), respectfully submit this Memorandum of Points and Authorities in support of Defendants' Motion to Dismiss the First Amended Complaint (the "FAC") filed by Plaintiff, Ieoma Chukwurah ("Plaintiff"), pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure.

## INTRODUCTION

Plaintiff filed this lawsuit to challenge the nonjudicial foreclosure of real property securing Defendants' loan with the Plaintiff. Plaintiff contends that Defendants engaged in dual tracking by advancing the nonjudicial foreclosure while Plaintiff sought loss mitigation assistance from Defendants. Plaintiff ignores, however, that her loan had been modified ***twice*** prior to the commencement of the nonjudicial foreclosure at issue in this case. Plaintiff also ignores that Defendants offered Plaintiff two additional modifications – one in November 2025 and one in March 2026 – but it was ***Plaintiff*** that rejected Defendants' offers. For the reasons alone, Defendants were authorized to proceed with the nonjudicial foreclosure. Additionally, Plaintiff's claims for violations of the Fair Housing Act ("FHA") and California Welfare & Institutions Code section 15610.30 fail as Plaintiff has not sufficiently alleged that those protections are applicable to Plaintiff. Based on the foregoing, and for the reasons set forth in greater detail below, Plaintiff's FAC should be dismissed, with prejudice, as to Defendants.

## FACTUAL BACKGROUND

### I. THE SECURITY.

On or about January 2, 2016, Chukwurah executed a Deed of Trust to secure a $436,939 loan (the "Deed of Trust") against the real property commonly known as 13922 Lemoli Avenue, Hawthorne, California 90250 (the "Subject Property"). (MidFirst Declaration filed in opposition to Plaintiff's motion for leave to amend ("MidFirst Decl.") ¶ 6, Ex. 1; Req. for Judicial Notice, Ex. A.) The Deed of Trust recorded with the Los Angeles County Recorder's Office on January 8, 2016, as

McCARTHY & HOLTHUS, LLP
ATTORNEYS AT LAW
2763 CAMINO DEL RIO S, SUITE 100
SAN DIEGO, CALIFORNIA 92108
TELEPHONE (619) 685-4800 FACSIMILE (619) 685-4811

Instrument Number 20160021458. (Id.) On December 3, 2018, a Corporation Assignment of Deed of Trust recorded with the Los Angeles County Recorder's Office transferring beneficial interest under the Deed of Trust to MidFirst. (MidFirst Decl. ¶ 7, Ex. 2; Req. for Judicial Notice, Ex. B.)

## II. PLAINTIFF'S PRIOR MODIFICATIONS.

Plaintiff became delinquent on her loan, and in an effort to cure the delinquency, Plaintiff sought – and received – a Loan Modification and Mortgage Agreement through MidFirst (the "2019 Loan Modification"). (MidFirst Decl. ¶ 8, Ex. 3; Req. for Judicial Notice, Ex. C.) The 2019 Loan Modification was recorded with the Los Angeles County Recorder's Office on October 24, 2019, as Instrument Number 20191144663. (Id.) Plaintiff's loan again fell into default and, on or around September 15, 2023, MidFirst again entered into a Loan Modification Agreement (Deed of Trust) with Plaintiff (the "2023 Loan Modification"). (MidFirst Decl. ¶ 9, Ex. 4; Req. for Judicial Notice, Ex. D.) The 2023 Loan Modification was recorded with the Los Angeles County Recorder's Office on October 19, 2023, as Instrument Number 20230714838. (Id.)

## III. THE BREACH AND FORECLOSURE.

Quality Loan Service Corporation ("Quality") was substituted as the Trustee under the Deed of Trust. (MidFirst Decl. ¶ 10, Ex. 5; Req. for Judicial Notice, Ex. E.) Plaintiff's loan, secured by the Subject Property, went into default when Plaintiff failed to make the payment due on April 1, 2024, and all subsequent payments thereafter. (MidFirst Decl. ¶ 11, Ex. 6; Req. for Judicial Notice, Ex. F.) Consequently, Quality issued a Notice of Default and Election to Sell. (Id.) As outlined below, the default was not cured and, as a result, a Notice of Trustee's Sale was issued scheduling a sale for August 6, 2026. (MidFirst Decl. ¶ 11; Req. for Judicial Notice, Ex. G.)

/ / /

/ / /

McCARTHY & HOLTHUS, LLP
ATTORNEYS AT LAW
2763 CAMINO DEL RIO S, SUITE 100
SAN DIEGO, CALIFORNIA 92108
TELEPHONE (619) 685-4800 FACSIMILE (619) 685-4811

McCARTHY & HOLTHUS, LLP
ATTORNEYS AT LAW
2763 CAMINO DEL RIO S, SUITE 100
SAN DIEGO, CALIFORNIA 92108
TELEPHONE (619) 685-4800 FACSIMILE (619) 685-4811

## IV. DEFENDANTS' FURTHER LOSS MITIGATION EFFORTS.

Following Plaintiff's default under the modified loan, she again contacted MidFirst for loss mitigation assistance. (MidFirst Decl. ¶ 12.) The loan is insured by the Federal Housing Administration ("FHA") and, as such, MidFirst's review of the available assistance programs is based on FHA servicing guidelines. (Id.) On October 31, 2025, Plaintiff was denied for loan assistance and a denial letter was mailed to her attention. (MidFirst Decl. ¶ 13, Ex. 7.)

On or about November 17, 2025, MidFirst received an application for loan assistance via its website whereby Plaintiff asked to be reviewed for "a plan that may lower her monthly mortgage payment." (MidFirst Decl. ¶ 14.) On November 18, 2025, MidFirst mailed an application acknowledgement letter to Plaintiff's attention. (MidFirst Decl. ¶ 14, Ex. 8.) On or about November 19, 2025, Plaintiff was approved for a Standalone Loan Modification trial plan with trial payments of $4,557.83 due from January to March 2026 (the "November 2025 Trial Plan"). (MidFirst Decl. ¶ 15.) November 2025 Trial Plan documents were mailed to Plaintiff's attention on November 19, 2025. (MidFirst Decl. ¶ 15, Ex. 9.) Plaintiff did not accept the November 2025 Trial Plan. (MidFirst Decl. ¶ 15.)

On or about December 29, 2025, MidFirst received an application for loan assistance via its website whereby Plaintiff stated that she was not ready to resume making monthly payments on her loan as her hardship had not been resolved. (MidFirst Decl. ¶ 16.) On or about December 30, 2025, MidFirst received an application for loan assistance via email again indicating that Plaintiff was not ready to resume monthly payments. (Id.) This application was used in conjunction with the application received, via MidFirst's website, on December 29, 2025. (Id.) On December 31, 2025, MidFirst mailed an application acknowledgement letter to Plaintiff's attention. (MidFirst Decl. ¶ 17, Ex. 10.) On or about January 12, 2026, MidFirst completed its review of Plaintiff's loss mitigation application, and the application was denied. (MidFirst Decl. ¶ 18.) On January 16, 2026, MidFirst

mailed its evaluation notice, denying Plaintiff's request for assistance, to Plaintiff's attention. (MidFirst Decl. ¶ 18, Ex. 11.)

On or about January 22, 2026, MidFirst received an Application for Appeal via its website, whereby Plaintiff again advised that she was not ready to resume monthly payments on her home loan. (MidFirst Decl. ¶ 19.) On January 26, 2026, MidFirst mailed an acknowledgement letter to Plaintiff's attention regarding her appeal. (MidFirst Decl. ¶ 20, Ex. 12.) On January 27, 2026, MidFirst completed its review of Plaintiff's appeal and mailed an evaluation notice, denying her appeal, to Plaintiff's attention. (MidFirst Decl. ¶ 20, Ex. 13.)

On February 7, 2026, Plaintiff requested that MidFirst communicate with her in writing. (MidFirst Decl. ¶ 21.) On February 7, 2026, MidFirst mailed notice to Plaintiff's attention indicating that:

> "At this time, we have removed your telephone contact information from our dialing system. We will not contact you by telephone in an effort to collect the debt; however, you may receive certain notifications or mailings that we are required to provide."

(MidFirst Decl. ¶ 21, Ex. 14.)

On or about February 9, 2026, MidFirst received another appeal and a new application for loss mitigation assistance from Plaintiff. (MidFirst Decl. ¶ 22.) The application received on February 9, 2026 requested MidFirst review Plaintiff for "a plan that may lower her monthly mortgage payment." (Id.) On February 10, 2026, MidFirst mailed an acknowledgement letter to Plaintiff's attention. (MidFirst Decl. ¶ 22, Ex. 15.)

On or about March 3, 2026, Plaintiff was approved for a Standalone Loan Modification trial plan with trial payments of $4,535.87 due from April to June 2026 (the "March 2026 Trial Plan"). (MidFirst Decl. ¶ 23.) March 2026 Trial Plan documents were mailed to Plaintiff's attention on March 3, 2026. (MidFirst Decl. ¶ 23, Ex. 16.) To date, Plaintiff has not accepted the March 2026 Trial Plan. (MidFirst Decl. ¶ 23.)

McCARTHY & HOLTHUS, LLP
ATTORNEYS AT LAW
2763 CAMINO DEL RIO S, SUITE 100
SAN DIEGO, CALIFORNIA 92108
TELEPHONE (619) 685-4800 FACSIMILE (619) 685-4811

McCARTHY & HOLTHUS, LLP
ATTORNEYS AT LAW
2763 CAMINO DEL RIO S, SUITE 100
SAN DIEGO, CALIFORNIA 92108
TELEPHONE (619) 685-4800 FACSIMILE (619) 685-4811

On or about March 12, 2026, MidFirst received an Application for Appeal from Plaintiff via MidFirst's website. (MidFirst Decl. ¶ 24.) On March 13, 2026, MidFirst mailed an acknowledgement letter to Plaintiff's attention regarding her appeal. (MidFirst Decl. ¶ 24, Ex. 17.) On March 25, 2026, MidFirst completed its review of Plaintiff's appeal and mailed an evaluation notice, denying her appeal, to Plaintiff's attention. (MidFirst Decl. ¶ 25, Ex. 18.) Plaintiff currently does not qualify for another retention loan assistance plan other than the previously offered March 2026 Trial Plan. (MidFirst Decl. ¶ 25.)

## POINTS & AUTHORITIES

### I. LEGAL STANDARD.

Rule 12(b)(6) of the Federal Rules of Civil Procedure allows a Defendant to bring a motion to test the legal sufficiency of the allegations in a complaint. Such a motion should be granted when the plaintiff's allegations, taken as true, do not entitle the plaintiff to the relief sought in the complaint. A dismissal pursuant to Rule 12(b)(6) is required where the complaint lacks a "cognizable legal theory" or does not plead facts sufficient to support a cognizable theory. Balistreri v. Pacifica Police Dept., 901 F. 2d 696, 699 (9th Cir. 1990). The complaint must provide "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do…." Bell Atlantic v. Twombly, 550 U.S. 544, 555 (2007) (citing Papasan v. Allain, 478 U.S. 265, 286 (1986)). Instead, the complaint's "factual allegations must be enough to raise a right to relief above the speculative level…." Id.

In ruling on a 12(b)(6) motion to dismiss, the Court may consider "allegations contained in the pleadings, exhibits attached to the complaint and matters properly subject to judicial notice." Swartz v. KPMG LLP, 476 F. 3d 756, 763 (9th Cir. 2007). But, the Court need not accept unreasonable inferences or "conclusory, unwarranted deductions of fact" cast in the form of factual allegations. Sprewell v. Golden State Warriors, 266 F. 3d 979, 988 (9th Cir. 2001). "In sum, for

a complaint to survive a motion to dismiss, the non-conclusory factual content, and reasonable inferences from that content, must be plausibly suggestive of a claim entitling the plaintiff to relief." Moss v. U.S. Secret Service, 572 F. 3d 962, 969 (9th Cir. 2009) (internal quotation marks omitted).

## II. PLAINTIFF FAILS TO STATE A CLAIM AGAINST DEFENDANTS.

Plaintiff's FAC is premised on the false claim that she had active loss mitigation pending when the foreclosure notices were issued against the Subject Property. However, Plaintiff fails to allege sufficient facts to state a cause of action against Defendants and, as a result, Defendants' Motion should be granted.

### A. Plaintiff Fails to State a Claim Against Defendants Under RESPA.

Plaintiff's first cause of action is for violation of the Real Estate Settlement Procedures Act ("RESPA"), brought pursuant to 12 U.S.C. § 2605 and 12 C.F.R. §§ 1024.35 - 1024.36. Notably, 12 C.F.R. § 1024.35 provides that a "servicer shall comply with the requirements of this section for any written notice from the borrower that asserts an error and that includes the name of the borrower, information that enables the servicer to identify the borrower's mortgage loan account, ***and the error the borrower believes has occurred***." 12 C.F.R. § 1024.35(a) (emphasis added). This section further provides that "[a] qualified written request that asserts an error relating to the servicing of a mortgage loan is a notice of error for purposes of this section, and a servicer must comply with all requirements applicable to a notice of error with respect to such qualified written request." Id.

Similarly, section 1024.36 provides that a "servicer shall comply with the requirements of this section for any written request for information from a borrower that includes the name of the borrower, information that enables the servicer to identify the borrower's mortgage loan account, ***and states the information the borrower is requesting with respect to the borrower's mortgage loan.***" 12 C.F.R. § 1024.36(a) (emphasis added). Here, Plaintiff has not sufficiently alleged that the

McCARTHY & HOLTHUS, LLP
ATTORNEYS AT LAW
2763 CAMINO DEL RIO S, SUITE 100
SAN DIEGO, CALIFORNIA 92108
TELEPHONE (619) 685-4800 FACSIMILE (619) 685-4811

McCARTHY & HOLTHUS, LLP
ATTORNEYS AT LAW
2763 CAMINO DEL RIO S, SUITE 100
SAN DIEGO, CALIFORNIA 92108
TELEPHONE (619) 685-4800 FACSIMILE (619) 685-4811

information she requested on March 12, 2026 qualifies as either a Notice of Error or Qualified Written Request under RESPA or how Defendants' response was insufficient.

As to Plaintiff's dual tracking allegations, "[n]othing in § 1024.41 imposes a duty on a servicer to provide any borrower with any specific loss mitigation option." 12 C.F.R. § 1024.41(a). Plaintiff insists that Defendants maintained "an aggressive foreclosure posture and advancing an extrajudicial sale track while Plaintiff's complete loss-mitigation applications and escalation cases were pending review." (FAC ¶ 50.) Not so. As indicated above, on or about November 19, 2025, Plaintiff was approved for the November 2025 Trial Plan and November 2025 Trial Plan documents were mailed to Plaintiff's attention on November 19, 2025. (MidFirst Decl. ¶ 15, Ex. 9.) ***Plaintiff*** chose not to accept the November 2025 Trial Plan. (MidFirst Decl. ¶ 15.) After the Notice of Default recorded, and after Plaintiff refused to accept the November 2025 Trial Plan, MidFirst received an application for loan assistance via its website whereby Plaintiff stated that she were not ready to resume making monthly payments on her loan as her hardship had not been resolved. (MidFirst Decl. ¶ 16.) MidFirst mailed an application acknowledgement letter to Plaintiff's attention on December 31, 2025. (MidFirst Decl. ¶ 17, Ex. 10.) On January 16, 2026, MidFirst mailed its evaluation notice to Plaintiff, denying Plaintiff's request for assistance. (MidFirst Decl. ¶ 18, Ex. 11.) Here, Plaintiff has failed to identify any actionable violation under RESPA, much less one that affords her the requested injunctive relief.

**B. <u>Plaintiff Fails to State a Claim Against Defendants Under the HOBR.</u>**

Plaintiff alleges that she "submitted a complete application on December 22, 2025, which Defendants acknowledged was "under active review" on December 29, 2025." (FAC ¶ 62.) Plaintiff further alleges that "Defendants recorded a Notice of Default on December 26, 2025, and subsequently scheduled an extrajudicial auction date for August 6, 2026, while applications and administrative appeals remained

live and unresolved." (FAC ¶ 62.) Plaintiff argues that counsel's July 9, 2026 email constitutes "conclusive written proof that Defendants engaged in unlawful dual-tracking under California Civil Code section 2923.6…." (FAC ¶ 64.) Plaintiff's fourth cause of action of violations of the California Homeowner's Bill of Rights ("HOBR") fails against Defendants for several reasons and is subject to dismissal.

Notably, Plaintiff ignores her many efforts to pursue loss mitigation and there is no dual-tracking violation here because Plaintiff's loan was previously modified, twice, and Defendants' efforts to modify Plaintiff's loan a third time were rejected – ***by the Plaintiff***. After the Notice of Default recorded, and after Plaintiff refused to accept the November 2025 Trial Plan, MidFirst received additional requests for loss mitigation assistance from the Plaintiff. On or about March 3, 2026, Plaintiff was approved for the March 2026 Trial Plan. (MidFirst Decl. ¶ 23, Ex. 16.) However, Plaintiff did not accept the March 2026 Trial Plan. (MidFirst Decl. ¶ 23.) Plaintiff's default under Defendants' prior modification agreements and her refusal to accept the November 2025 and March 2026 Trial Plans are fatal to her dual tracking claim. Pursuant to California Civil Code section 2923.6:

> A mortgage servicer, mortgagee, trustee, beneficiary, or authorized agent shall not record a notice of default or notice of sale or conduct a trustee's sale until:
>
> (1) The mortgage servicer makes a written determination that the borrower is not eligible for a first lien loan modification, and any appeal period pursuant to subdivision (d) has expired.
>
> (2) The ***borrower does not accept an offered first lien loan modification within 14 days of the offer***.
>
> (3) The borrower accepts a written first lien loan modification, ***but defaults on, or otherwise breaches the borrower's obligations under, the first lien loan modification***.

Cal. Civ. Code § 2923.6(c)(1)-(3) (emphasis added). Based on the forgoing, due to Plaintiff's default under the 2023 loan modification and Plaintiff's refusal to accept either the November 2025 or March 2026 Trial Plans, the MidFirst defendants were permitted to record the Notice of Default and Notice of Sale.

McCARTHY & HOLTHUS, LLP
ATTORNEYS AT LAW
2763 CAMINO DEL RIO S, SUITE 100
SAN DIEGO, CALIFORNIA 92108
TELEPHONE (619) 685-4800 FACSIMILE (619) 685-4811

Finally, to the extent Plaintiff claims that she had an appeal pending in December 2025, that she contends was unresolved, this does not support a basis for relief as defendants are not subject to liability for any corrections made prior to completing the foreclosure sale. See Cal. Civ. Code § 2924.12(c) ("A mortgage servicer, mortgagee, beneficiary, or authorized agent shall not be liable for any violation that it has corrected and remedied prior to the recordation of the trustee's deed upon sale…."). Again, Plaintiff was offered a Trial Plan in March 2026 – after her December 2025 appeal. As any purported defect was remedied, Defendants are not subject to liability. Based on the forgoing, Plaintiff's dual tracking cause of action under section 2923.6 fails against Defendants and should be dismissed.

**C. Plaintiff Fails to State a Fair Housing Claim.**

Plaintiff argues that the California Fair Employment and Housing Act ("FEHA") "makes it an independent unlawful housing practice to deny reasonable accommodations, fail to engage in a continuous interactive process, or subject a disabled homeowner to retaliatory harms or terms and conditions because they asserted civil rights protections." (FAC ¶ 66.) Plaintiff alleges that "Defendants had explicit actual notice of Plaintiff's severe clinical oncology vulnerabilities and cognitive processing limitations." (FAC ¶ 67.) Plaintiff additionally contends that "Defendants' abrupt revocation of Plaintiff's digital portal access on May 6, 2026 – executed exactly five days prior to their alleged May 11, 2026 denial letter – was a targeted, retaliatory act designed to cut off an ADA-compliant written communication channel, isolate a disabled oncology patient from her accounting ledgers, and manufacture an artificial default." (FAC ¶ 68.)

California Government Code section 12955 is the core anti-discrimination provision of the FEHA. FEHA makes it unlawful "[f]or any person, bank, mortgage company, or other financial institution that provides financial assistance for the purchase, refinance, organization, or construction of any housing accommodation to discriminate against any person or group of persons ***because of*** race, color, religion,

McCARTHY & HOLTHUS, LLP
ATTORNEYS AT LAW
2763 CAMINO DEL RIO S, SUITE 100
SAN DIEGO, CALIFORNIA 92108
TELEPHONE (619) 685-4800 FACSIMILE (619) 685-4811

McCARTHY & HOLTHUS, LLP
ATTORNEYS AT LAW
2763 CAMINO DEL RIO S, SUITE 100
SAN DIEGO, CALIFORNIA 92108
TELEPHONE (619) 685-4800 FACSIMILE (619) 685-4811

sex, gender, gender identity, gender expression, sexual orientation, marital status, national origin, ancestry, familial status, source of income, disability, veteran or military status, or genetic information in the terms, conditions, or privileges relating to the obtaining or use of that financial assistance." Cal. Gov't. Code § 12955(e) (emphasis added). The FHA similarly prohibits housing discrimination "because of" a protected trait – including race, color, religion, sex, familial status, national origin, and handicap. 42 U.S.C. § 3604.

Based on the pleadings on file with the Court, Plaintiff's claim that the MidFirst defendants refused to communicate with Plaintiff in writing is patently false. When Defendants were advised that Plaintiff only wanted to communicate in writing they mailed notice to Plaintiff's attention indicating that Plaintiff's telephone contact information was removed from their dialing system but that required mailings would still be provided. (MidFirst Decl. ¶ 21, Ex. 14.) As to the purported "digital lockout," the statutory phrase "because of" establishes a legal causation element requiring a plaintiff to show that the protected trait was a motivating factor in the discriminatory action. See, e.g., Harris v. City of Santa Monica, 56 Cal.4th 203 (2013) (holding that a plaintiff must prove that a protected characteristic was a ***substantial motivating factor*** in the employer's adverse employment decision.). Here, Plaintiff fails to sufficiently allege that Defendants removed Plaintiff's online access to account information ***because of*** Plaintiff being a member of a protected class and not for some unrelated and/or lawful reason; for example, the active litigation and multiple administrative complaints pending regarding Plaintiff's loan. Based on the forgoing, Plaintiff's FHA and FEHA causes of action fail to state a claim against MidFirst and are subject to dismissal.

**D. Plaintiff Fails to State an Elder Abuse Claim Against Defendants.**

Plaintiff alleges that her ***household*** "contained a vulnerable caregiving and medical containment structure, specifically involving Plaintiff as a severely ill oncology patient navigating chronic processing fatigue, and her dependent mother

McCARTHY & HOLTHUS, LLP
ATTORNEYS AT LAW
2763 CAMINO DEL RIO S, SUITE 100
SAN DIEGO, CALIFORNIA 92108
TELEPHONE (619) 685-4800 FACSIMILE (619) 685-4811

requiring full-time 24/7 bedside safety monitoring." (FAC ¶ 70.) Plaintiff additionally contends that "Defendants engaged in statutory financial abuse by taking, appropriating, obtaining, and retaining Plaintiff's real property title interests for a wrongful use, with the intent to defraud, and through the systematic application of undue influence." (FAC ¶ 71.) Plaintiff's sixth cause of action fails for several reasons. Foremost, Plaintiff has failed to sufficiently allege that she is entitled to the protections under California Welfare & Institutions Code section 15610.30. Even if she were entitled to protections under this section, which she is not, there is no actionable violation when commercial lenders enforce their contractual rights. Finally, Plaintiff has completely failed to allege how the moving Defendants engaged in any conduct that would qualify as a violation of section 15613.30 and, as a result, the Motion should be granted.

In California, a dependent adult is "any person, regardless of whether the person lives independently, who is a California resident between the ages of 18 and 64 who either: (a) has physical or mental limitations ***that restrict his or her ability to carry out normal activities or to protect his or her rights***, including persons with physical or developmental disabilities or whose physical or mental abilities have diminished because of age; or (b) is admitted as an inpatient to a 24-hour health facility…." Cal. Welf. & Inst. Code § 15610.23 (emphasis added). Plaintiff claims that "as a chronically ill and disabled, post carcinoma patient suffering from acute physical and cognitive limitations, [she] qualifies as a 'dependent adult' under the statute." (FAC ¶ 14.) However, courts have found similar allegations insufficient to show a plaintiff's entitlement to protections under section 15610.23, et seq.

In <u>Cabral v. County of Glenn</u>, the Eastern District of California found that the statutory definition of a dependent adult "must be read in the light of the relevant legislative history, and of reason." <u>Cabral v. County of Glenn</u>, 624 F.Supp.2d 1184, 1194 (E.D. Cal. March 19, 2009) (internal citation omitted). "While the definition of 'dependent adult' is not limited to persons living in [nursing homes and other

McCARTHY & HOLTHUS, LLP
ATTORNEYS AT LAW
2763 CAMINO DEL RIO S, SUITE 100
SAN DIEGO, CALIFORNIA 92108
TELEPHONE (619) 685-4800 FACSIMILE (619) 685-4811

health care facilities], it reasonably should extend only to persons whose disabilities and needs are comparable to persons who are compelled to live in nursing homes and other health care facilities. Id. Here, Plaintiff's allegations at best support a conclusion that she has ***some*** physical and/or mental disabilities. They do not show, however, that Plaintiff – who admittedly lives independently and cares for her dependent mother – is unable to carry out normal activities or protect her rights. Cabral, at *1196 (citing Estate of Shinkle, 97 Cal.App.4th 990 (2002), disapproved on other grounds in Bernard v. Foley, 39 Cal.4th 794, 816 f.14 (2006)). To the contrary, Plaintiff outlines numerous administrative complaints and loss mitigation requests – initiated by Plaintiff – to protect her interest in the Subject Property.[1] Accordingly, Plaintiff has failed to sufficiently allege that she qualifies as a "dependent adult" and is entitled to the protections under section 15610.23.

Assuming, *arguendo*, that Plaintiff were to qualify as a "dependent adult, courts have consistently held that a commercial lender, insurer, or other business entity is privileged to pursue its own economic interests and assert its contractual rights without incurring elder abuse liability. See Paslay v. State Farm Gen. Ins. Co., 248 Cal.App.4th 639 (2016); Welte v. Wells Fargo Bank Nat'l Ass'n, 189 F.Supp.3d 965 (C.D. Cal. 2016); Stebley v. Litton Loan Servicing, LLP, 202 Cal.App.4th 522 (2011) (holding that a commercial lender is privileged to pursue its own economic interests, take collateral, and foreclose when a debt is not paid, and that such conduct does not constitute wrongful use). Thus, the advancement of the nonjudicial foreclosure, following Plaintiff's default under her modified loan and her refusal to accept the further loss mitigation relief offered by Defendants, is not actionable under section 15610.30. Based on the forgoing, Plaintiff's elder abuse claim should be dismissed against Defendants.

/ / /

---

[1] Plaintiff concedes that she "formally lodged ***detailed*** administrative complaints with multiple federal and state oversight authorities" in an effort to protect her rights and "obtain administrative oversight." (FAC ¶¶ 32-32.6 (emphasis added).)

### E. Plaintiff Fails to State an Unfair Business Practices Claim.

Plaintiff's unfair competition cause of action asserts a claim under section 17200 of the California Business and Professions Code. This section provides a private cause of action for unlawful, unfair, and fraudulent business acts or practices. Section 17200 is also known as the Unfair Competition Law, and its purpose is to preserve fair business competition. Walker v. Countrywide Home Loans, Inc., 98 Cal.App.4th 1158, 1169 (2002) (citing Cel-Tech Commc'ns, Inc. v. L.A. Cellular Tel. Co., 20 Cal.4th 163, 180 (1999)). The statute is disjunctive, meaning a plaintiff may state a claim by showing that the acts or practices at issue are either unlawful, or unfair, or deceptive. Id. In support of her unfair business practices claim, Plaintiff alleges that "Defendants' business practices—including generating conflicting denial dates across court filings and customer correspondence, mismailing private third-party borrower records into Plaintiff's caregiving domain, and abandoning formal escalation commitments under Case No. 2319539—constitute per se unlawful, unfair, and fraudulent business acts under California Business & Professions Code § 17200." (FAC ¶ 78.)

As a threshold issue, Plaintiff lacks standing to pursue a cause of action for violation of Business and Professions Code section 17200. A private person has standing to assert a section 17200 claim only if he (1) "has suffered injury in fact," and (2) "has lost money or property ***as a result of*** such unfair competition." Cal. Bus. & Prof. Code § 17204 (emphasis added). Plaintiff cannot maintain an action unless he establishes a loss of money or property that was caused by the defendant's business practice. Kwikset Corp. v. Superior Court, 51 Cal.4th 310, 322 (2011). Plaintiff has not demonstrated an injury in fact that was *caused* by any specific conduct of this Defendant. See Hall v. Time Inc., 158 Cal.App.4th 847, 855 (2008) (finding section 17200 includes a causation element). Because the foreclosure directly resulted from Plaintiff's default under her prior modifications and her

McCARTHY & HOLTHUS, LLP
ATTORNEYS AT LAW
2763 CAMINO DEL RIO S, SUITE 100
SAN DIEGO, CALIFORNIA 92108
TELEPHONE (619) 685-4800 FACSIMILE (619) 685-4811

McCARTHY & HOLTHUS, LLP
ATTORNEYS AT LAW
2763 CAMINO DEL RIO S, SUITE 100
SAN DIEGO, CALIFORNIA 92108
TELEPHONE (619) 685-4800 FACSIMILE (619) 685-4811

failure to accept the November 2025 Trial Plan or the March 2026 Trial Plan, she cannot show that her purported injury was actually caused by Defendants' conduct.

Additionally, a business act may violate section 17200 if it is either "unlawful," "unfair," or "fraudulent." Each of these prongs involves "a separate and distinct theory of liability." Kearns v. Ford Motor Co., 567 F.3d 1120, 1127 (9th Cir. 2009); see also S. Bay Chevrolet v. GM Acceptance Corp., 72 Cal.App.4th 861, 880-889 (1999) (discussing standards necessary to establish a violation under each separate prong of section 17200). Because a violation of section 17200 may be established by unfair, fraudulent, ***or*** unlawful practices, the plaintiff must specifically plead which prong his cause is action is based on. See Khoury v. Maly's of Cal., Inc., 14 Cal.App.4th 612, 619 (1979). Plaintiff fails to do so in her FAC. Thus, Plaintiff's unfair business practices cause of action is deficient and subject to dismissal.

**F. Plaintiff Fails to State a Good Faith and Fair Dealing Claim.**

The covenant of god faith and fair dealing is implied into every contract, and it "requires each contracting party to refrain from doing anything to injure the right of the other to receive the benefits of the agreement." Benavides v. State Farm General Ins. Co., 136 Cal.App.4th 1241, 1249 (2006). "The implied covenant of good faith and fair dealing does *not* extend beyond the terms of the contract at issue." Poway Royal Mobilehome Owners Ass'n v. City of Poway, 149 Cal.App.4th 1460, 1477 (2007) (citing New Plumbing Contractors, Inc. v. Nationwide Mutual Ins. Co., 7 Cal.App.4th 1088, 1096 (1992)).

"Because contracts differ, the nature and extent of the duties owed under the implied covenant are also variable and 'will depend on the contractual purposes.'" Love v. Fire Ins. Exch., 221 Cal.App.3d 1136, 1147 (1990) (quoting Egan v. Mutual of Omaha Ins. Co., 24 Cal.3d 809, 818 (1979)). When the contract at issue is a deed of trust, the purpose of the contract "is that the borrower will have the use of funds loaned on specific terms and the lender will have the right to a specified repayment

McCARTHY & HOLTHUS, LLP
ATTORNEYS AT LAW
2763 CAMINO DEL RIO S, SUITE 100
SAN DIEGO, CALIFORNIA 92108
TELEPHONE (619) 685-4800 FACSIMILE (619) 685-4811

that is secured by the deed of trust[.]" Freeman v. Lind, 181 Cal.App.3d 791, 803 (1986) (citing Milstein v. Security Pac. Nat'l Bank, 27 Cal.App.3d 482, 487 (1972)). Furthermore, the implied covenant does not trump an agreement's express language. Carma Developers (Cal.) Inc. v. Marathon Dev. Cal., Inc., 2 Cal.4th 342, 374 (1992). Courts have held that "one cannot invoke the implied covenant to prohibit conduct that the contract expressly allows." 21st Century Ins. Co. v. Superior Court, 47 Cal.4th 511, 526-527 (2009).

Plaintiff contends that "Defendants intentionally frustrated Plaintiff's right to receive the core fruits and benefits of the underlying mortgage contract by advancing extrajudicial liquidation protocols while simultaneously pretending to handle administrative loss-mitigation and escalation reviews." (FAC ¶ 65.) However, it is undisputed that Plaintiff received the benefit of the use of the loan funds when she executed the note and Deed of Trust in January 2016. (MidFirst Decl. ¶ 6, Ex. 1; Req. for Judicial Notice, Ex. A.) It is also undisputed that Plaintiff's loan has already been modified numerous times – via the 2019 Modification and the 2023 Loan Modification. (MidFirst Decl. ¶¶ 7-8, Ex. 2-3; Req. for Judicial Notice, Ex. C-D.) Thereafter, Plaintiff was offered the November 2025 Trial Plan and the March 2026 Trial Plan. (MidFirst Decl. ¶¶ 15, 23, Ex. 9, 16.) In the Deed of Trust, Plaintiff agreed that the lender could exercise its right to foreclose on the Subject Property in the event of Plaintiff's default. (Req. for Judicial Notice, Ex. A.) Plaintiff has not alleged facts demonstrating any way that Defendants' actions frustrated the purpose of the Deed of Trust – especially since it was Plaintiff that rejected the alternatives to avoid foreclosure offered by Defendants. As a result, Plaintiff's claim for breach of the covenant of good faith and fair dealing fails to state a viable claim for relief.

**G. Plaintiff Fails to State a Claim for Negligence.**

To maintain a cause of action for negligence, a plaintiff must show: (1) a legally cognizable duty owed by defendant to plaintiff; (2) breach of that duty; (3)

McCARTHY & HOLTHUS, LLP
ATTORNEYS AT LAW
2763 CAMINO DEL RIO S, SUITE 100
SAN DIEGO, CALIFORNIA 92108
TELEPHONE (619) 685-4800 FACSIMILE (619) 685-4811

causation; and (4) resulting injury to the plaintiff. Merrill v. Navegar, 26 Cal. 4th 465, 500 (2001). The existence of a duty is an essential element of a claim for negligence, which can be determined as a matter of law in ruling on a demurrer. Artiglio v. Corning Inc., 18 Cal. 4th 604, 614 (1998); Software Design & Application Ltd. v. Hoefer & Arnett, Inc., 49 Cal.App.4th 472, 478 (1996). Under California law, a financial institution owes no tort duty to its borrower when its involvement in the loan transaction does not exceed the scope of its traditional role as lender. Nymark v. Hart Federal Sav. & Loan Ass'n., 231 Cal.App.3d 1089, 1096 (1991). Plaintiff has not presented any allegations which show that Defendants acted in a manner exceeding the traditional role of a financial institution in its dealings ***with Plaintiff***, and accordingly, she cannot state a cause of action for negligence.

Instead, Plaintiff merely contends that "Defendants improperly transmitting another completely unrelated borrower's nonpublic personal financial records into Plaintiff's caregiving domain without remediation." (First Am. Compl. ¶ 66.) But, even if that were true, Plaintiff cannot show that the receipt of another borrower's financial information caused ***Plaintiff*** any actual harm or that Defendants' actions were a substantial factor in causing Plaintiff's harm. See, e.g., Ladd v. County of San Mateo, 12 Cal.4th 913, 917 (1996) (the well-established elements for a negligence cause of action require a showing that "the breach as the proximate or legal cause of the resulting injury.").

## III. LEAVE TO AMEND SHOULD BE DENIED.

Federal Rule of Civil Procedure, Rule 15 states that courts "should freely give leave [to amend] when justice so requires." "But a district court need not grant leave to amend where the amendment: (1) prejudices the other party; (2) is sought in bad faith; (3) produces an undue delay in litigation; or (4) is futile." AmeriSourceBergen Corp. v. Dialysist W., Inc., 465 F.3d 946, 951 (9th Cir. 2006). "Futility of amendment is analyzed much like a Rule 12(b)(6) motion to dismiss—an amended

complaint is futile when it would be subject to dismissal." Woods v. First Am. Title, Inc., 2011 WL 13218022, at *2 (C.D. Cal. Sept. 20, 2011). Here, Plaintiff has not presented facts sufficient to state any viable causes of action against Defendants. Further, Plaintiff cannot amend to remedy the defects and, as such, the Court should grant the Motion to Dismiss with prejudice.

## CONCLUSION

For the above-mentioned reasons Plaintiff has not and cannot state a claim for any of her causes of action against Defendants. Plaintiff's FAC should therefore be dismissed with prejudice and without leave to amend.

Dated: September 3, 2026

Respectfully submitted,
**McCARTHY & HOLTHUS, LLP**

By: Matthew B. Learned
Matthew B. Learned, Esq.
Attorney for Defendants,
MidFirst Bank and Midland Mortgage

McCARTHY & HOLTHUS, LLP
ATTORNEYS AT LAW
2763 CAMINO DEL RIO S, SUITE 100
SAN DIEGO, CALIFORNIA 92108
TELEPHONE (619) 685-4800 FACSIMILE (619) 685-4811