**McCARTHY & HOLTHUS, LLP**
Melissa Robbins Coutts, Esq. (SBN: 246723)
Matthew B. Learned, Esq. (SBN: 255499)
2763 Camino Del Rio S, Suite 100
San Diego, CA 92108
Telephone: (619) 685-4800
Facsimile: (619) 685-4811
Email: malearned@mccarthyholthus.com

Attorneys for Defendants,
Quality Loan Service Corporation and McCarthy & Holthus, LLP

**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

| | |
|---|---|
| Ifeoma Chukwurah,<br><br>Plaintiff,<br><br>v.<br><br>Midland Mortgage; Midfirst Bank; Midland Mortgage Investors Trust; and DOES 1-20, inclusive,<br><br>Defendants. | Case No. 2:26-cv-01990-MWC-SK<br><br>**MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION TO DISMISS PLAINTIFF'S FIRST AMENDED COMPLAINT PURSUANT TO RULE 12(b)(6)**<br><br>Date: October 9, 2026<br>Time: 1:30 p.m.<br>Dept.: Courtroom 6A, 6th Floor<br>Judge: Hon. Michelle Williams<br><br>Complaint Filed: February 24, 2026 |

McCARTHY & HOLTHUS, LLP
ATTORNEYS AT LAW
2763 CAMINO DEL RIO S, SUITE 100
SAN DIEGO, CALIFORNIA 92108
TELEPHONE (619) 685-4800 FACSIMILE (619) 685-4811



TABLE OF CONTENTS

McCARTHY & HOLTHUS, LLP
ATTORNEYS AT LAW
2763 CAMINO DEL RIO S, SUITE 100
SAN DIEGO, CALIFORNIA 92108
TELEPHONE (619) 685-4800 FACSIMILE (619) 685-4811

## TABLE OF CONTENTS

INTRODUCTION .......... 1

FACTUAL BACKGROUND .......... 1

I. THE SECURITY .......... 1

II. PLAINTIFF'S PRIOR MODIFICATIONS .......... 2

III. THE BREACH AND FORECLOSURE .......... 2

IV. DEFENDANTS' FURTHER LOSS MITIGATION EFFORTS .......... 3

V. SETTLEMENT EFFORTS REFERENCED BY PLAINTIFF .......... 5

POINTS & AUTHORITIES .......... 6

I. LEGAL STANDARD. .......... 6

II. PLAINTIFF FAILS TO STATE A CLAIM AGAINST DEFENDANTS. .......... 6

A. Quality's Status As Trustee Prohibits Imposition of Liability .......... 7

B. The Rosenthal Act and FDCPA Claims Fail Against Defendants .......... 9

C. Plaintiff Fails to State a Claim Against Defendants Under the HOBR .......... 12

D. Plaintiff Fails to State a Claim Against Defendants Under the FEHA .......... 13

E. Plaintiff Fails to State an Elder Abuse Claim Against Defendants .......... 15

F. Plaintiff Fails to State an Unfair Business Practices Claim .......... 17

IV. LEAVE TO AMEND SHOULD BE DENIED. .......... 19

CONCLUSION .......... 19

# TABLE OF AUTHORITIES

## Cases

Ainsa v. Mercantile Trust Co. of San Francisco
(1917) 174 Cal. 504 ........ 8

Balistreri v. Pacifica Police Department
(1990) 901 F.2d 696 ........ 6

Bell Atlantic v. Twombly
(2007) 550 U.S. 544........ 6

Bernard v. Foley
39 Cal.4th 794, 816 f.14 (2006)........ 16

Cabral v. County of Glenn
624 F.Supp.2d 1184 (E.D. Cal. March 19, 2009)........ 16

Cel-Tech Commc'ns, Inc. v. L.A. Cellular Tel. Co.
20 Cal.4th 163 (1999)........ 17

Das v. Bank of Am., N.A.
186 Cal.App.4th 727 (2010)........ 17

Davidson v. Seterus, Inc.
21 Cal.App.5th 283 (2018)........ 11

Dowers v. Nationstar Mortg., LLC
852 F.3d 964 (9th Cir. 2017) ........ 10

Estate of Shinkle
97 Cal.App.4th 990 (2002)........ 16

Hatch v. Collins
(1990) 225 Cal.App.3d 1104 ........ 8

Guerrero v. RJM Acquisitions LLC
499 F.3d 926 (9th Cir. 2007)........ 10

Hall v. Time Inc.
158 Cal.App.4th 847 (2008)........ 18

Harris v. City of Santa Monica
56 Cal.4th 203 (2013)........ 14

Kachlon v. Markowitz
(2008) 168 Cal.App.4th 316 ........ 7, 8, 9

Kearns v. Ford Motor Co.
567 F.3d 1120 (9th Cir. 2009) ........ 18

Khoury v. Maly's of Cal., Inc.
14 Cal.App.4th 612 (1979)........ 19

Kwikset Corp. v. Superior Court
51 Cal.4th 310 (2011)........ 18

Metcalf v. Drexel Lending Group
(2008) 2008 U.S. Dist. LEXIS 87420........ 12

McCARTHY & HOLTHUS, LLP
ATTORNEYS AT LAW
2763 CAMINO DEL RIO S, SUITE 100
SAN DIEGO, CALIFORNIA 92108
TELEPHONE (619) 685-4800 FACSIMILE (619) 685-4811

Miller v. Deutsche Bank Nat'l Trust Co.
(2013) 2013 WL 6502498 .......... 7

Mix v. Sodd
(1981) 126 Cal.App.3d 386, 390 .......... 10

Moeller v. Lien
(1994) 25 Cal.App.4th 822 .......... 7

Monterey S.P. Partnership v. W.L. Bangham, Inc.
(1989) 49 Cal.3d 454 .......... 8

Moss v. U.S. Secret Service
(2009) 572 F.3d 962 .......... 6

Obduskey v. McCathy & Holthus LLP
586 U.S. 466 (2019) .......... 10

Papasan v. Allain
(1986) 478 U.S. 265 .......... 6

Paslay v. State Farm Gen. Ins. Co.
248 Cal.App.4th 639 (2016) .......... 16

Pitt v. Metro. Tower Life Ins. Co.
675 F.Supp.3d 1073 (S.D. Cal. 2023) .......... 17

Rubin v. Green
(1993) 4 Cal.4th 1187 .......... 8, 9

S. Bay Chevrolet v. GM Acceptance Corp.
72 Cal.App.4th 861 .......... 18

Sprewell v. Golden State Warriors
(2001) 266 F.3d 979 .......... 6

Stebley v. Litton Loan Servicing, LLP
202 Cal.App.4th 522 (2011) .......... 16

Stephens, Partain & Cunningham v. Hollis
(1987) 196 Cal.App.3d 948 .......... 8

Swartz v. KPMG LLP
(2007) 476 F.3d 756 .......... 6

Vien-Phuong Thi Ho v. ReconTrust Co., NA
858 F.3d 568 (9th Cir. 2017) .......... 10

Walker v. Countrywide Home Loans, Inc.
98 Cal.App.4th 1158 (2002) .......... 17

Welte v. Wells Fargo Bank Nat'l Ass'n
189 F.Supp.3d 965 (C.D. Cal. 2016) .......... 16

Woods v. First Am. Title, Inc.
(2011) 2011 WL 13218022 .......... 19

McCARTHY & HOLTHUS, LLP
ATTORNEYS AT LAW
2763 CAMINO DEL RIO S, SUITE 100
SAN DIEGO, CALIFORNIA 92108
TELEPHONE (619) 685-4800 FACSIMILE (619) 685-4811

**Statutes**

California Busines & Professions Code § 17204 .......... 18
California Civil Code §§ 2923.6(c)(1)-(3) .......... 13
California Civil Code § 2924(a)(1) .......... 7
California Civil Code § 2924(b) .......... 8, 10, 11
California Civil Code § 2924(d) .......... 8
California Civil Code § 2924.12(c) .......... 13
California Government Code § 12955(e) .......... 14
California Welfare & Institutions Code § 15160.23 .......... 15

McCARTHY & HOLTHUS, LLP
ATTORNEYS AT LAW
2763 CAMINO DEL RIO S, SUITE 100
SAN DIEGO, CALIFORNIA 92108
TELEPHONE (619) 685-4800 FACSIMILE (619) 685-4811

McCARTHY & HOLTHUS, LLP
ATTORNEYS AT LAW
2763 CAMINO DEL RIO S, SUITE 100
SAN DIEGO, CALIFORNIA 92108
TELEPHONE (619) 685-4800 FACSIMILE (619) 685-4811

Defendants, Quality Loan Service Corporation ("Quality") and McCarthy & Holthus, LLP ("M&H") (Quality and M&H collectively as "Defendants"), respectfully submit this Memorandum of Points and Authorities in support of Defendants' Motion to Dismiss the First Amended Complaint (the "FAC") filed by Plaintiff, Ieoma Chukwurah ("Plaintiff"), pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure.

## INTRODUCTION

Quality has been named in this case solely in its capacity as the Trustee under the Subject Deed of Trust. As discussed in greater detail below, Quality's actions are privileged and, as such, it is not subject to liability for the advancement of the statutorily mandated foreclosure process. Plaintiff fails to allege sufficient facts to state a viable cause of action against Quality or even assert that the actions taken by Quality were done with ***malice***. M&H's involvement in this case is even more suspect, and it appears that Plaintiff is targeting M&H solely because of its representation of the other defendants in this case. Again, it was Quality – not M&H – that conducted the nonjudicial foreclosure. And, again, Quality did not act with malice when advancing the foreclosure. Plaintiff's Complaint is premised on conclusory allegations with no justification for their basis and absolutely no facts to give rise to actionable claims against M&H or Quality. Accordingly, Plaintiff's FAC should be dismissed, with prejudice, as to these Defendants.

## FACTUAL BACKGROUND

### I. THE SECURITY.

On or about January 2, 2016, Chukwurah executed a Deed of Trust to secure a $436,939 loan (the "Deed of Trust") against the real property commonly known as 13922 Lemoli Avenue, Hawthorne, California 90250 (the "Subject Property"). (MidFirst Declaration filed in opposition to Plaintiff's motion for leave to amend ("MidFirst Decl.") ¶ 6, Ex. 1; Req. for Judicial Notice, Ex. A.) The Deed of Trust recorded with the Los Angeles County Recorder's Office on January 8, 2016, as

McCARTHY & HOLTHUS, LLP
ATTORNEYS AT LAW
2763 CAMINO DEL RIO S, SUITE 100
SAN DIEGO, CALIFORNIA 92108
TELEPHONE (619) 685-4800 FACSIMILE (619) 685-4811

Instrument Number 20160021458. (Id.) On December 3, 2018, a Corporation Assignment of Deed of Trust recorded with the Los Angeles County Recorder's Office transferring beneficial interest under the Deed of Trust to MidFirst. (MidFirst Decl. ¶ 7, Ex. 2; Req. for Judicial Notice, Ex. B.)

**II. PLAINTIFF'S PRIOR MODIFICATIONS.**

Plaintiff became delinquent on her loan, and in an effort to cure the delinquency, Plaintiff sought – and received – a Loan Modification and Mortgage Agreement through MidFirst (the "2019 Loan Modification"). (MidFirst Decl. ¶ 8, Ex. 3; Req. for Judicial Notice, Ex. C.) The 2019 Loan Modification was recorded with the Los Angeles County Recorder's Office on October 24, 2019, as Instrument Number 20191144663. (Id.) Plaintiff's loan again fell into default and, on or around September 15, 2023, MidFirst again entered into a Loan Modification Agreement (Deed of Trust) with Plaintiff (the "2023 Loan Modification"). (MidFirst Decl. ¶ 9, Ex. 4; Req. for Judicial Notice, Ex. D.) The 2023 Loan Modification was recorded with the Los Angeles County Recorder's Office on October 19, 2023, as Instrument Number 20230714838. (Id.)

**III. THE BREACH AND FORECLOSURE.**

Quality Loan Service Corporation ("Quality") was substituted as the Trustee under the Deed of Trust. (MidFirst Decl. ¶ 10, Ex. 5; Req. for Judicial Notice, Ex. E.) Plaintiff's loan, secured by the Subject Property, went into default when Plaintiff failed to make the payment due on April 1, 2024, and all subsequent payments thereafter. (MidFirst Decl. ¶ 11, Ex. 6; Req. for Judicial Notice, Ex. F.) Consequently, Quality issued a Notice of Default and Election to Sell. (Id.) As outlined below, the default was not cured and, as a result, a Notice of Trustee's Sale was issued scheduling a sale for August 6, 2026. (MidFirst Decl. ¶ 11; Req. for Judicial Notice, Ex. G.)

/ / /

/ / /

McCARTHY & HOLTHUS, LLP
ATTORNEYS AT LAW
2763 CAMINO DEL RIO S, SUITE 100
SAN DIEGO, CALIFORNIA 92108
TELEPHONE (619) 685-4800 FACSIMILE (619) 685-4811

## IV. DEFENDANTS' FURTHER LOSS MITIGATION EFFORTS.

Following Plaintiff's default under the modified loan, she again contacted MidFirst for loss mitigation assistance. (MidFirst Decl. ¶ 12.) The loan is insured by the Federal Housing Administration ("FHA") and, as such, MidFirst's review of the available assistance programs is based on FHA servicing guidelines. (Id.) On October 31, 2025, Plaintiff was denied for loan assistance and a denial letter was mailed to her attention. (MidFirst Decl. ¶ 13, Ex. 7.)

On or about November 17, 2025, MidFirst received an application for loan assistance via its website whereby Plaintiff asked to be reviewed for "a plan that may lower her monthly mortgage payment." (MidFirst Decl. ¶ 14.) On November 18, 2025, MidFirst mailed an application acknowledgement letter to Plaintiff's attention. (MidFirst Decl. ¶ 14, Ex. 8.) On or about November 19, 2025, Plaintiff was approved for a Standalone Loan Modification trial plan with trial payments of $4,557.83 due from January to March 2026 (the "November 2025 Trial Plan"). (MidFirst Decl. ¶ 15.) November 2025 Trial Plan documents were mailed to Plaintiff's attention on November 19, 2025. (MidFirst Decl. ¶ 15, Ex. 9.) Plaintiff did not accept the November 2025 Trial Plan. (MidFirst Decl. ¶ 15.)

On or about December 29, 2025, MidFirst received an application for loan assistance via its website whereby Plaintiff stated that she was not ready to resume making monthly payments on her loan as her hardship had not been resolved. (MidFirst Decl. ¶ 16.) On or about December 30, 2025, MidFirst received an application for loan assistance via email again indicating that Plaintiff was not ready to resume monthly payments. (Id.) This application was used in conjunction with the application received, via MidFirst's website, on December 29, 2025. (Id.) On December 31, 2025, MidFirst mailed an application acknowledgement letter to Plaintiff's attention. (MidFirst Decl. ¶ 17, Ex. 10.) On or about January 12, 2026, MidFirst completed its review of Plaintiff's loss mitigation application, and the application was denied. (MidFirst Decl. ¶ 18.) On January 16, 2026, MidFirst

mailed its evaluation notice, denying Plaintiff's request for assistance, to Plaintiff's attention. (MidFirst Decl. ¶ 18, Ex. 11.)

On or about January 22, 2026, MidFirst received an Application for Appeal via its website, whereby Plaintiff again advised that she was not ready to resume monthly payments on her home loan. (MidFirst Decl. ¶ 19.) On January 26, 2026, MidFirst mailed an acknowledgement letter to Plaintiff's attention regarding her appeal. (MidFirst Decl. ¶ 20, Ex. 12.) On January 27, 2026, MidFirst completed its review of Plaintiff's appeal and mailed an evaluation notice, denying her appeal, to Plaintiff's attention. (MidFirst Decl. ¶ 20, Ex. 13.)

On February 7, 2026, Plaintiff requested that MidFirst communicate with her in writing. (MidFirst Decl. ¶ 21.) On February 7, 2026, MidFirst mailed notice to Plaintiff's attention indicating that:

> "At this time, we have removed your telephone contact information from our dialing system. We will not contact you by telephone in an effort to collect the debt; however, you may receive certain notifications or mailings that we are required to provide."

(MidFirst Decl. ¶ 21, Ex. 14.)

On or about February 9, 2026, MidFirst received another appeal and a new application for loss mitigation assistance from Plaintiff. (MidFirst Decl. ¶ 22.) The application received on February 9, 2026 requested MidFirst review Plaintiff for "a plan that may lower her monthly mortgage payment." (Id.) On February 10, 2026, MidFirst mailed an acknowledgement letter to Plaintiff's attention. (MidFirst Decl. ¶ 22, Ex. 15.)

On or about March 3, 2026, Plaintiff was approved for a Standalone Loan Modification trial plan with trial payments of $4,535.87 due from April to June 2026 (the "March 2026 Trial Plan"). (MidFirst Decl. ¶ 23.) March 2026 Trial Plan documents were mailed to Plaintiff's attention on March 3, 2026. (MidFirst Decl. ¶ 23, Ex. 16.) To date, Plaintiff has not accepted the March 2026 Trial Plan. (MidFirst Decl. ¶ 23.)

McCARTHY & HOLTHUS, LLP
ATTORNEYS AT LAW
2763 CAMINO DEL RIO S, SUITE 100
SAN DIEGO, CALIFORNIA 92108
TELEPHONE (619) 685-4800 FACSIMILE (619) 685-4811

On or about March 12, 2026, MidFirst received an Application for Appeal from Plaintiff via MidFirst's website. (MidFirst Decl. ¶ 24.) On March 13, 2026, MidFirst mailed an acknowledgement letter to Plaintiff's attention regarding her appeal. (MidFirst Decl. ¶ 24, Ex. 17.) On March 25, 2026, MidFirst completed its review of Plaintiff's appeal and mailed an evaluation notice, denying her appeal, to Plaintiff's attention. (MidFirst Decl. ¶ 25, Ex. 18.) Plaintiff currently does not qualify for another retention loan assistance plan other than the previously offered March 2026 Trial Plan. (MidFirst Decl. ¶ 25.)

## V. SETTLEMENT EFFORTS REFERENCED BY PLAINTIFF.

Plaintiff alleges that "[o]n July 9, 2026, lead defense counsel Matthew B. Learned represented in writing that Plaintiff ***was*** approved for an active Trial Plan in March 2026." (FAC ¶ 35.2 (emphasis added).) Plaintiff further alleges that "[o]n July 9, 2026, lead defense counsel Matthew Learned, acting as an agent for M&H, ***represented in writing that Plaintiff had an active, open modification track through March 2026***." (FAC ¶ 59 (emphasis added).) Although there appears to be no dispute that Plaintiff was approved for, but declined the March 2026 Trial Plan, Defendants incorporate by reference the entirety of counsel's July 9, 2026 email exchange with Plaintiff regarding potential settlement which states, in relevant part:

> In an effort to avoid either of us from having to devote potentially unnecessary time to litigating this case, what are you looking to accomplish with this lawsuit? As you know, although your loan has been modified several times, my client again approved you for a modification…but you did not accept that offer (the March 2026 Trial Plan). Is the March 2026 Trial Plan something you are interested in pursuing / finalizing?

See Learned Decl. ¶ 3, Ex. 1; see also United States v. Ritchie, 342 F.3d 903 (9th Cir. 2003); see also Van Buskirk v. CNN, 284 F.3d 977, 980 (9th Cir. 2002) (holding that even if a document is not attached to a complaint, it may be incorporated by reference if the plaintiff (1) refers extensively to the document, or (2) the document forms the basis of the plaintiff's claim.)

McCARTHY & HOLTHUS, LLP
ATTORNEYS AT LAW
2763 CAMINO DEL RIO S, SUITE 100
SAN DIEGO, CALIFORNIA 92108
TELEPHONE (619) 685-4800 FACSIMILE (619) 685-4811

## POINTS & AUTHORITIES

### I. LEGAL STANDARD.

Rule 12(b)(6) of the Federal Rules of Civil Procedure allows a Defendant to bring a motion to test the legal sufficiency of the allegations in a complaint. Such a motion should be granted when the plaintiff's allegations, taken as true, do not entitle the plaintiff to the relief sought in the complaint. A dismissal pursuant to Rule 12(b)(6) is required where the complaint lacks a "cognizable legal theory" or does not plead facts sufficient to support a cognizable theory. Balistreri v. Pacifica Police Dept., 901 F. 2d 696, 699 (9th Cir. 1990). The complaint must provide "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do…." Bell Atlantic v. Twombly, 550 U.S. 544, 555 (2007) (citing Papasan v. Allain, 478 U.S. 265, 286 (1986)). Instead, the complaint's "factual allegations must be enough to raise a right to relief above the speculative level…." Id.

In ruling on a 12(b)(6) motion to dismiss, the Court may consider "allegations contained in the pleadings, exhibits attached to the complaint, and matters properly subject to judicial notice." Swartz v. KPMG LLP, 476 F. 3d 756, 763 (9th Cir. 2007). But, the Court need not accept unreasonable inferences or "conclusory, unwarranted deductions of fact" cast in the form of factual allegations. Sprewell v. Golden State Warriors, 266 F. 3d 979, 988 (9th Cir. 2001). "In sum, for a complaint to survive a motion to dismiss, the non-conclusory factual content, and reasonable inferences from that content, must be plausibly suggestive of a claim entitling the plaintiff to relief." Moss v. U.S. Secret Service, 572 F. 3d 962, 969 (9th Cir. 2009) (internal quotation marks omitted).

### II. PLAINTIFF FAILS TO STATE A CLAIM AGAINST DEFENDANTS.

Plaintiff's FAC is premised on the false claim that she had active loss mitigation pending when the foreclosure notices were issued against the Subject Property. As to Quality and M&H, Plaintiff claims that the Defendants violated the

McCARTHY & HOLTHUS, LLP
ATTORNEYS AT LAW
2763 CAMINO DEL RIO S, SUITE 100
SAN DIEGO, CALIFORNIA 92108
TELEPHONE (619) 685-4800 FACSIMILE (619) 685-4811

Fair Debt Collection Practices Act (the "FDCPA") and the California Rosenthal Act (the "Rosenthal Act") by foreclosing on the Subject Property. However, it is well settled that a Trustee under a California deed of trust is not a "debt collector" and, as such, Plaintiff's Rosenthal Act and FDCPA causes of action fail as a matter of law. Moreover, Quality's advancement of the nonjudicial foreclosure is privileged and as such Quality is not subject to liability for the claims presented in Plaintiff's Complaint. As to Plaintiff's remaining claims, she fails to allege sufficient facts to state a cause of action against Defendants. Therefore, the Motion should be granted.

### A. Quality's Status As Trustee Prohibits Imposition Of Liability.

Quality is named in Plaintiff's FAC entirely for actions conducted in its capacity as the Trustee under the Plaintiff's Deed of Trust. However, Quality's advancement of the nonjudicial foreclosure is statutorily protected under Civil Code section 47, and accordingly this conduct cannot form the basis of any tort cause of action.

The legislature has codified the manner and procedure for conducting nonjudicial foreclosures in Civil Code sections 2920 through 2944.5. These sections comprise a comprehensive regulation of the nonjudicial foreclosure process by the legislature. Moeller v. Lien, 25 Cal.App.4th 822, 834 (1994). While the Trustee formally advance the foreclosure, it may only record the Notice of Default or Notice of Sale at the direction of the person or entity that holds the beneficial interest under the deed of trust. See Cal. Civ. Code § 2924(a)(1); see also Kachlon v. Markowitz, 168 Cal.App.4th 316, 334 (2008) (upon a borrower's failure to make payments, "the beneficiary may declare a default and make a demand on the trustee to commence foreclosure").

California Civil Code section 2924(b) provides: "[I]n performing acts required by this article, the trustee shall incur no liability for any good faith error resulting from reliance on information received in good faith from the beneficiary regarding the nature and the amount of the default under the secured obligation, deed of trust,

McCARTHY & HOLTHUS, LLP
ATTORNEYS AT LAW
2763 CAMINO DEL RIO S, SUITE 100
SAN DIEGO, CALIFORNIA 92108
TELEPHONE (619) 685-4800 FACSIMILE (619) 685-4811

or mortgage." Cal. Civ. Code § 2924(b) (emphasis added). Thus, when a Trustee such as Quality records a Notice of Default at the direction of the beneficiary, the Trustee incurs no liability for such recordation. The same litigation privilege applies to all foreclosure notices. California Civil Code section 2924(d) provides that the mailing, publication, and delivery of the foreclosure notices as required by this section and performance of procedures described in this article "shall constitute privileged communications" within the meaning of Civil Code section 47. Cal. Civ. Code § 2924(d). This includes the procedures for substitution of trustee (section 2934a), for posting and publication of the notices of default and sale (section 2924b), and for conduct of a Trustee's Sale (section 2924g).

The litigation privilege is appropriate given the Trustee's limited role in the loan. A Trustee has no claim to ownership of the property, but acts as the agent to the Trustor and Beneficiary "for the limited purpose of conducting a sale in the event of the trustor's default or reconveying the property upon satisfaction of the debt." Hatch v. Collins, 225 Cal.App.3d 1104, 1111 (1990); Ainsa v. Mercantile Trust Co. of San Francisco, 174 Cal. 504, 510 (1917); see also Monterey S.P. Partnership v. W.L. Bangham, Inc., 49 Cal. 3d 454, 462 (1989) ("Just as a panda is not a true bear, a trustee of a deed of trust is not a true trustee." (quoting Stephens, Partain & Cunningham v. Hollis, 196 Cal.App.3d 948, 955 (1987).). It is for that reason a Trustee reasonably relies upon the information it is provided and cannot take any action beyond the scope of its limited authority. Quality was included as a defendant solely because it was named as the substitute Trustee under the subject Deed of Trust and issued foreclosure documents against the Subject Property.

The effect of the litigation privilege is to bar any tort action based on a protected communication ***when the publication was made without malice***. The only exception is for suit based on malicious prosecution – which is not being alleged in this case. Kachlon, 168 Cal.App.4th at 336; Rubin v. Green, 4 Cal. 4th 1187, 1193-94 (1993). To qualify for the common interest privilege, the communication must

McCARTHY & HOLTHUS, LLP
ATTORNEYS AT LAW
2763 CAMINO DEL RIO S, SUITE 100
SAN DIEGO, CALIFORNIA 92108
TELEPHONE (619) 685-4800 FACSIMILE (619) 685-4811

be made without malice and Plaintiff has failed to allege that Quality acted with malice when advancing the nonjudicial foreclosure. Malice requires that the publication be motivated by hatred or ill will toward the plaintiff or lack of reasonable belief in the truth of the publication. Kachlon, 168 Cal.App.4th at 336. There are no facts asserted in the FAC that Quality acted with malice in recording the foreclosure notices.

Plaintiff's conclusory allegations that the "claims asserted against Defendant McCarthy & Holthus, LLP, and Defendant Quality Loan Service Corporation are completely exempt from the protections of the California litigation privilege (FAC ¶ 44) and that Quality scheduled a foreclosure sale "date for August 6, 2026, while Plaintiff's complete loss-mitigation application and formal administrative civil rights appeals remained open and pending (FAC ¶ 45), are insufficient to charge Quality with malice. Thus, each and every cause of action asserted in the Complaint is barred by the litigation privilege. Kachlon, 168 Cal.App.4th at 336; Rubin, 4 Cal. 4th at 1187, 1193-94. Upon these grounds alone, there is sufficient basis to conclude that Plaintiff improperly named Quality in this action and that the FAC should be dismissed as to Quality.

McCARTHY & HOLTHUS, LLP
ATTORNEYS AT LAW
2763 CAMINO DEL RIO S, SUITE 100
SAN DIEGO, CALIFORNIA 92108
TELEPHONE (619) 685-4800 FACSIMILE (619) 685-4811

**B. The Rosenthal Act and FDCPA Claims Fail Against Defendants.**

In support of her FDCPA cause of action, Plaintiff alleges that M&H "acted as an independent 'debt collector' utilizing the instruments of interstate commerce to execute a non-judicial foreclosure auction against Plaintiff's residence." (FAC ¶ 57.) Plaintiff additionally contends that "debt collectors are strictly prohibited from taking or threatening to take non-judicial action to effect dispossession of property if there is no present right to possession" and that "[b]ecause the underlying Notice of Default was recorded in direct violation of the California Homeowner Bill of Rights dual-tracking ban, no present right to possession exists." (FAC ¶ 58.) Finally, Plaintiff alleges that "[o]n July 9, 2026, lead defense counsel Matthew Learned, acting as an agent for M&H, represented in writing that Plaintiff had an

McCARTHY & HOLTHUS, LLP
ATTORNEYS AT LAW
2763 CAMINO DEL RIO S, SUITE 100
SAN DIEGO, CALIFORNIA 92108
TELEPHONE (619) 685-4800 FACSIMILE (619) 685-4811

active, open modification track through March 2026" and this email was false and deceptive under the FDCPA. (FAC ¶ 59.)

Plaintiff's FDCPA cause of action fails because, simply stated, Plaintiff has not alleged any facts to show that M&H issued the foreclosure notices against the Subject Property. Even if M&H did in fact issue the foreclosure notices, which it didn't, it is well settled that M&H is not a debt collector under the FDCPA. See Obduskey v. McCathy & Holthus LLP, 586 U.S. 466 (2019) (unanimously holding that a law firm engaged in no more than nonjudicial foreclosure proceedings is not a "debt collector" subject to the main coverage of the FDCPA); see also Cal. Civ. Code 2924(b) (trustee's performing acts required by the nonjudicial foreclosure statutes are exempt from liability under the Rosenthal Act); Vien-Phuong Thi Ho v. ReconTrust Co., NA, 858 F.3d 568 (9th Cir. 2017); Dowers v. Nationstar Mortg., LLC, 852 F.3d 964 (9th Cir. 2017).

Finally, to the extent Plaintiff is attempting to use counsel's settlement communications to form the basis for her FDCPA claim against M&H, this likewise fails as counsel's July 9, 2026 email was sent in an effort to resolve the pending litigation and was not made as an attempt to collect on a debt. See, e.g., Guerrero v. RJM Acquisitions LLC, 499 F.3d 926, 938-939 (9th Cir. 2007) (holding that communications made in the context of settlement negotiations are not actionable under the FDCAP because the FDCPA's purposes are not served by applying its "strictures" to such communications.). Plaintiff has not shown how settlement discussions pertaining to active litigation qualify as "debt collection" under the FDCPA.

As to Plaintiff's Rosenthal Act claim, Plaintiff alleges that "M&H and Quality engaged in independent tortious conduct outside the scope of ministerial trustee protections by managing and advancing an active auction sale date based on contradictory accounting timelines and back-dated notices." (FAC ¶ 75.) Alhtough it is unclear what contradictory timeline and back-dated notices Plaintiff is even

referring to in her seventh cause of action but, regardless, the California Legislature has carved out a specific and express exemption for trustees acting in the nonjudicial foreclosure context. More specifically, the recording of the foreclosure notices is privileged and, as a result, Quality is not subject to liability for any claims related to the advancement of the foreclosure – including Plaintiff's Rosenthal Act claim. See Cal. Civ. Code § 2924(b). The only exception is for claims for malicious prosecution (which is not alleged) and where a Trustee acts with malice (which is also not alleged).

In Davidson v. Seterus, Inc., the California Court of Appeal confirmed the significance of the immunity granted to Trustees under section 2924. Davidson v. Seterus, Inc., 21 Cal.App.5th 283, 299-300 (2018). In Davidson, the court observed that the Legislature carefully crafted the statutory exemption from the Rosenthal Act for a ***trustee*** under a deed of trust for the trustee's performance of the acts required under the exhaustive statutory framework governing nonjudicial foreclosure sales. Id.; see also Miller and Starr California Real Estate, 5 Cal. Real Est. § 13:4 (4th ed.) ("The Rosenthal Act is not applicable to a trustee performing the statutory functions of a trustee to complete the acts required for a power of sale foreclosure that are specified in the Civil Code, nor for a good faith error in responding to a request for payoff or reinstatement information where the trustee's error results from reliance on information provided in good faith by the beneficiary."). Again, Plaintiff has failed to allege that M&H took any action to foreclose on the Subject Property or that Quality engaged in any action other than issuing the statutorily mandated foreclosure notices as required under the comprehensive framework of the Civil Code.

Based on the forgoing, Defendants' motion to dismiss Plaintiff's third and seventh causes of action should be granted and the FDCPA and Rosenthal Act claims should be dismissed with prejudice.

/ / /

McCARTHY & HOLTHUS, LLP
ATTORNEYS AT LAW
2763 CAMINO DEL RIO S, SUITE 100
SAN DIEGO, CALIFORNIA 92108
TELEPHONE (619) 685-4800 FACSIMILE (619) 685-4811

McCARTHY & HOLTHUS, LLP
ATTORNEYS AT LAW
2763 CAMINO DEL RIO S, SUITE 100
SAN DIEGO, CALIFORNIA 92108
TELEPHONE (619) 685-4800 FACSIMILE (619) 685-4811

**C. <u>Plaintiff Fails to State a Claim Against Defendants Under the HOBR.</u>**

Plaintiff alleges that she "submitted a complete application on December 22, 2025, which Defendants acknowledged was "under active review" on December 29, 2025." (FAC ¶ 62.) Plaintiff further alleges that "Defendants recorded a Notice of Default on December 26, 2025, and subsequently scheduled an extrajudicial auction date for August 6, 2026, while applications and administrative appeals remained live and unresolved." (FAC ¶ 62.) Plaintiff argues that counsel's July 9, 2026 email constitutes "conclusive written proof that Defendants engaged in unlawful dual-tracking under California Civil Code section 2923.6…." (FAC ¶ 64.) Plaintiff's fourth cause of action of violations of the California Homeowner's Bill of Rights ("HOBR") fails against Defendants for several reasons and is subject to dismissal.

First, the definition of "mortgage servicer" under California Civil Code section 2920.5 makes it clear that a nonjudicial foreclosure trustee, much less a law firm like M&H, is not responsible for reviewing a borrower's request for a loan modification. Cal. Civ. Code § 2920.5(a) ("'Mortgage servicer' shall not include a trustee, or a trustee's authorized agent, acting under a power of sale pursuant to a deed of trust."). Second, Plaintiff ignores her many efforts to pursue loss mitigation and there is no dual-tracking violation here because Plaintiff's loan was previously modified, twice, and Defendants' efforts to modify Plaintiff's loan a third time were rejected – ***by the Plaintiff***.

After the Notice of Default recorded, and after Plaintiff refused to accept the November 2025 Trial Plan, MidFirst received additional requests for loss mitigation assistance from the Plaintiff. On or about March 3, 2026, Plaintiff was approved for the March 2026 Trial Plan. (MidFirst Decl. ¶ 23, Ex. 16.) However, Plaintiff did not accept the March 2026 Trial Plan. (MidFirst Decl. ¶ 23.) Plaintiff's default under Defendants' prior modification agreements and her refusal to accept the November 2025 and March 2026 Trial Plans are fatal to her dual tracking claim. Pursuant to California Civil Code section 2923.6:

McCARTHY & HOLTHUS, LLP
ATTORNEYS AT LAW
2763 CAMINO DEL RIO S, SUITE 100
SAN DIEGO, CALIFORNIA 92108
TELEPHONE (619) 685-4800 FACSIMILE (619) 685-4811

> A mortgage servicer, mortgagee, trustee, beneficiary, or authorized agent shall not record a notice of default or notice of sale or conduct a trustee's sale until:
> (1) The mortgage servicer makes a written determination that the borrower is not eligible for a first lien loan modification, and any appeal period pursuant to subdivision (d) has expired.
> (2) The ***borrower does not accept an offered first lien loan modification within 14 days of the offer***.
> (3) The borrower accepts a written first lien loan modification, ***but defaults on, or otherwise breaches the borrower's obligations under, the first lien loan modification***.

Cal. Civ. Code § 2923.6(c)(1)-(3) (emphasis added). Based on the forgoing, due to Plaintiff's default under the 2023 loan modification and Plaintiff's refusal to accept either the November 2025 or March 2026 Trial Plans, the MidFirst defendants were permitted to record the Notice of Default and Notice of Sale.

Finally, to the extent Plaintiff claims that she had an appeal pending in December 2025, that she contends was unresolved, this does not support a basis for relief as defendants are not subject to liability for any corrections made prior to completing the foreclosure sale. <u>See</u> Cal. Civ. Code § 2924.12(c) ("A mortgage servicer, mortgagee, beneficiary, or authorized agent shall not be liable for any violation that it has corrected and remedied prior to the recordation of the trustee's deed upon sale…."). Again, Plaintiff was offered a Trial Plan in March 2026 – after her December 2025 appeal. As any purported defect was remedied, Defendants are not subject to liability. Based on the forgoing, Plaintiff's dual tracking cause of action under section 2923.6 fails against the moving Defendants and should be dismissed.

**D. <u>Plaintiff Fails to State a Claim Against Defendants Under the FEHA.</u>**

Plaintiff argues that the California Fair Employment and Housing Act ("FEHA") "makes it an independent unlawful housing practice to deny reasonable accommodations, fail to engage in a continuous interactive process, or subject a disabled homeowner to retaliatory harms or terms and conditions because they

McCARTHY & HOLTHUS, LLP
ATTORNEYS AT LAW
2763 CAMINO DEL RIO S, SUITE 100
SAN DIEGO, CALIFORNIA 92108
TELEPHONE (619) 685-4800 FACSIMILE (619) 685-4811

asserted civil rights protections." (FAC ¶ 66.) Plaintiff alleges that "Defendants had explicit actual notice of Plaintiff's severe clinical oncology vulnerabilities and cognitive processing limitations." (FAC ¶ 67.) Plaintiff additionally contends that "Defendants' abrupt revocation of Plaintiff's digital portal access on May 6, 2026 – executed exactly five days prior to their alleged May 11, 2026 denial letter – was a targeted, retaliatory act designed to cut off an ADA-compliant written communication channel, isolate a disabled oncology patient from her accounting ledgers, and manufacture an artificial default." (FAC ¶ 68.)

California Government Code section 12955 is the core anti-discrimination provision of the FEHA. FEHA makes it unlawful "[f]or any person, bank, mortgage company, or other financial institution that provides financial assistance for the purchase, refinance, organization, or construction of any housing accommodation to discriminate against any person or group of persons ***because of*** race, color, religion, sex, gender, gender identity, gender expression, sexual orientation, marital status, national origin, ancestry, familial status, source of income, disability, veteran or military status, or genetic information in the terms, conditions, or privileges relating to the obtaining or use of that financial assistance." Cal. Gov't. Code § 12955(e) (emphasis added).

Based on the pleadings on file with the Court, Plaintiff's claim that the MidFirst defendants refused to communicate with Plaintiff in writing is patently false. As to the moving Defendants, Plaintiff has failed to sufficiently allege that either Quality or M&H had any involvement with the purported "digital lockout" and, even if they did, the statutory phrase "because of" establishes a legal causation element requiring a plaintiff to show that the protected trait was a motivating factor in the discriminatory action. See, e.g., Harris v. City of Santa Monica, 56 Cal.4th 203 (2013) (holding that a plaintiff must prove that a protected characteristic was a ***substantial motivating factor*** in the employer's adverse employment decision.). Here, Plaintiff fails to sufficiently allege that the moving Defendants took any

action ***because of*** Plaintiff being a member of a protected class. Based on the forgoing, Plaintiff's FEHA claim is insufficiently pleaded against Defendants and is subject to dismissal.

**E. Plaintiff Fails to State an Elder Abuse Claim Against Defendants.**

Plaintiff alleges that her ***household*** "contained a vulnerable caregiving and medical containment structure, specifically involving Plaintiff as a severely ill oncology patient navigating chronic processing fatigue, and her dependent mother requiring full-time 24/7 bedside safety monitoring." (FAC ¶ 70.) Plaintiff additionally contends that "Defendants engaged in statutory financial abuse by taking, appropriating, obtaining, and retaining Plaintiff's real property title interests for a wrongful use, with the intent to defraud, and through the systematic application of undue influence." (FAC ¶ 71.) Plaintiff's sixth cause of action fails for several reasons. Foremost, Plaintiff has failed to sufficiently allege that she is entitled to the protections under California Welfare & Institutions Code section 15610.30. Even if she were entitled to protections under this section, which she is not, there is no actionable violation when commercial lenders enforce their contractual rights. Finally, Plaintiff has completely failed to allege how the moving Defendants engaged in any conduct that would qualify as a violation of section 15613.30 and, as a result, the Motion should be granted.

In California, a dependent adult is "any person, regardless of whether the person lives independently, who is a California resident between the ages of 18 and 64 who either: (a) has physical or mental limitations ***that restrict his or her ability to carry out normal activities or to protect his or her rights***, including persons with physical or developmental disabilities or whose physical or mental abilities have diminished because of age; or (b) is admitted as an inpatient to a 24-hour health facility…." Cal. Welf. & Inst. Code § 15610.23 (emphasis added). Plaintiff claims that "as a chronically ill and disabled, post carcinoma patient suffering from acute physical and cognitive limitations, [she] qualifies as a 'dependent adult' under the

McCARTHY & HOLTHUS, LLP
ATTORNEYS AT LAW
2763 CAMINO DEL RIO S, SUITE 100
SAN DIEGO, CALIFORNIA 92108
TELEPHONE (619) 685-4800 FACSIMILE (619) 685-4811

statute." (FAC ¶ 14.) However, courts have found similar allegations insufficient to show a plaintiff's entitlement to protections under section 15610.23, et seq.

In Cabral v. County of Glenn, the Eastern District of California found that the statutory definition of a dependent adult "must be read in the light of the relevant legislative history, and of reason." Cabral v. County of Glenn, 624 F.Supp.2d 1184, 1194 (E.D. Cal. March 19, 2009) (internal citation omitted). "While the definition of 'dependent adult' is not limited to persons living in [nursing homes and other health care facilities], it reasonably should extend only to persons whose disabilities and needs are comparable to persons who are compelled to live in nursing homes and other health care facilities. Id. Here, Plaintiff's allegations at best support a conclusion that she has ***some*** physical and/or mental disabilities. They do not show, however, that Plaintiff – who admittedly lives independently and cares for her dependent mother – is unable to carry out normal activities or protect her rights. Cabral, at *1196 (citing Estate of Shinkle, 97 Cal.App.4th 990 (2002), disapproved on other grounds in Bernard v. Foley, 39 Cal.4th 794, 816 f.14 (2006)). To the contrary, Plaintiff outlines numerous administrative complaints and loss mitigation requests – initiated by Plaintiff – to protect her interest in the Subject Property.[1] Accordingly, Plaintiff has failed to sufficiently allege that she qualifies as a "dependent adult" and is entitled to the protections under section 15610.23.

Assuming, *arguendo*, that Plaintiff were to qualify as a "dependent adult, courts have consistently held that a commercial lender, insurer, or other business entity is privileged to pursue its own economic interests and assert its contractual rights without incurring elder abuse liability. See Paslay v. State Farm Gen. Ins. Co., 248 Cal.App.4th 639 (2016); Welte v. Wells Fargo Bank Nat'l Ass'n, 189 F.Supp.3d 965 (C.D. Cal. 2016); Stebley v. Litton Loan Servicing, LLP, 202 Cal.App.4th 522 (2011) (holding that a commercial lender is privileged to pursue its

[1] Plaintiff concedes that she "formally lodged ***detailed*** administrative complaints with multiple federal and state oversight authorities" in an effort to protect her rights and "obtain administrative oversight." (FAC ¶¶ 32-32.6 (emphasis added).)

McCARTHY & HOLTHUS, LLP
ATTORNEYS AT LAW
2763 CAMINO DEL RIO S, SUITE 100
SAN DIEGO, CALIFORNIA 92108
TELEPHONE (619) 685-4800 FACSIMILE (619) 685-4811

own economic interests, take collateral, and foreclose when a debt is not paid, and that such conduct does not constitute wrongful use). Thus, the advancement of the nonjudicial foreclosure, following Plaintiff's default under her modified loan and her refusal to accept the further loss mitigation relief offered by the MidFirst defendants, is not actionable under section 15610.30.

The moving Defendants are further insulated from liability because Plaintiff has failed to allege that either Quality or M&H had actual knowledge of any harmful breach purportedly made by the MidFirst defendants. See Pitt v. Metro. Tower Life Ins. Co., 675 F.Supp.3d 1073, 1085 (S.D. Cal. 2023) (holding that "wrongful conduct occurs only when the party who violates the contract actually knows it is engaging in a harmful breach, or reasonably should be aware of the harmful breach"); see also Das v. Bank of Am., N.A., 186 Cal.App.4th 727, 745 (2010) (holding that a financial institution that provides ordinary banking services does not assist in financial abuse unless it had actual knowledge of the third party's wrongful conduct - constructive knowledge or suspicion is insufficient). Based on the forgoing, Plaintiff's elder abuse claim should be dismissed against Defendants.

McCARTHY & HOLTHUS, LLP
ATTORNEYS AT LAW
2763 CAMINO DEL RIO S, SUITE 100
SAN DIEGO, CALIFORNIA 92108
TELEPHONE (619) 685-4800 FACSIMILE (619) 685-4811

### F. Plaintiff Fails to State an Unfair Business Practices Claim.

Plaintiff's unfair competition cause of action asserts a claim under section 17200 of the California Business and Professions Code. This section provides a private cause of action for unlawful, unfair, and fraudulent business acts or practices. Section 17200 is also known as the Unfair Competition Law, and its purpose is to preserve fair business competition. Walker v. Countrywide Home Loans, Inc., 98 Cal.App.4th 1158, 1169 (2002) (citing Cel-Tech Commc'ns, Inc. v. L.A. Cellular Tel. Co., 20 Cal.4th 163, 180 (1999)). The statute is disjunctive, meaning a plaintiff may state a claim by showing that the acts or practices at issue are either unlawful, or unfair, or deceptive. Id.

In support of her unfair business practices claim, Plaintiff alleges that "Defendants' business practices—including generating conflicting denial dates

McCARTHY & HOLTHUS, LLP
ATTORNEYS AT LAW
2763 CAMINO DEL RIO S, SUITE 100
SAN DIEGO, CALIFORNIA 92108
TELEPHONE (619) 685-4800 FACSIMILE (619) 685-4811

across court filings and customer correspondence, mismailing private third-party borrower records into Plaintiff's caregiving domain, and abandoning formal escalation commitments under Case No. 2319539—constitute per se unlawful, unfair, and fraudulent business acts under California Business & Professions Code § 17200." (FAC ¶ 78.) As a threshold issue, Plaintiff entirely fails to allege how either M&H or Quality had any involvement with "generating conflicting denial dates," provided personal financial information of other borrowers or abandoned "escalation commitments under Case No. 2319539." (Id.)

Even if these critical facts were included in her FAC, Plaintiff lacks standing to pursue a cause of action for violation of Business and Professions Code section 17200. A private person has standing to assert a section 17200 claim only if he (1) "has suffered injury in fact," and (2) "has lost money or property ***as a result of*** such unfair competition." Cal. Bus. & Prof. Code § 17204 (emphasis added). Plaintiff cannot maintain an action unless he establishes a loss of money or property that was caused by the defendant's business practice. Kwikset Corp. v. Superior Court, 51 Cal.4th 310, 322 (2011). Plaintiff has not demonstrated an injury in fact that was *caused* by any specific conduct of this Defendant. See Hall v. Time Inc., 158 Cal.App.4th 847, 855 (2008) (finding section 17200 includes a causation element). Because the foreclosure directly resulted from Plaintiff's default under her prior modifications and her failure to accept the November 2025 Trial Plan or the March 2026 Trial Plan, she cannot show that her purported injury was actually caused by moving Defendants' conduct.

Additionally, a business act may violate section 17200 if it is either "unlawful," "unfair," or "fraudulent." Each of these prongs involves "a separate and distinct theory of liability." Kearns v. Ford Motor Co., 567 F.3d 1120, 1127 (9th Cir. 2009); see also S. Bay Chevrolet v. GM Acceptance Corp., 72 Cal.App.4th 861, 880-889 (1999) (discussing standards necessary to establish a violation under each separate prong of section 17200). Because a violation of section 17200 may

McCARTHY & HOLTHUS, LLP
ATTORNEYS AT LAW
2763 CAMINO DEL RIO S, SUITE 100
SAN DIEGO, CALIFORNIA 92108
TELEPHONE (619) 685-4800 FACSIMILE (619) 685-4811

be established by unfair, fraudulent, ***or*** unlawful practices, the plaintiff must specifically plead which prong his cause is action is based on. See Khoury v. Maly's of Cal., Inc., 14 Cal.App.4th 612, 619 (1979). Plaintiff fails to do so in her FAC. Thus, Plaintiff's unfair business practices cause of action remains deficient and subject to dismissal.

## VI. LEAVE TO AMEND SHOULD BE DENIED.

Federal Rule of Civil Procedure, Rule 15 states that courts "should freely give leave [to amend] when justice so requires." "But a district court need not grant leave to amend where the amendment: (1) prejudices the other party; (2) is sought in bad faith; (3) produces an undue delay in litigation; or (4) is futile." AmeriSourceBergen Corp. v. Dialysist W., Inc., 465 F.3d 946, 951 (9th Cir. 2006). "Futility of amendment is analyzed much like a Rule 12(b)(6) motion to dismiss—an amended complaint is futile when it would be subject to dismissal." Woods v. First Am. Title, Inc., 2011 WL 13218022, at *2 (C.D. Cal. Sept. 20, 2011). Here, Plaintiff has not presented facts sufficient to state any viable causes of action against Quality or M&H. Further, Plaintiff cannot amend to remedy the defects and, as such, the Court should grant the Motion to Dismiss with prejudice.

## CONCLUSION

For the above-mentioned reasons Plaintiff has not and cannot state a claim for any of her causes of action against either M&H or Quality. Plaintiff's FAC should therefore be dismissed with prejudice and without leave to amend as to these Defendants.

Dated: September 3, 2026

Respectfully submitted,
**McCARTHY & HOLTHUS, LLP**

By: *Matthew B. Learned*

Matthew B. Learned, Esq.
Attorney for Defendants,
Quality Loan Service Corporation and
McCarthy & Holthus, LLP