UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No. 2:26-cv-01990-MWC-SK Date: September 8, 2026

Title: Ifeoma Chukwurah v. Midland Mortgage, *et al.*

Present: The Honorable Michelle Williams Court, United States District Judge

| T. Jackson | Not Reported |
| --- | --- |
| Deputy Clerk | Court Reporter / Recorder |

| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants: |
| --- | --- |
| N/A | N/A |

**Proceedings: (IN CHAMBERS) ORDER DENYING PLAINTIFF'S EMERGENCY *EX PARTE* APPLICATION FOR EXPEDITED RULING AND EMERGENCY *STATUS QUO* INJUNCTION STAYING POST-FORECLOSURE EVICTION (DKT. [139])**

Before the Court is *pro se* Plaintiff Ifeoma Chukwurah's ("Plaintiff") Emergency *Ex Parte* Application ("Application") for Expedited Ruling on Pending Motion for Reasonable ADA Accommodations and for an Emergency *Status Quo* Injunction Staying Post-Foreclosure Eviction/Lockout Proceedings.[1] Dkt. # 139 ("*Mot.*"). Defendants did not oppose. The Court finds this matter appropriate for decision without oral argument. *See* Fed. R. Civ. P. 78; C.D. Cal. L.R. 7-15. For the reasons set forth below, the Court **DENIES** Plaintiff's Application (Dkt. # 139).

[1] Because Plaintiff is proceeding *pro se*, the Court is "obligated to liberally construe [her] documents," looking "to the contents of [her] filing[s] rather than [their] form." *Watanabe v. Derr*, 115 F.4th 1034, 1043 (9th Cir. 2024) (cleaned up), *cert. granted sub nom. Nielsen v. Watanabe*, 2026 WL 1780123 (June 22, 2026); *Ross v. Williams*, 950 F.3d 1160, 1173 n.19 (9th Cir. 2020) (same).

A. Expedited Ruling

On August 7, 2026, Plaintiff filed the pending Motion for Reasonable Disability Accommodations, set for hearing on September 18, 2026. Dkt. # 117. Plaintiff requests the Court expedite its ruling on the motion because she "has been placed in an untenable Catch-22: Plaintiff cannot engage in oral conferral without severe medical distress, yet cannot file her Renewed Preliminary Injunction without risking procedural strike for relying on email conferral." *Mot.* at 3.

To justify *ex parte* relief, an applicant [1] "must show that the moving party's cause will be irreparably prejudiced if the underlying motion is heard according to regular noticed motion procedures," and [2] "it must be established that the moving party is without fault in creating the crisis that requires ex parte relief, or that the crisis occurred as a result of excusable neglect." *Mission Power Eng'g Co. v. Cont'l Cas. Co.*, 883 F. Supp. 488, 492 (C.D. Cal. 1995). "To show irreparable prejudice, it will usually be necessary to refer to the merits of the accompanying proposed motion, because if it is meritless, failure to hear it cannot be prejudicial." *Id.*

Plaintiff has not demonstrated why *ex parte* relief is necessary here, nor what events will transpire between September 3 and September 18, 2026 (when the motion is noticed) to warrant expediting ruling on her motion. The Court "is unable to prioritize individual matters for expedited consideration upon a litigant's request." *Tikmo v. Pactiv Evergreen Grp. Holdings Inc.*, No. 2:25-cv-1614-DAD-CKD (PS), 2025 WL 1918066, at *1 (E.D. Cal. July 11, 2025). Plaintiff has failed to explain whether she anticipates a significant change in her foreclosure proceedings during this period. In any event, the Court will issue a ruling on Plaintiff's motion shortly and in due course.

B. Interim *Status Quo* Stay

Plaintiff next requests the Court issue "an interim status quo stay" of her eviction, lockout, and unlawful detainer enforcement. *See Mot.* at 4–5.

To obtain a preliminary injunction, a party must show: (1) a likelihood of success on the merits; (2) a likelihood of irreparable harm in the absence of preliminary relief; (3) that the balance of equities tips in his favor; and (4) that an injunction is in the public interest. *See Winter v. Nat. Res. Def. Council, Inc.*, 555 U.S. 7, 20 (2008). "As a general matter, district courts *must* consider all four *Winter* factors," *Baird v. Bonta*, 81 F.4th 1036,

1040 (9th Cir. 2023) (internal quotation marks and citation omitted) (emphasis in original), and a party must "make a showing on *all four prongs* to obtain a preliminary injunction." *A Woman's Friend Pregnancy Res. Clinic v. Becerra*, 901 F.3d 1166, 1167 (9th Cir. 2018) (internal quotation marks and citation omitted) (emphasis in original). The Ninth Circuit employs a sliding scale approach to these factors, wherein "the elements of the preliminary injunction test are balanced, so that a stronger showing on one element may offset a weaker showing of another. For example, a stronger showing of irreparable harm to plaintiff might offset a lesser showing of likelihood of success on the merits." *All. for the Wild Rockies v. Cottrell*, 632 F.3d 1127, 1131 (9th Cir. 2011). However, if a party "fails to meet the threshold inquiry of likelihood of success on the merits (or serious questions going to them," a court need not consider the other *Winter* factors. *Diamond Sands Apartments, LLC v. Clark Cnty. Nevada*, 164 F.4th 759, 762 (9th Cir. 2026).

Here, Plaintiff has failed to show a likelihood of success on the merits for any of her claims. Though she argues that she will suffer irreparable harm through the loss of her primary residence, she must make a showing on all four prongs, with the likelihood of success on the merits serving as the most important prong. *See id.* Because Plaintiff has failed to address the merits of her request, the Court **DENIES** Plaintiff's Application (Dkt. # 139)

Plaintiff is advised that the Court has pro se clinics available to assist persons who represent themselves. The pro se clinic in Los Angeles is administered by a non-profit law firm, Public Counsel, not by the Court. Pro se litigants may submit an online application to request services from the Los Angeles Federal Pro Se Clinic on the website, https://prose.cacd.uscourts.gov/los-angeles, or contact Public Counsel directly by phone at (213) 385-2977 or by clicking the link on the website.

**IT IS SO ORDERED.**

:

**Initials of Preparer** TJ