UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No. 2:26-cv-01990-MWC-SK Date: September 14, 2026

Title: Ifeoma Chukwurah v. Midland Mortgage, *et al.*

Present: The Honorable Michelle Williams Court, United States District Judge

| T. Jackson | Not Reported |
|---|---|
| Deputy Clerk | Court Reporter / Recorder |
| Attorneys Present for Plaintiffs: N/A | Attorneys Present for Defendants: N/A |

**Proceedings: (IN CHAMBERS) ORDER GRANTING IN PART AND DENYING IN PART PLAINTIFF'S MOTION FOR REASONABLE DISABILITY ACCOMMODATIONS (DKT. [117])**

Before the Court is a motion filed by Plaintiff Ifeoma Chukwurah ("Plaintiff"), proceeding *pro se* and *in forma pauperis*,[1] requesting reasonable disability accommodations for current and future motion practice in this action. Dkt. # 117 ("*Mot.*"). On September 11, 2026, the Court ordered Defendants MidFirst Bank, Midland Mortgage, Quality Loan Service Corporation, and McCarthy & Holthus, LLP (collectively, "Defendants") to file a response brief, Dkt. # 146, and on September 14, 2026, Defendants filed a Notice of Non-Opposition. Dkt. # 147 ("*Response*"). The Court finds this matter appropriate for decision without oral argument. *See* Fed. R. Civ. P. 78; C.D. Cal. L.R. 7-15. After considering the papers, the Court **GRANTS IN PART AND DENIES IN PART** Plaintiff's Motion. The September 18, 2026 hearing is **VACATED**.

[1] Because Plaintiff is proceeding *pro se*, the Court is "obligated to liberally construe [her] documents," looking "to the contents of [her] filing[s] rather than [their] form." *Watanabe v. Derr*, 115 F.4th 1034, 1043 (9th Cir. 2024) (cleaned up), *cert. granted sub nom. Nielsen v. Watanbe*, No. 25-417, 2026 WL 1780123 (June 22, 2026); *Ross v. Williams*, 950 F.3d 1160, 1173 n.19 (9th Cir. 2020) (same).

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No. 2:26-cv-01990-MWC-SK Date: September 14, 2026

Title: Ifeoma Chukwurah v. Midland Mortgage, *et al.*

I. Meet & Confer Requirement: Email Exchange

First, Plaintiff seeks authorization to "to perform all pre-filing conferrals required by C.D. Cal. Local Rule 7-3 exclusively in writing via electronic mail," and that such email exchanges will be deemed fully compliant with the Local Rule. *See Mot.* at 2. Defendants represent that they do not oppose request. *Response* at 2.

C.D. Cal. Local Rule 7-3 does not contemplate email exchange as a substitute for a pre-filing conference. *Cf.* C.D. Cal. L.R. 7-3. Nevertheless, because Defendants do not oppose this request, the Court **GRANTS** the motion on this basis according to the following conditions:

1. Any email exchange must thoroughly explain in detail the grounds and arguments underlying any proposed motion, application, or request. For example, it is not enough to simply inform the opposing party that the movant intends to "file a motion for summary judgment" without providing the factual and legal support underlying the anticipated motion. The email should provide written advanced notice of what the movant intends to file in the body of their motion, including their legal authorities.

2. C.D. Cal. Local Rule 7-3's seven-day requirement remains in effect. Any requesting or moving party **must** send their initial email to the non-movant **at least seven days** before filing any motion in this action.

3. If after exchanging emails, the parties reach an impasse regarding resolution of the proposed motion, the movant **must** file an accompanying declaration setting forth a summary of the email exchange and the position of each party with respect to the motion. The movant **must** also attach copies of the parties' email exchanges to their declaration.

Failure to comply with any of these conditions will result in the Court striking future motions. However, once a movant complies with all three conditions listed above, the Court will deem such compliance as satisfying Local Rule 7-3.

II. Oral Argument

Plaintiff next requests that the Court take all pending and future motions under submission "without oral or telephonic hearings." *Mot.* at 2. Plaintiff represents that taking all motions under submission "protects Plaintiff from severe autonomic distress while preserving the full substantive opportunity for all parties to be heard through written briefing." *Id.* at 4. Defendants do not oppose this request. *Response* at 2.

Though Defendants do not oppose the request, the Court declines to issue a blanket waiver of oral argument in this case, as there may be instances where oral argument assists the Court with rendering a decision. Oral argument provides the Court with an opportunity "to ask questions, often to give counsel a chance to address [the Court's] tentative conclusions to clarify or even persuade the judge to change his or her mind." *Kennedy v. Lockyer*, 379 F.3d 1041 (9th Cir. 2004) (Fisher, J., concurring); *Scarff v. Wells Fargo Bank, N.A.*, No. C 03-03394 JF (PVT), 2006 WL 8445474, at *1 (N.D. Cal. Feb. 23, 2006). Even if the Court waives oral argument, in some instances, "a district court may abuse its discretion if it refuses to hear oral argument when a party would suffer unfair prejudice as a result." *Mahon v. Credit Bureau of Placer Cnty. Inc.*, 171 F.3d 1197, 1200 (9th Cir. 1999); *see also Sovereign Gen. Ins. Servs. Inc. v. Nat'l Cas. Co.*, 359 F. App'x 705, 708 (9th Cir. 2009). The Court cannot conclude with certainty that oral argument will be unnecessary in connection with all hearings moving forward with this action. Should Defendants change course and request oral argument in the future, and if Defendants demonstrate that they would suffer unfair prejudice absent oral argument, then denying their request would be an abuse of this Court's discretion. *Mahon*, 171 F.3d at 1200; *Sovereign Gen. Ins.*, 359 F. App'x at 708. Accordingly, Plaintiff's request to dispense with oral argument in this action is **DENIED**.

III. Lead Liaison Counsel for Defendants

Finally, Plaintiff represents that "[m]anaging dozens of defense attorneys across parallel dockets while serving as the sole 24/7 caregiver for an elderly mother with advanced Alzheimer's disease" should warrant the designation of a single lead defense service liaison to streamline communications with her in this action. *See Mot.* at 4.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No. 2:26-cv-01990-MWC-SK Date: September 14, 2026

Title: Ifeoma Chukwurah v. Midland Mortgage, *et al.*

Defendants represent that they do not oppose this request, but "submit, however, that the request is unnecessary and moot, as Plaintiff already has one [point of] contact – attorney Matthew B. Learned, Esq. at McCarthy & Holthus, LLP[.]" *Response* at 2. Indeed, only one law firm is representing all Defendants in this action. *See id.* In light of the foregoing, Plaintiff's request to appoint lead liaison counsel is **DENIED AS MOOT**.

IV. Conclusion

For the foregoing reasons, the Court **ORDERS** as follows:

1. Plaintiff's Motion for Reasonable Disability Accommodations is **GRANTED IN PART AND DENIED IN PART** in accordance with this Order.

2. The September 18, 2026 hearing is **VACATED**.

**IT IS SO ORDERED.**

:

**Initials of Preparer** TJ