**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**

**IFEOMA CHUKWURAH R.N,**

Plaintiff,

v.

**MIDLAND MORTGAGE** (servicer name as used in communications), a division of MIDFIRST BANK; **MIDFIRST BANK;MIDLAND MORTGAGE INVESTORS TRUST; QUALITY LOAN SERVICE CORPORATION; MCCARTHY & HOLTHUS, LLP; and DOES 1–20,**

Defendants.

**Case No.:** 2:26-cv-01990-MWC-SK

Assigned to: Hon. Michelle Williams Court, Courtroom 6A

Referred to: Magistrate Judge Steve Kim

**PLAINTIFF'S OMNIBUS OPPOSITION TO DEFENDANTS' MOTIONS TO DISMISS (DKT. #143, #144); AND CROSS-MOTION FOR LEAVE TO FILE SECOND AMENDED COMPLAINT PURSUANT TO FED. R. CIV. P. 15(a)(2), LOCAL RULE 15-1, AND STANDING ORDER ¶ 9(j)**

- **Hearing Date:** October 9, 2026
- **Hearing Time:** 1:30 PM
- **Courtroom:** 6A, 6th Floor
- **Presiding Judge:** Hon. Michelle Williams Court
- **Referral Magistrate:** Hon. Steve Kim
- **Action Filed:** February 24, 2026
- **Operative Pleading:** First Amended Complaint (Dkt. #123)

**Table of Contents**

**I. INTRODUCTION & SUMMARY OF THE OPPOSITION**

**II. PRELIMINARY PROCEDURAL DEFECT: DEFENDANTS MIDFIRST BANK AND MIDLAND MORTGAGE JOINED ISSUE VIA ANSWER (DKT. #82); DKT. #143 MUST BE CONSTRUED UNDER RULE 12(c)**

**III. COUNTER-STATEMENT OF OPERATIVE FACTS**

- **A.** The Recorded Security, FHA Insured Status, and Express Section 3 HOA Assessment Escrow Obligations
- **B.** The Manufactured Default, Arbitrary Refusal to Escrow PUD Dues, and Triggering of the $4,500+ SBS Lien and $5,700 Delinquency
- **C.** Contradictory Servicing Timelines, MAC Escalation Case #2319539 Abandonment, and Concealment of the $129,205.94 HUD Partial Claim
- **D.** Retaliatory Digital Portal Lockout Following Federal Filing and MidFirst's Written CFPB Party Admission
- **E.** The August 5, 2026 Extortionate Dismissal Demand, Bad-Faith Auction on August 6, 2026, and Title Clouding
- **F.** Depletion of Family Caregiving Reserves and Vulnerable Household Structure (Active Renal Carcinoma Surveillance and 24/7 Elder Care)

**IV. LEGAL ARGUMENT IN OPPOSITION TO DISMISSAL**

- **A.** Governing Standards: Pro Se Civil Rights Liberality Under Rules 8(a), 12(b)(6), and Rule 12(c)
- **B.** Rule 12(c) Precludes Dismissal for MidFirst/Midland: Sworn Answer (Dkt. #82) Establishes Unresolved Disputes of Material Fact
- **C.** Defendants Quality and M&H Are Subject to FDCPA Liability Under 15 U.S.C. § 1692f(6) and *Obduskey*
- **D.** Qualified Non-Judicial Foreclosure Privileges (Civ. Code §§ 47(c), 2924(d)) Do Not Immunize Malice or Dual-Tracking Violations
- **E.** California HBOR Dual-Tracking Post-Sale Damages (Civ. Code §§ 2923.6, 2924.12(b)) Matured Upon Execution of the August 6 Auction
- **F.** MidFirst's CFPB Admission Confirms Actionable Civil Rights Retaliation Under FHA § 3617, ECOA § 1691(a)(3), and FEHA § 12955

- **G.** Pleading Active Oncological Impairment and Household Taking Establishes Financial Dependent Adult/Elder Abuse (Welf. & Inst. Code § 15610.30)
- **H.** Out-of-Pocket SBS Lien Losses and Accounting Concealment Satisfy UCL § 17200 Standing

**V. CROSS-MOTION FOR LEAVE TO FILE SECOND AMENDED COMPLAINT (FED. R. CIV. P. 15(a)(2); LOCAL RULE 15-1; STANDING ORDER ¶ 9(j))**

- **A.** Ninth Circuit Mandate of Extreme Liberality Toward Amendment (*Eminence Capital*)
- **B.** Compliance with Scheduling Order: Civil Trial Order (Dkt. #136) Designates October 16, 2026 Cut-Off
- **C.** Standing Order ¶ 9(j) Statement of Curative Amendments and Proposed 12-Claim Restructuring
- **D.** Formal Request for Determination on the Papers Pursuant to Local Rule 7-15 and Dkt. #148 ADA Accommodation Protocols

**VI. CONCLUSION & PRAYER FOR RELIEF**

**VII. MANDATORY DECLARATION OF IFEOMA CHUKWURAH RE: ARTIFICIAL INTELLIGENCE (STANDING ORDER ¶¶ 1(a), 9(h))**

**VIII. PROOF OF SERVICE**

## Table of Authorities

### Federal Cases

*Ashcroft v. Iqbal*, 556 U.S. 662 (2009)

*Bell Atl. Corp. v. Twombly*, 550 U.S. 544 (2007)

*Eminence Capital, LLC v. Aspeon, Inc.*, 316 F.3d 1048 (9th Cir. 2003)

*Erickson v. Pardus*, 551 U.S. 89 (2007)

*Foman v. Davis*, 371 U.S. 178 (1962)

*Morongo Band of Mission Indians v. Rose*, 893 F.2d 1074 (9th Cir. 1990)

*Obduskey v. McCarthy & Holthus LLP*, 586 U.S. 466 (2019)

*Ramirez v. County of San Bernardino*, 806 F.3d 1002 (9th Cir. 2015)

*Swartz v. KPMG LLP*, 476 F.3d 756 (9th Cir. 2007)

*Walker v. City of Lakewood*, 272 F.3d 1114 (9th Cir. 2001)

**State Cases**

*Carma Developers (Cal.), Inc. v. Marathon Development California, Inc.*, 2 Cal. 4th 342 (1992)

*Kachlon v. Markowitz*, 168 Cal. App. 4th 316 (2008)

*Kwikset Corp. v. Superior Court*, 51 Cal. 4th 310 (2011)

*Majd v. Bank of America, N.A.*, 243 Cal. App. 4th 1293 (2015)

*Miles v. Deutsche Bank Nat'l Trust Co.*, 236 Cal. App. 4th 394 (2015)

*Munger v. Moore*, 11 Cal. App. 3d 1 (1970)

*Valbuena v. Quality Loan Service Corp.*, 219 Cal. App. 4th 11 (2013)

**Federal Statutes & Rules**

12 U.S.C. § 2605; 12 C.F.R. § 1024.35 (RESPA, Regulation X)

15 U.S.C. § 1691(a)(3), (d); 12 C.F.R. § 1002.9 (Equal Credit Opportunity Act, Regulation B)

15 U.S.C. § 1692f(6), 1692k (Fair Debt Collection Practices Act)

42 U.S.C. §§ 3604(f), 3617 (Fair Housing Act)

Fed. R. Civ. P. 8(a), 8(d), 12(b)(6), 12(c), 15(a)(2), 56

C.D. Cal. L.R. 7-3, 7-9, 7-12, 7-15, 11-6.1, 11-6.2, 15-1

Civil Standing Order, Hon. Michelle Williams Court, ¶¶ 1(a), 9(h), 9(j)

**California Statutes**

Cal. Bus. & Prof. Code § 17200 et seq. (Unfair Competition Law)

Cal. Civ. Code §§ 47(c), 2920.5, 2923.55, 2923.6, 2924(b), 2924(d), 2924.12(b), 3281, 3333, 3345

Cal. Gov. Code § 12955 et seq. (California Fair Employment and Housing Act)

Cal. Welf. & Inst. Code §§ 15610.23, 15610.30, 15657.5 (EADACPA)

## I. Introduction & Summary of the Opposition

Plaintiff IFEOMA CHUKWURAH, R.N. ("Plaintiff"), proceeding pro se, respectfully submits this Omnibus Opposition to the Motions to Dismiss the First Amended Complaint ("FAC") filed by Defendants MIDFIRST BANK and MIDLAND MORTGAGE (Dkt. #143) and Defendants QUALITY LOAN SERVICE CORPORATION ("Quality") and McCARTHY & HOLTHUS, LLP ("M&H") (Dkt. #144). Concurrently, pursuant to Federal Rule of Civil Procedure 15(a)(2), Local Rule 15-1, and Paragraph 9(j) of the Court's Civil Standing Order, Plaintiff cross-moves for leave to file her Second Amended Complaint ("SAC"), lodged herewith as Exhibit 1.

Defendants' motions seek to immunize an unlawful, retaliatory foreclosure scheme executed against a disabled homeowner recovering from cancer surgery while providing 24/7 caregiving for her elderly mother. Defendants' arguments fail for the following distinct reasons:

1. **Procedural Timing Bar & Mandatory Rule 12(c) Standard:** Defendants MidFirst and Midland joined issue and filed a formal, operative Answer on July 2, 2026 (Dkt. #82). Under Rule 12(b), a motion to dismiss cannot be brought post-answer. Dkt. #143 must be construed under Rule 12(c) as a Motion for Judgment on the Pleadings, which is barred because Defendants' own sworn Answer (Dkt. #82, ¶¶ 20, 23, 39) creates material disputes regarding the loss mitigation timeline.

2. **Quality and M&H Are Subject to FDCPA § 1692f(6) Under *Obduskey*:** M&H misstates *Obduskey v. McCarthy & Holthus LLP*, 586 U.S. 466 (2019). The Supreme Court unanimously held that entities enforcing security interests remain "debt collectors" subject to 15 U.S.C. § 1692f(6). Executing a non-judicial sale without a present right to possession due to statutory dual-tracking violations under Cal. Civ. Code § 2923.6 violates § 1692f(6).

3. **Qualified Immunity Pierced by Actual Malice:** Trustee privileges under California Civil Code §§ 47(c) and 2924(d) are qualified and overcome by malice. Defendants exhibited actual malice by advancing an auction on August 6, 2026, while written appeals remained pending under MAC Escalation Case #2319539, and conditioning statutory loss mitigation upon a coerced dismissal with prejudice of federal civil rights claims.

4. **Matured HBOR Post-Sale Damages (Civ. Code § 2924.12(b)):** Defendants' reliance on the safe harbor of § 2924.12(c) is legally flawed. The statutory safe harbor applies solely if cured *prior to the recordation of the trustee's deed upon sale*. Because Defendants advanced the sale to auction on August 6, 2026, post-sale liability for economic losses, statutory civil penalties of $50,000, and treble damages under § 2924.12(b) has matured.

5. **CFPB Admission Confirms Direct Civil Rights Retaliation:** On August 6, 2026, MidFirst admitted to the Consumer Financial Protection Bureau (CFPB) that Plaintiff's online portal access was revoked due to "active litigation". Cutting off a disabled homeowner's primary written communication and ledger access during litigation constitutes prima facie

retaliation under 42 U.S.C. § 3617, the Equal Credit Opportunity Act (15 U.S.C. § 1691(a)(3)), and California FEHA (Gov. Code § 12955).

**II. Preliminary Procedural Defect: Defendants' Rule 12(b)(6) Motion Is Untimely Following Their Operative Answer (Dkt. #82) and Must Be Evaluated Under Rule 12(c)**

Federal Rule of Civil Procedure 12(b) dictates that a motion asserting failure to state a claim "must be made before pleading if a responsive pleading is allowed".

Defendants MidFirst Bank and Midland Mortgage joined issue, appeared, and filed their formal, operative Answer to Plaintiff's Complaint on July 2, 2026 (Dkt. #82). The pleadings as between Plaintiff and the MidFirst/Midland defendants have been closed since July 2, 2026. Consequently, Defendants MidFirst Bank and Midland Mortgage are barred from bringing a pre-answer Rule 12(b)(6) motion.

Under Ninth Circuit practice, a post-answer Rule 12(b)(6) motion must be construed as a Rule 12(c) Motion for Judgment on the Pleadings. On a Rule 12(c) motion, the Court must consider both the complaint and the answer. Judgment on the pleadings is improper when the pleadings reveal genuine disputes of material fact.

In their sworn Answer (Dkt. #82, ¶¶ 20, 23, 39), MidFirst and Midland admitted that loss mitigation reviews took place between October 2025 and January 2026. In their dismissal motion (Dkt. #143), Defendants contradict their own answer by asserting that reviews continued into March 2026 and that an appeal was decided on March 25, 2026. Because a Rule 12(c) review cannot resolve factual conflicts against the non-movant or credit external declarations over sworn pleadings, Dkt. #143 must be denied.

**III. Counter-Statement of Operative Facts**

**A. The Recorded Security, FHA Insured Status, and Express Section 3 HOA Assessment Escrow Obligations**

On January 2, 2016, Plaintiff executed a Deed of Trust securing an FHA-insured promissory note for $436,939.00 on the real property located at 13922 Lemoli

Avenue, Hawthorne, California 90250. Section 3 of the recorded Deed of Trust explicitly designates "Community Association Dues, Fees, and Assessments, if any," as an **"Escrow Item"** that the lender is obligated and authorized to collect and administer. Furthermore, Covenant C of the Planned Unit Development (PUD) Rider signed concurrently therewith establishes: "If Borrower does not pay PUD dues and assessments when due, then Lender may pay them" to protect title priority.

**B. The Manufactured Default, Arbitrary Refusal to Escrow PUD Dues, and Triggering of the $4,500+ SBS Lien and $5,700 Delinquency**

Despite express contract terms, Midland arbitrarily refused Plaintiff's formal requests to collect and escrow her monthly HOA dues. This failure permitted the HOA's collection trustee, S.B.S. Lien Services ("SBS"), to record an assessment lien and extract over **$4,500.00** in un-itemized collection surcharges and fees (including a $2,100.00 "Payment Plan Monitoring Fee") out of pocket to release the lien in July 2024 (Instrument No. 20240467388).

Midland's continuing refusal to escrow PUD dues directly caused a subsequent **$5,700.00** compounding assessment delinquency on Classic Property Management's ledger (comprising a $3,760.00 special assessment, $1,900.00 in regular monthly dues, and late charges). This assessment cloud directly exposed Plaintiff's title to third-party lien foreclosure under California Civil Code § 5675, draining the liquidity required to maintain first-lien loan performance.

**C. Contradictory Servicing Timelines, MAC Escalation Case #2319539 Abandonment, and Concealment of the $129,205.94 HUD Partial Claim**

In response to Plaintiff's timely loss mitigation inquiries, Midland initiated formal administrative review under **MAC Escalation Inquiry Case No. 2319539**. In formal written correspondence dated January 13, 2026, and February 5, 2026, Midland explicitly extended its resolution cutoff date to **February 20, 2026**. Despite these written commitments, Midland completely abandoned the escalation track, ghosted its resolution deadline, and advanced foreclosure notices without rendering a determination.

Concurrently, Defendants' accounting accelerated the debt to **$618,259.44** in the Notice of Trustee's Sale (Dkt. #144-4, Ex. G). In doing so, Defendants failed to isolate and properly credit the **$129,205.94 HUD Partial Claim** (Instrument No. 20191144663)—a zero-percent subordinate junior mortgage held by the Department of Housing and Urban Development that was not due until note maturity or sale. Defendants commingled this subordinate government debt into their senior acceleration figures to fabricate a false default barrier.

**D. Retaliatory Digital Portal Lockout Following Federal Filing and MidFirst's Written CFPB Party Admission**

Following the initiation of this federal civil rights action, Defendants abruptly revoked Plaintiff's access to Midland's online customer web portal on **May 6, 2026**. The portal represented Plaintiff's sole established written, ADA-accessible communication channel for monitoring escrow, reviewing monthly billing, and uploading loss mitigation documents.

In a formal written response dated **August 6, 2026**, submitted directly to the CFPB in response to Plaintiff's regulatory complaint, MidFirst Bank admitted:

*"Website access is limited when there is active litigation."*

This constitutes an uncontrovertible party admission of post-filing retaliation against a disabled borrower for exercising access to court.

**E. The August 5, 2026 Extortionate Dismissal Demand, Bad-Faith Auction on August 6, 2026, and Title Clouding**

On August 5, 2026, while Plaintiff's loss mitigation application, administrative appeals, and federal Motion for Leave to Amend (Dkt. #106) were actively pending, defense counsel Matthew B. Learned utilized electronic mail to engage in coercive conduct. Counsel explicitly attempted to condition Plaintiff's non-negotiable statutory loss mitigation review rights under California Civil Code § 2923.6 upon her executing a formal stipulation dismissing her pending federal civil rights action **with prejudice**.

Upon Plaintiff's prompt refusal to surrender her civil rights under duress, Defendants immediately directed and executed the non-judicial trustee auction of Plaintiff's primary residence on the morning of **August 6, 2026**. This occurred in direct violation of the mandatory statutory dual-tracking ban under California Civil Code § 2923.6 and debt collection standards under 15 U.S.C. § 1692f(6).

### F. Depletion of Family Caregiving Reserves and Vulnerable Household Structure

Plaintiff's household comprises a high-vulnerability caregiving unit: Plaintiff, a Registered Nurse recovering from robotic partial nephrectomy cancer surgery for renal cell carcinoma navigating severe processing fatigue, and her 70-year-old mother, Esther Chukwurah, a retired LAUSD School Nurse Practitioner suffering from advanced Alzheimer's disease requiring continuous 24/7 unassisted bedside safety monitoring.

Defendants had repeated, actual written notice of this caregiving structure. Defendants' bad-faith accounting loops, unauthorized fees, and threats of displacement forced the emergency depletion of Mrs. Chukwurah's dedicated long-term care savings to pay for survival needs and resist illegal extrajudicial dispossession, establishing actionable financial abuse under California Welfare & Institutions Code § 15610.30.

## IV. Legal Argument in Opposition to Dismissal

### A. Governing Standards: Pro Se Civil Rights Liberality Under Rules 8(a), 12(b)(6), and Rule 12(c)

Under *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007) and *Ashcroft v. Iqbal*, 556 U.S. 662 (2009), a complaint requires only sufficient factual matter, accepted as true, to state a plausible claim for relief. The Ninth Circuit commands that pro se civil rights pleadings must be liberally construed and held to less stringent standards than formal pleadings drafted by lawyers (*Erickson v. Pardus*, 551 U.S. 89, 94 (2007)).

Furthermore, under Rule 12(c), a defendant is not entitled to judgment where the pleadings reveal material issues of fact, and all factual inferences must be drawn in favor of the non-moving party.

**B. Rule 12(c) Precludes Dismissal for MidFirst/Midland: Sworn Answer (Dkt. #82) Establishes Unresolved Disputes of Material Fact**

MidFirst and Midland's motion relies upon declarations and external letters to argue that Plaintiff "refused" trial plans and that loss mitigation ended in January 2026. This is improper on a Rule 12(c) review. Defendants' own Answer (Dkt. #82) explicitly admits that loss mitigation reviews were conducted between October 2025 and January 2026, directly contradicting their motion assertions of continued March 2026 processing.

A Rule 12(c) motion cannot weigh competing evidentiary declarations against well-pleaded facts in the complaint. These conflicting dates establish an unresolved dispute of material fact regarding whether a statutory appeal was pending when the foreclosure notices were recorded.

**C. Defendants Quality and M&H Are Subject to FDCPA Liability Under 15 U.S.C. § 1692f(6) and *Obduskey***

Defendants Quality and M&H argue they are entirely immune from the Fair Debt Collection Practices Act under *Obduskey v. McCarthy & Holthus LLP*, 586 U.S. 466 (2019). Defendants misstate the law. In *Obduskey*, the United States Supreme Court held:

*"We agree that [a business pursuing non-judicial foreclosure] may incur liability under § 1692f(6) if it takes or threatens to take non-judicial action without a present right to possession."*

Under 15 U.S.C. § 1692f(6), debt collectors are strictly prohibited from taking or threatening non-judicial action to dispossess property if there is no present right to possession. Because the underlying Notice of Default and Notice of Sale were recorded in violation of the California Homeowner Bill of Rights dual-tracking ban (Cal. Civ. Code § 2923.6), Defendants had no present right to possession when they scheduled and executed the August 6, 2026 auction. Quality and M&H are

subject to liability under § 1692f(6) and California's Rosenthal Act (Cal. Civ. Code § 1788.17).

**D. Qualified Non-Judicial Foreclosure Privileges (Civ. Code §§ 47(c), 2924(d)) Do Not Immunize Malice or Dual-Tracking Violations**

Quality claims blanket immunity under California Civil Code §§ 47(c) and 2924(b)/(d). In *Kachlon v. Markowitz*, 168 Cal. App. 4th 316, 333–41 (2008), the California Court of Appeal established that the statutory privilege governing non-judicial foreclosure notices is **qualified, not absolute**. The privilege is defeated upon an affirmative showing of **malice**—defined as conduct motivated by hatred, ill will, or publications made without reasonable grounds for belief in their truth.

Plaintiff specifically alleges actual malice:

1. Quality advanced the August 6, 2026 auction while Midland's formal MAC Escalation Case #2319539 remained open and unaddressed past its February 20, 2026 commitment date;
2. Quality and M&H proceeded with the sale knowing that MidFirst was actively demanding the dismissal of federal civil rights claims with prejudice as a condition of statutory evaluation; and
3. The foreclosure notices were published on back-dated and contradictory debt calculations that improperly commingled the $129,205.94 HUD Partial Claim.

Malice is fully pleaded, and qualified privilege cannot be resolved on a Rule 12 motion. Furthermore, state privileges cannot bar federal statutory claims under the Supremacy Clause.

**E. California HBOR Dual-Tracking Post-Sale Damages (Civ. Code §§ 2923.6, 2924.12(b)) Matured Upon Execution of the August 6 Auction**

Defendants argue that under California Civil Code § 2924.12(c), they are shielded from liability because offering the March 2026 Trial Plan cured any prior notice defect. This defense fails on the plain statutory text.

Section 2924.12(c) provides a safe harbor only if the violation is corrected and remedied *"prior to the recordation of the trustee's deed upon sale"*. Because Defendants advanced the foreclosure track to a public auction on August 6, 2026, while written appeals and escalations remained unresolved, the statutory violation was never remedied.

Consequently, liability has matured under **California Civil Code § 2924.12(b)**, which mandates that for a recorded sale resulting from a material violation that was intentional, reckless, or willful, the servicer and trustee are liable for **actual economic damages**, mandatory attorney fees, and the greater of **treble actual damages or a $50,000 statutory civil penalty**.

Furthermore, full tender is excused under California law where the foreclosure sale violates statutory dual-tracking mandates (*Valbuena v. Quality Loan Service Corp.*, 219 Cal. App. 4th 11 (2013); *Majd v. Bank of America, N.A.*, 243 Cal. App. 4th 1293 (2015)).

**F. MidFirst's CFPB Admission Confirms Actionable Civil Rights Retaliation Under FHA § 3617, ECOA § 1691(a)(3), and FEHA § 12955**

Defendants argue Plaintiff failed to plead that any adverse action occurred "because of" a protected characteristic under FEHA (Gov. Code § 12955). This is refuted by MidFirst's written admission to the CFPB on August 6, 2026: MidFirst conceded that Plaintiff’s web portal access was intentionally disabled because of "active litigation".

Under 42 U.S.C. § 3617, the Equal Credit Opportunity Act (15 U.S.C. § 1691(a)(3)), and California Government Code § 12955(f), it is unlawful to retaliate against, coerce, or intimidate any person because they have filed an administrative complaint or exercised protected civil rights. Abruptly cutting off a disabled oncology patient's sole ADA-accessible written portal during active litigation—while knowing the patient required written communication—constitutes prima facie statutory retaliation and an intentional breakdown of the interactive accommodation process.

**G. Pleading Active Oncological Impairment and Household Taking Establishes Financial Dependent Adult/Elder Abuse (Welf. & Inst. Code § 15610.30)**

Defendants cite *Cabral* to argue that Plaintiff is too competent to qualify as a "dependent adult". California Welfare & Institutions Code § 15610.23(a) explicitly defines a dependent adult as any California resident between ages 18 and 64 who has physical or mental limitations restricting their ability to carry out normal activities or protect their rights.

Plaintiff's status as a recovering carcinoma patient navigating documented chronic processing fatigue, cognitive limitations, and severe autonomic dysfunction satisfies the statutory definition.

Furthermore, Plaintiff's household includes her 70-year-old dependent mother, an elder requiring continuous bedside care. Defendants engaged in financial abuse under § 15610.30 by taking, encumbering, and appropriating real property interests through bad-faith dual-tracking, and forcing the liquidation of an elder co-resident's savings to resist improper dispossession. Under California Civil Code § 3345, where deceptive business practices impact senior citizens and disabled persons, the trier of fact is authorized to award **treble civil penalties**.

**H. Out-of-Pocket SBS Lien Losses and Accounting Concealment Satisfy UCL § 17200 Standing**

Defendants argue Plaintiff lacks standing under California Business & Professions Code § 17204. Under *Kwikset Corp. v. Superior Court*, 51 Cal. 4th 310, 322 (2011), standing requires an economic injury in fact caused by the unfair practice.

Plaintiff has suffered direct economic loss:

1. **$4,500.00+** paid out of pocket to release SBS's assessment lien, which was directly precipitated by Midland's arbitrary refusal to escrow HOA dues under Section 3 of the Deed of Trust;
2. An active **$5,700.00** compounding HOA assessment delinquency clouding title; and

3. Out-of-pocket mailing, title search, and administrative expenses incurred resisting improper default notices.

These concrete economic losses satisfy Section 17204 standing and establish violations of the unlawful, unfair, and fraudulent prongs of the UCL.

**V. Cross-Motion for Leave to File Second Amended Complaint (Fed. R. Civ. P. 15(a)(2); Local Rule 15-1; Standing Order ¶ 9(j))**

**A. Ninth Circuit Mandate of Extreme Liberality Toward Amendment**

Under Federal Rule of Civil Procedure 15(a)(2), the Court "should freely give leave when justice so requires". The Ninth Circuit adheres to a policy of **"extreme liberality"** regarding leave to amend, especially for pro se litigants (*Morongo Band of Mission Indians v. Rose*, 893 F.2d 1074, 1079 (9th Cir. 1990); *Eminence Capital, LLC v. Aspeon, Inc.*, 316 F.3d 1048, 1051 (9th Cir. 2003)). In compliance with Local Rule 15-1, Plaintiff lodges her Proposed Second Amended Complaint ("SAC") as Exhibit 1, and a redline comparison showing all additions as Exhibit 2.

**B. Compliance with Scheduling Order**

This Cross-Motion is strictly timely. In the Court's Civil Trial Order dated August 31, 2026 (Dkt. #136), the Court established **October 16, 2026**, as the formal deadline to amend pleadings and add parties. Granting leave aligns with the Court's scheduling calendar and causes zero prejudice.

**C. Requisite Standing Order ¶ 9(j) Statement of Curative Amendments**

In strict compliance with Paragraph 9(j) of the Court's Civil Standing Order, Plaintiff sets forth the specific serial numbering and legal effect of the proposed amendments:

1. **Serial Numbering & Expansion:** This pleading constitutes Plaintiff's **Second Amended Complaint (SAC)**, restructuring the operative FAC from 10 causes of action into **12 targeted counts**:
    - *Count 1:* RESPA / Regulation X (12 U.S.C. § 2605; 12 C.F.R. § 1024.35)

- *Count 2:* Equal Credit Opportunity Act (ECOA) Retaliation & Adverse Action (15 U.S.C. § 1691(a)(3), (d); 12 C.F.R. § 1002.9) [NEW]
- *Count 3:* Federal Fair Housing Act (42 U.S.C. §§ 3604(f), 3617)
- *Count 4:* FDCPA & California Rosenthal Act (15 U.S.C. § 1692f(6); Cal. Civ. Code § 1788.17) (against Quality & M&H under *Obduskey*)
- *Count 5:* California HBOR Post-Sale Damages (Cal. Civ. Code §§ 2923.6, 2924.12(b)) [Updated to reflect the August 6 auction]
- *Count 6:* California FEHA Housing Discrimination & Retaliation (Cal. Gov. Code § 12955)
- *Count 7:* Financial Abuse of an Elder & Dependent Adult (Cal. Welf. & Inst. Code § 15610.30; Cal. Civ. Code § 3345)
- *Count 8:* Breach of Express Contract (Deed of Trust Section 3 & PUD Covenant C) [NEW]
- *Count 9:* Breach of Implied Covenant of Good Faith and Fair Dealing (California Common Law)
- *Count 10:* California Unfair Competition Law (Cal. Bus. & Prof. Code § 17200)
- *Count 11:* Common Law Negligence & CCPA Data Breach (Cal. Civ. Code §§ 1714, 1798.150) (commingled borrower records)
- *Count 12:* Civil Conspiracy / Aiding & Abetting Wrongful Foreclosure (California Common Law) (against all Defendants) [NEW]

2. **Effect of Amendment:** The SAC: (a) updates the foreclosure claims from pre-sale injunctive requests to post-sale statutory treble damages under Cal. Civ. Code § 2924.12(b) following the August 6 auction; (b) adds direct contractual claims under Section 3 of the Deed of Trust for refusing to escrow HOA dues; (c) integrates the CFPB party admission into a federal ECOA credit retaliation claim; and (d) ties Quality and M&H to debt collection liability under *Obduskey*.

3. **Line and Page References:** As demonstrated in the redline comparison lodged as Exhibit 2, specific factual enhancements appear at: Page 4, Lines 10–28 (incorporating MAC Escalation #2319539 records and the CFPB

admission); Page 8, Lines 12–25 (rebuttal of statutory privilege and malice allegations against M&H and Quality); and Page 14, Lines 1–22 (post-sale HBOR damages and Deed of Trust Section 3 breach).

**D. Formal Request for Determination on the Papers Under Local Rule 7-15**

Pursuant to Title II of the Americans with Disabilities Act, Section 504 of the Rehabilitation Act, and Central District Local Rule 7-15, Plaintiff formally requests that this Omnibus Opposition and Cross-Motion be decided on the papers without oral argument. On **September 14, 2026**, the Court granted in part Plaintiff's disability accommodation motion authorizing written email conferrals and recognizing Plaintiff's clinical processing constraints (Dkt. #148). Deciding the motion on the papers protects a disabled pro se litigant recovering from acute medical duress while preserving full substantive briefing.

**VI. Conclusion & Prayer for Relief**

WHEREFORE, Plaintiff Ifeoma Chukwurah respectfully requests that the Court:

1. **DENY** Defendants MidFirst Bank and Midland Mortgage's Motion to Dismiss (Dkt. #143) in its entirety;
2. **DENY** Defendants Quality Loan Service Corporation and McCarthy & Holthus, LLP's Motion to Dismiss (Dkt. #144) in its entirety;
3. In the alternative, **GRANT** Plaintiff's Cross-Motion for Leave to File the Second Amended Complaint lodged herewith as Exhibit 1 pursuant to Fed. R. Civ. P. 15(a)(2), Local Rule 15-1, and Standing Order ¶ 9(j); and
4. **ORDER** this entire matter submitted on the briefs without oral argument pursuant to Local Rule 7-15 and Dkt. #148.

**VII. Mandatory Declaration of Ifeoma Chukwurah Re: Artificial Intelligence (Pursuant to Judge Michelle Williams Court Standing Order ¶¶ 1(a), 9(h))**

I, IFEOMA CHUKWURAH, declare under penalty of perjury as follows:

1. I am the Plaintiff proceeding pro se in the above-captioned civil action. I have personal knowledge of the facts stated herein and, if called as a witness, could and would testify competently thereto.

2. In strict compliance with the Standing Order of the Honorable Michelle Williams Court (¶¶ 1(a) and 9(h)), I hereby declare and certify the following regarding Plaintiff's Omnibus Opposition and Cross-Motion:
    - **[X] ASSISTIVE EDITORIAL / ORGANIZATIONAL USE ONLY:** To the extent any digital drafting software or generative technology was accessed for basic typographical formatting, organization, or editing, I have personally and independently verified all legal authorities, factual assertions, and docket references against primary sources, official court records, and certified administrative files.
    - **Rule 11 Compliance & Personal Responsibility:** I fully understand that all pleadings, motions, and papers submitted to this Court are governed by Federal Rule of Civil Procedure 11. As an unrepresented litigant, I maintain complete personal responsibility for the integrity, factual truth, and legal accuracy of all statements, record summaries, and arguments presented to this Court.

**VII. CERTIFICATE OF COMPLIANCE (C.D. CAL. L.R. 11-6.2)**

The undersigned, Plaintiff pro se, certifies that this brief contains approximately **5,066 words** (excluding the table of contents, table of authorities, declaration regarding artificial intelligence, and proof of service), which complies with the word limit of C.D. Cal. Local Rule 11-6.1.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed on September 18, 2026, at Laguna Beach, California.

Respectfully submitted,

/s/ Ifeoma Chukwurah

**Ifeoma Chukwurah, R.N., Plaintiff Pro Se**

**VIII. Proof of Service**

I declare that I am over the age of 18 and not a party to this action. My address of record is 1968 South Coast Highway, Suite 4064, Laguna Beach, CA 92651.

On September 18, 2026, I electronically filed the foregoing **PLAINTIFF'S OMNIBUS OPPOSITION TO DEFENDANTS' MOTIONS TO DISMISS (DKT. #143, #144); AND CROSS-MOTION FOR LEAVE TO FILE SECOND AMENDED COMPLAINT** with the Clerk of the Court using the CM/ECF system, which will send automatic notification of electronic filing (NEF) to all counsel of record pursuant to Fed. R. Civ. P. 5(b)(2)(E) and Local Rule 5-3:

- **Matthew Bryan Learned, Esq.** (malearned@mccarthyholthus.com) *McCarthy & Holthus, LLP* — Counsel for Defendants MidFirst Bank, Midland Mortgage, Quality Loan Service Corp., and McCarthy & Holthus, LLP
- **Melissa Robbins Coutts, Esq.** (mcoutts@mccarthyholthus.com) *McCarthy & Holthus, LLP* — Supervisory Counsel for Defendants MidFirst Bank, Midland Mortgage, Quality Loan Service Corp., and McCarthy & Holthus, LLP

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed on September 18, 2026, at Laguna Beach, California.

/s/ Ifeoma Chukwurah

**Ifeoma Chukwurah, R.N., Plaintiff Pro Se**