UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No. 2:26-cv-01990-MWC-SK Date: October 5, 2026

Title: Ifeoma Chukwurah v. Midland Mortgage, *et al.*

Present: The Honorable Michelle Williams Court, United States District Judge

| T. Jackson | Not Reported |
|---|---|
| Deputy Clerk | Court Reporter / Recorder |

| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants: |
|---|---|
| N/A | N/A |

**Proceedings: (IN CHAMBERS) ORDER DENYING PLAINTIFF'S EMERGENCY *EX PARTE* APPLICATION FOR TEMPORARY RESTRAINING ORDER, REQUEST FOR ORDER TO SHOW CAUSE RE PRELIMINARY INJUNCTION, AND JUDICIAL APPROVAL OF LIS PENDENS (DKT. [157])**

Before the Court is Plaintiff Ifeoma Chukwurah's ("Plaintiff") Emergency *Ex Parte* Application ("Application") for a Temporary Restraining Order ("TRO"), Order to Show Cause Re Preliminary Injunction, and Judicial Approval to Record Notice of Pendency of Action. Dkt. # 157 ("*Appl.*"). The Court finds this matter appropriate for decision without oral argument. *See* Fed. R. Civ. P. 78; C.D. Cal. L.R. 7-15. For the reasons set forth below, the Court **DENIES** Plaintiff's Application for a TRO.

I. Background & Procedural History

Plaintiff is proceeding *pro se* and *in forma pauperis*.[1] *See* Dkt. # 55. This is Plaintiff's ninth attempt at seeking injunctive relief to prevent Defendants Midland Mortgage, Midfirst Bank, and Midland Mortgage Investors Trust (collectively, "Defendants") from proceeding with the foreclosure of Plaintiff's home. *See* Dkts. # 13, 18, 20, 32, 40, 91, 107, 139. The Court has denied her previous requests each time because Plaintiff's "complaint relies on two federal statutes that either do not afford injunctive

[1] Because Plaintiff is proceeding *pro se*, the Court is "obligated to liberally construe [her] documents," looking "to the contents of [her] filing[s] rather than [their] form." *Watanabe v. Derr*, 115 F.4th 1034, 1043 (9th Cir. 2024) (cleaned up), *cert. granted sub nom. Nielsen v. Watanabe*, 2026 WL 1780123 (June 22, 2026); *Ross v. Williams*, 950 F.3d 1160, 1173 n.19 (9th Cir. 2020) (same).

relief—namely, the Real Estate Settlement Procedures Act ('RESPA'), 12 U.S.C. §§ 2601, *et seq.*—or that do not demonstrate a likelihood of success on the merits—*i.e.*, Plaintiff's claim under the Fair Housing Act ('FHA'), 42 U.S.C. §§ 3601, *et seq.*" Dkt. # 63 at 1–2; *see also* Dkt. # 23 at 3–4 ("*Third TRO Order*"); Dkt. # 35 at 1. The Court's recent Orders denying Plaintiff's TRO Applications previously explained that Plaintiff's "request that the Court prevent the foreclosure of her home is one for injunctive relief, and RESPA does not provide for injunctive relief." Dkt. # 35 at 1 (internal quotation marks and citations omitted).

On August 24, 2026, Plaintiff filed her First Amended Complaint ("FAC"). Dkt. # 123 ("*FAC*"). The FAC alleges one claim under RESPA and one claim under the California Homeowner Bill of Rights ("HBOR"). *See id.* at 15, 17. On October 5, 2026, Plaintiff filed the instant TRO Application. *See generally Appl.* The Application represents that on Saturday, October 3, 2026, "non-party auction purchaser Neighbor to Neighbor Homes, LLC posted a 3-Day Notice to Quit . . . to Plaintiff's front door." *Id.* at 3. Plaintiff seeks a TRO: (1) enjoining Defendants from filing "any unlawful detainer action, eviction complaint, writ of possession, or post-foreclosure dispossession action" regarding the property at issue; (2) enjoining Defendants from taking any action to dispossess Plaintiff or the occupants of the subject property; and (3) prohibiting Defendants from selling, conveying, encumbering, transferring, or recording any conveyance or deed regarding the subject property. *See* Dkt. # 157-1 at 2. The Application also asks the Court to issue an Order to Show Cause and grant approval of Plaintiff's *lis pendens*. *See id.* at 2–3.

## II. Legal Standard

Federal Rule of Civil Procedure 65 authorizes the Court to issue a temporary restraining order ("TRO"). The issuance of a TRO is an "extraordinary remedy that may only be awarded upon a clear showing that the plaintiff is entitled to such relief." *Winter v. Nat. Res. Def. Council*, 555 U.S. 7, 22 (2008); *see Earth Island Inst. v. Carlton*, 626 F.3d 432, 469 (9th Cir. 2012) (emphasizing plaintiffs "face a difficult task in proving that they are entitled to this 'extraordinary remedy'").

The standard for a TRO is essentially the same as the standard for a preliminary injunction. *Meneses v. Santacruz*, 811 F. Supp. 3d 1158, 1161 (C.D. Cal. 2025). The movant for a TRO must show that: (1) she is likely to succeed on the merits; (2) she is likely to suffer irreparable harm absent the injunction; (3) the balance of equities tips in her

favor; and (4) an injunction is in the public interest. *Winter*, 555 U.S. at 20; *Meinecke v. City of Seattle*, 99 F.4th 514, 521 (9th Cir. 2024). "Likelihood of success on the merits is a threshold inquiry and is the most important factor." *Env't Prot. Info. Ctr. v. Carlson*, 968 F.3d 985, 989 (9th Cir. 2020).

The Ninth Circuit uses a sliding scale approach to preliminary injunctions, such that "a stronger showing of one element may offset a weaker showing of another." *All. for the Wild Rockies v. Cottrell*, 632 F.3d 1127, 1131 (9th Cir. 2011); *see also Pimental v. Dreyfus*, 670 F.3d 1096, 1105 (9th Cir. 2012). Under this circuit's sliding scale approach, if a movant "can only show that there are serious questions going to the merits—a lesser showing than likelihood of success on the merits—then a [TRO] may still issue if the balance of hardships tips *sharply* in [the movant's] favor, and the other two *Winter* factors are satisfied." *Pacito v. Trump*, 169 F.4th 895, 919 (9th Cir. 2026) (internal quotation marks and citation omitted) (emphasis in original).

III. Discussion

Plaintiff's Application requests a TRO under the "California Homeowner Bill of Rights (Cal. Civ. Code § 2923.6) and RESPA (12 U.S.C. § 2605)." *Appl.* at 4. Plaintiff seeks to enjoin a future, potential unlawful detainer complaint in state court on these bases. *See id.* at 3. Plaintiff's Application fails on the merits for multiple reasons.

First, as the Court has explained in its prior Orders, Plaintiff's RESPA claim does not afford injunctive relief. Dkt. # 63 at 1–2; *see also* Dkt. # 23 at 3–4; Dkt. # 35 at 1; *see also Tamburri v. Suntrust Mortg., Inc.*, 875 F. Supp. 2d 1009, 1013 (N.D. Cal. 2012) ("Because RESPA does not provide for injunctive relief, . . . actual damages . . . are the only remedies available . . .") (citation omitted). Second, under California's HBOR, "[i]njunctive relief is available prior to [a foreclosure] sale." *Shupe v. Nationstar Mortg. LLC*, 231 F. Supp. 3d 597, 603 (E.D. Cal. 2017) (citation omitted); *see also id.* ("[I]njunctive relief is available only if a foreclosure sale is pending.") (citation omitted). But Plaintiff has attached a photograph of the Notice to Quit posted on her property, which states, in relevant part that "[t]he Property listed above has been sold in foreclosure and the present owner may be initiating eviction proceedings to obtain possession[.]" *See* Ex. A to *Appl.*, Dkt. # 157-2 at 2. Thus, Plaintiff has adduced evidence demonstrating that a sale has already occurred, rendering injunctive relief unavailable under the HBOR. *See Shupe*, 231 F. Supp. 3d at 603.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No. 2:26-cv-01990-MWC-SK Date: October 5, 2026

Title: Ifeoma Chukwurah v. Midland Mortgage, *et al.*

Regarding Plaintiff's request to enjoin unlawful detainer proceedings in state court, the request fails for two additional reasons. First, Plaintiff has not produced any evidence demonstrating that Wedgewood Commercial Holdings, LLC ("Wedgewood") will file an unlawful detainer action against her in the immediate future. Plaintiff merely speculates that this may occur. *See Appl.* at 3. "For a case to be ripe, it must present issues that are definite and concrete, not hypothetical or abstract." *50 Exch. Terrace LLC v. Mount Vernon Specialty Ins. Co.*, 129 F.4th 1186, 1188 (9th Cir. 2025) (quotation marks omitted). "[A] claim is not ripe for adjudication if it rests upon contingent future events that may not occur as anticipated, or indeed may not occur at all." *Flaxman v. Ferguson*, 151 F.4th 1178, 1184 (9th Cir. 2025) (quotation marks omitted). "The mere existence of statutes or local laws does not suffice to create a case or controversy within the meaning of Article III," let alone, to afford injunctive relief. *Kingsley Mgmt. Corp. v. City of Santa Ana*, No. 8:23-cv-00102-SPG-JDE, 2024 WL 5275571, at *4 (C.D. Cal. Aug. 29, 2024). Plaintiff has not demonstrated that an unlawful detainer action is likely or imminent to occur.

Second, even if Wedgewood *had* initiated an unlawful detainer action against Plaintiff in Superior Court, it is well-established that "the Anti-Injunction Act, 28 U.S.C. § 2283, prohibits a federal district court from issuing a temporary restraining order staying unlawful detainer proceedings in state court." *Taylor v. Bosco Credit, LLC*, No. 18-cv-06310-JSC, 2019 WL 6877470, at *2 (N.D. Cal. Dec. 17, 2019) (citations omitted); *see also Ortiz v. California*, 785 F. App'x 477 (9th Cir. 2019) (affirming district court's dismissal of action that "sought to enjoin proceedings in an unlawful detainer action" filed in Superior Court).

Plaintiff also requests "[a]n Order granting statutory judicial approval pursuant to California Code of Civil Procedure § 405.21 authorizing the immediate recordation of Plaintiff's notarized Notice of Pendency of Action (Lis Pendens)." *Appl.* at 2. A *lis pendens*, or "notice," is a "notice of the pendency of an action in which a real property claim is alleged." *Limetree Ests. LLC v. City of Rancho Palos Verdes*, No. CV 23-1420 PVC, 2024 WL 3915214, at *2 (C.D. Cal. July 22, 2024) (citing Cal. Civ. Proc. Code § 405.2). "The purpose of *lis pendens* is to give constructive notice of an action affecting real property to persons who subsequently acquire interest in the property." *Id.* (citation omitted). "A 'real property claim' means the cause or causes of action in a pleading would, if meritorious, affect (a) title to, or the right to possession of, specific real property or (b) the use of an easement identified in the pleading.'" *Id.* (citing Cal. Civ. Proc. Code § 405.4). Here, because Plaintiff has yet to state a meritorious claim, the Court declines Plaintiff's *lis pendens* request. *See Goens v. Blood*, 437 F. Supp. 3d 793, 798–99 (S.D.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No. 2:26-cv-01990-MWC-SK Date: October 5, 2026

Title: Ifeoma Chukwurah v. Midland Mortgage, *et al.*

Cal. 2020); *Limetree Ests.*, 2024 WL 3915214, at *2 ("Section 405.32 of the California Civil Procedure Code requires the claimant in *lis pendens* to prove, by a preponderance of the evidence, the 'probable validity' of claimant's real property claim.") (citing Cal. Civ. Proc. Code § 405.32). For all of these reasons, the Court **DENIES** Plaintiff's TRO Application (Dkt. # 157).

Plaintiff is advised that the Court has pro se clinics available to assist persons who represent themselves. The pro se clinic in Los Angeles is administered by a non-profit law firm, Public Counsel, not by the Court. Pro se litigants may submit an online application to request services from the Los Angeles Federal Pro Se Clinic on the website, https://prose.cacd.uscourts.gov/los-angeles, or contact Public Counsel directly by phone at (213) 385-2977 or by clicking the link on the website.

**IT IS SO ORDERED.**

:

**Initials of Preparer** TJ